IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONNECTICUT BANK OF COMMERCE, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE REPUBLIC OF CONGO, )<br>)<br>Defendant; )<br>)<br>CMS NOMECO CONGO INC., )<br>)<br>Garnishee. ) | Civil Action No. 05-_____ |

## NOTICE OF REMOVAL

TO THE UNITED STATES DISTRICT COURT:

Garnishee, CMS Nomeco Congo LLC, formerly known as CMS Nomeco Congo Inc., ("CMS Nomeco"), gives notice of removal of this garnishment action from the Superior Court of the State of Delaware, in and for New Castle County, pursuant to 28 U.S.C. § 1441(a). In support of its Notice of Removal, CMS Nomeco submits the following:

### Introduction

1. CMS Nomeco is unfairly caught between a rock and a hard place or, better stated, between a sovereign rock – the Congo – and multiple hard places – multiple U.S. Courts. This case is just one of multiple garnishment actions filed against CMS Nomeco on behalf of judgment creditors of the Congo, including Plaintiff, a so-called "vulture fund" that is in the business of purchasing the defaulted debt of distressed African nations for pennies on the dollar. Plaintiff has named CMS Nomeco as a garnishee in this latest case despite the fact that the

United States District Court for the Western District of Texas has held, in an identical garnishment action filed by Plaintiff in Texas, that the royalty that Plaintiff seeks to garnish in the State Court Action is not subject to garnishment as a matter of law.

2. The innocent third-party in this case, CMS Nomeco, a real company with a valuable oil concession in the Congo, faces possible conflicting orders from U.S. and Congolese courts creating a real risk that CMS Nomeco will lose its own assets in the Congo through no fault of its own. As an innocent garnishee, CMS Nomeco is entitled to protection from vexatious litigation and risk of double liability and loss of its investment in the Congo.

3. Connecticut Bank of Commerce obtained a money judgment in March 2000 against The Republic of Congo in the Supreme Court of the State of New York, County of Kings, Index No. 26671/99. The New York Supreme Court judgment was transferred to the State of Delaware through the filing of a judgment action on August 30, 2005, captioned *Connecticut Bank of Commerce v. The Republic of Congo*, Superior Court of the State of Delaware, in and for New Castle County, Judgment Action No. 05J-08-826 (the "State Court Action").

4. According to pleadings in the State Court Action, Connecticut Bank assigned its rights to the New York Supreme Court judgment to Af-Cap, Inc. ("Af-Cap"). However, the plaintiff in the State Court Action is still identified as Connecticut Bank, not Af-Cap. CMS Nomeco is named as a garnishee in the State Court Action.

5. Af-Cap is in the business of buying, at substantial discounts, distressed debt of foreign nations and pursuing collection of those debts, using aggressive litigation tactics. In further pursuit of those endeavors, Af-Cap sought to seize the Republic of Congo's in-kind royalty interests in oil located in the Congo through garnishment proceedings filed in 2001 in the

United States District Court for the Western District of Texas. But the court dismissed Af-Cap's Texas garnishment action on the grounds that the in-kind royalty was not subject to garnishment.

6. Another judgment creditor of the Congo, Walker International Holdings Limited ("Walker"), represented by the same counsel as Af-Cap, also filed a garnishment action in the Western District of Texas but, perhaps because of Af-Cap's lack of success, chose not to pursue that action.[1]

7. Having failed to obtain relief against CMS Nomeco in Texas, in July 2005 Af-Cap and Walker filed another action against CMS Nomeco, this time in the Court of Chancery of the State of Delaware, in and for New Castle County (Civil Action No. 1488-N), seeking money damages. Walker also filed yet another action in Delaware, in this Court, styled *Walker International Holdings Limited v. Republic of the Congo*, Civil Action No. 05-MC-00156, seeking a writ of garnishment against CMS Nomeco. In addition, Connecticut Bank (with Af-Cap as its assignee) filed the State Court Action, also seeking a writ of garnishment against CMS Nomeco, that CMS Nomeco has now removed. Based on Af-Cap's incorrect representation that the garnishment was unopposed, the Superior Court authorized the issuance of a writ.

## Grounds for Removal

8. A garnishment action is a separate proceeding that may be removed from state to federal court. *See, e.g., Kordus v. Biomark Int'l LLC*, 224 F.R.D. 590, 593 (D. Del. 2004) (holding state court garnishment proceeding is independent civil proceeding removable to federal court; "the prevailing standard among the circuits is to permit removal of a garnishment action"); *see also Harding Hospital v. Sovchen*, 868 F. Supp. 1074, 1078 (S.D. Ind. 1994)

---

[1] Af-Cap's garnishment action in the Western District of Texas has also spawned multiple appeals, some of which are still pending in the United States Court of Appeals for the Fifth Circuit.

(holding state court garnishment action sufficiently independent of underlying case and removable); *Smotherman v. Caswell*, 755 F. Supp. 346, 348 (D. Kan. 1990) (same); *Graef v. Graef*, 633 F. Supp. 450, 454 (E.D. Pa. 1986) (same); *Randolph v. Employers Mut. Liability Ins. Co.*, 260 F.2d 461 (8th Cir. 1958) (same).

9. Plaintiff acknowledges in the Praecipe / Motion for Writ of Garnishment it filed in the Superior Court that the Congo is a "foreign state," as that term is defined in Section 1603(a) of the Foreign Sovereign Immunities Act, 28 U.S.C §§ 1602, *et. seq.* ("FSIA"). The amenability to execution, attachment, or garnishment of assets of a foreign state is governed by the FSIA. Specifically, Section 1609 of the FSIA provides the general rule that assets of a foreign sovereign are immune from execution. That general rule is subject to the specific statutory exceptions to immunity set out in Section 1610 of the FSIA.

10. This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331, because the right to garnish property of a foreign state is governed by Sections 1609, 1610, and 1611 of the FSIA, 28 U.S.C. §§ 1609, 1610, 1611. *See Walker Int'l. Holdings Ltd. v. Republic of Congo*, 395 F.2d 229, 233 (5th Cir. 2004) (noting FSIA provides exclusive means of garnishing foreign sovereign's property), *cert. denied*, 125 S. Ct. 1841 (2005). This Court also has federal question jurisdiction because the relief sought by Plaintiff affects the sovereign rights of a foreign state and thereby implicates important foreign policy concerns, raising substantial questions of federal common law of foreign relations. *See Torres v. S. Peru Copper Corp.*, 113 F.3d 540, 542-43 (5th Cir. 1997); *Grynberg Prod. Corp. v. British Gas P.L.C.*, 817 F. Supp. 1338, 1355-58 (E.D. Tex. 1993). The significance of the foreign policy issues implicated by this case are confirmed by the letter from the Congo to the Western District

of Texas attached hereto as Exhibit B and the Congo court orders attached hereto as Exhibits C and D.

11. Through this Notice of Removal, CMS Nomeco removes the State Court Action to this Court.

### **Procedural Requirements**

12. Pursuant to 28 U.S.C. § 1446(a), the following documents, which were served upon CMS Nomeco's registered agent in the State of Delaware on October 12, 2005, and which are all of the process, pleadings, and orders that have been served upon CMS Nomeco in the State Court Action, are attached to this Notice of Removal as Exhibit A:

    a. writ of garnishment;

    b. praecipe addressed to the Sheriff of New Castle County; and

    c. Superior Court order dated September 30, 2005.

13. This Notice of Removal is timely under 28 U.S.C. § 1446(b), filed within 30 days after CMS Nomeco received the writ.

14. All conditions and procedures for removal have been satisfied.

15. The required filing fee has been tendered to the Clerk of the United States District Court for District of Delaware.

16. CMS Nomeco has given written notice of the filing of this Notice of Removal to Plaintiff, and will file a Notification of Removal with the Prothonotary of the Superior Court of the State of Delaware, in and for New Castle County.

17. Accordingly, CMS Nomeco removes the State Court Action to this Court.

OF COUNSEL:

Guy S. Lipe
Jason M. Powers
VINSON & ELKINS L.L.P.
First City Tower
1001 Fannin Street, Suite 2300
Houston, TX 77002-6760
(713) 758-2222

Dated: November 1, 2005

1812547

/s/ [signature]
_____
M. Duncan Grant (Del. Bar No. 2994)
James C. Carignan (Del. Bar No. 4230)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
(302) 777-6500

Attorneys for Garnishee CMS Nomeco Inc.