UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONNECTICUT BANK OF COMMERCE,<br><br>        Plaintiff,<br><br>v.<br><br>THE REPUBLIC OF CONGO,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 05-762<br>)<br>)<br>)<br>)<br>) |

**MOTION TO REMAND ACTION
PURSUANT TO 28 U.S.C. § 1447**

      Plaintiff/judgment creditor, Af-Cap, Inc. ("Af-Cap"), as assignee for Connecticut Bank of Commerce ("Connecticut Bank"), hereby moves to remand this action to the Superior Court of the State of Delaware ("Superior Court"), pursuant to 28 U.S.C. § 1447 (the "Motion to Remand"). In support of its Motion to Remand, Af-Cap respectfully submits the following:

**INTRODUCTION**

      1.    CMS Nomeco Congo LLC, f/k/a CMS Nomeco Congo, Inc. ("CMS"), a garnishee, seeks to remove a state statutory garnishment action brought against the Republic of Congo ("Congo"). CMS' Notice of Removal has three fundamental problems which mandate remand to the state court. First, CMS is not the Defendant in the underlying action and, thus, lacks standing to remove this action. Second, even if CMS had standing as a non-party to seek removal, the 30-day time period for requesting removal has long-ago lapsed. Third, assuming CMS is a defendant, the removal is defective because all defendants have not consented.

## ARGUMENT

I. **CMS LACKS STANDING TO REMOVE THE SUPERIOR COURT ACTION TO THIS COURT**

2.  The removal statute, 28 U.S.C. § 1441, grants a defendant the right to remove a state court action to federal court -- not a garnishee. Specifically, 28 U.S.C. § 1441, provides, in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by **the defendant or the defendants**, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441 (a) (emphasis added). The defendant in this case is Congo, not CMS.[1] As CMS is not named a defendant in the Superior Court Action, it may not seek removal of that case.[2]

3.  Even assuming CMS were somehow deemed to be a defendant, removal is not available to garnishees that are mere stakeholders of property such as CMS is here. *See Bata v. Central-Penn Nat'l Bank of Philadelphia*, 223 F. Supp. 91, 94 (E.D. Pa. 1963) (remanding matter to state court since "bank in present case has no interest in the outcome of the suit"). Courts have referred to the role of a garnishee as that of a nominal party, which is not considered a "defendant" entitled to remove. *See Armstrong Cover Company v. Whitfield*, 418 F. Supp. 972 (N.D. Ga. 1976). *See also Murray v. Murray*, 621 F.2d 103, 107 (5th Cir. 1980) (holding that if garnishee's substantive obligation is unchanged by the garnishment summons, that garnishee is just a stakeholder in the action

---

[1] CMS' discussion in paragraph 10 of its Notice of Removal is irrelevant. CMS is not a foreign sovereign and the FSIA is not applicable to CMS. Section 1441(d) applies only to Congo and, thus, CMS lacks standing to remove this action. *See* 28 U.S.C. § 1441(d).

[2] CMS' attempt to *sua sponte* amend the pleadings to include itself as a defendant is unavailing. The Court record indicates that CMS is not a named defendant in this action.

and not entitled to remove). Until Plaintiff files exceptions to CMS' verified answer, there are no "proceedings on the issues . . . as in actions commenced by summons." Del. Super. Ct. R. 5(a)(2). Also, the only property that will be affected by the garnishment action is the property of Congo, not CMS. Simply put, CMS' interest in Congo's property is unchanged by the garnishment action, which underscores that it is merely a stakeholder with no standing to remove the action.

       4.       Contrary to CMS' position, this action is not a distinct civil action and should be remanded to Superior Court. To determine whether a state's garnishment procedure is a distinct civil action, the courts consider "(1) whether an issue of fact might be joined, and (2) whether the proceeding was adversary, calling got a judgment independent of the underlying cause." *Graef v. Graef*, 633 F. Supp. 450, 452 (E.D. Pa. 1986). The facts of the *Graef* case, relied on by CMS, are unlike the facts here. The issue, in *Graef*, was whether an insurance company acted in bad faith in failing to settle a claim. *Graef*, thus, involved two distinct actions. One action was an action by the plaintiff against the defendant for damages. The other action was an action by the insured against the insurer for "bad faith." Indeed, the second action can only arise after the first action is instituted. The *Graef* Court found that the "issue [in the second case] was completely different and separate from the central issue in the state court proceeding which was whether the insured . . . had been negligent in respect to the plaintiff." *Graef*, 633 F. Supp. at 453. In contrast, Af-Cap's case involves a single action against its Judgment Debtor, Congo. CMS is merely a garnishee stakeholder subject to normal post-judgment procedures in a case interdependent with the underlying action against Congo. Here, the issues in this garnishment proceeding do not implicate a judgment independent

of the underlying cause, but are merely determining what property of Congo, held by CMS, can be properly garnished to satisfy the judgment against Congo. Therefore, this action is not a distinct civil action and should be remanded to Superior Court.

## II. CMS' NOTICE OF REMOVAL WAS UNTIMELY

5. Under 28 U.S.C. § 1446(b), a defendant seeking removal must file its petition within 30 days after receipt "by the defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *See* 28 U.S.C. § 1446(d). Af-Cap served both Congo and CMS, through their Registered Agents, with the initial pleading in this case, a Notice of Suit, on August 31, 2005 and September 1, 2005. (*See* Return of Service and Affidavit of Personal Service attached hereto as Exs. A and B, respectively). Therefore, assuming *arguendo* that CMS was a defendant, the thirty-day removal period began on September 1, 2005 and CMS' deadline for filing its Notice of Removal was no later than October 1, 2005. CMS did not file its Notice of Removal until November 1, 2005, or thirty days late.

6. In its Notice of Removal, CMS sidesteps this issue and asserts incorrectly that the date it was served with the Writ triggers the removal period. (*See* CMS Notice at 5, ¶ 13). CMS' view of the removal period is contrary to settled United States Supreme Court and District of Delaware precedent. The United States Supreme Court, in *Murphy Brothers, Inc. v. Michetti Pipe Stringing*, recently reaffirmed that a defendant has thirty days from the date of service of the **initial pleading** to seek removal. 526 U.S. 344, 348 (1999). Additionally, in *Graphic Scanning Corporation v. Yampol*, the District of Delaware held that the thirty day removal period is triggered when the grounds for

removal are clearly established. 677 F. Supp. 256, 258 (D. Del. 1988). Here, to the extent they existed, the grounds for removal were clearly established when Af-Cap served CMS on September 1, 2005. Neither the substantive nature nor the relief sought in Af-Cap's action changed between the time Af-Cap filed and served its lawsuit and the time the Writ was issued and served. Thus, CMS had notice and failed to seek removal in the time required under the statute. Accordingly, CMS is barred from seeking removal, and the case should be remanded to Superior Court.

### III.    ALL DEFENDANTS HAVE NOT CONSENTED TO REMOVAL

7.    It is hornbook law that the "Rule of Unanimity" requires all defendants to consent to removal in a timely fashion. *See e.g. Glendale Trust Co. v. Dow Chemical Co.*, 384 F. Supp. 423, 429 (E.D. Pa. 1974); *Residents Advisory Bd. v. Tate*, 329 F. Supp. 427, 431 (E.D. Pa. 1971). Here, the time for Congo to remove has long ago lapsed and Congo has not consented and is barred from consenting to removal. Accordingly, even if CMS was a defendant, its removal is defective and the case must be remanded.

### IV.    ALTERNATIVELY, CMS IS CONTRACTUALLY BARRED FROM REMOVING THE SUPERIOR COURT TO THIS COURT

8.    A loan agreement dated December 18, 1984, between Af-Cap's predecessor and Congo provides that Af-Cap can bring an action in any court of competent jurisdiction and that Congo is barred from defending or taking any action, other than consenting, to such action. In particular under Paragraph 19(A) of the agreement Congo agreed that "nothing shall preclude the [Plaintiff] from bringing any proceeding arising out or in connection with this agreement in the courts of any…competent jurisdiction. (*See* Loan Agmt. attached hereto as Ex. C at ¶ 19(A)). Certainly, Superior Court is a court of competent jurisdiction over the property at issue

here, as CMS is a Delaware entity. Further, pursuant to 19(C) of the agreement, Congo consented to the enforcement of Af-Cap's judgment against any property whatsoever, irrespective of its use or intended use. *Id.* at ¶ 19(C). Paragraph 19(C) provides that "The [Defendant] consents generally in respect of *any* suit, action or proceeding arising out of or in connection with this Agreement to the giving of *any* relief, or the issuance of *any* process in connection with any such suit, action or proceedings including without limitation the making, enforcement or *execution against any property whatsoever (irrespective of its use or intended use)* of any order or judgment that may be made or given in such action or proceeding." (emphasis added). Thus, by agreement, Congo has consented to this proceeding and is contractually obligated to take **no** action to interfere with Af-Cap's initiating proceedings in Superior Court.

9.   Given that CMS' rights, if any, as a garnishee, are limited only to those available to the judgment debtor, CMS is bound not to take any action to interfere with Af-Cap's Superior Court action such as removing that action to this Court. A defendant may contractually waive its statutory right to removal, and Congo has done so. *See Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207 (3d Cir. 1991); *see also Russel Corp. v. American Home Assurance Co.*, 264 F.3d 1040 (11th Cir. 2001). Hence, CMS' removal was improper and barred by the judgment debtor's express contractual agreement with Af-Cap's predecessor. For that reason alone, this action should be remanded to Superior Court.

V.   **CMS RAISES ISSUES THAT ARE BARRED BY THE DOCTRINE OF COLLATERAL ESTOPPEL OR ARE IRRELEVANT TO THE GARNISHMENT OF CONGO'S PROPERTY HELD BY CMS**

6

10. The remainder of matters raised in paragraph's 1 through 7 of CMS' Notice of Removal are not germane to whether this action should be removed. Moreover, to the extent these issues are relevant to the propriety of the garnishment action, Af-Cap will demonstrate at the appropriate time that CMS' contentions lack merit.

### VI.    AF-CAP REQUESTS ITS ATTORNEYS FEES

11. CMS improperly sought to remove this action despite it lacking standing to do so and despite that the filing was untimely. Thus, in accordance with 28 U.S.C. § 1446(C), Af-Cap seeks payment of its costs and expenses, including attorneys' fees, incurred as a result of CMS' removal.

### CONCLUSION

12. For the foregoing reasons Af-Cap respectfully requests that the Court enter an Order remanding the action to Superior Court.

**GREENBERG TRAURIG LLP**
Sanford M. Saunders, Jr.
Kenneth P. Kaplan
800 Connecticut Avenue, N.W.
Suite 500
Washington, DC 20006
(202) 331-3100

*Attorneys for Af-Cap, Inc.*

Dated: November 9, 2005

**GREENBERG TRAURIG LLP**

Paul D. Brown (No. 3903)
Joseph B. Cicero (No. 4388)
The Nemours Building
1007 North Orange Street
Suite 1200
Wilmington, DE 19801
(302) 661-7000

*Attorneys for Af-Cap, Inc.*