# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FG HEMISPHERE ASSOCIATES, LLC | § | |
| Plaintiff, | § | |
| v. | § | |
| REPUBLIQUE DU CONGO, | § | |
| Defendant, | § | |
| | § | |
| And | § | |
| CMS OIL AND GAS COMPANY, CMS OIL | § | |
| AND GAS (INTERNATIONAL) COMPANY, | § | |
| CMS NOMECO INTERNATIONAL CONGO | § | |
| HOLDINGS, INC., CMS NOMECO CONGO, | § | |
| INC., CMS OIL AND GAS (HOLDINGS), | § | |
| LTD., CMS OIL AND GAS | § | |
| (INTERNATIONAL) LTD., CMS NOMECO | § | |
| CONGO LDC, CMS OIL AND GAS | § | Civil Action No. H – 02 – 4261 |
| (CONGO) LTD., CMS IOL AND GAS | § | |
| (SERVICES) COMPANY, NUEVO ENERGY | § | |
| COMPANY, THE NUEVO CONGO | § | |
| COMPANY, THE CONGO HOLDING | § | |
| COMPANY, NUEVO CONGO LTD., | § | |
| NUEVO INTERNATIONAL INC., NUEVO | § | |
| INTERNATIONAL HOLDINGS, LTD., | § | |
| PERENCO INC., PERENCO OIL AND GAS | § | |
| (INTERNATIONAL) COMPANY, | § | |
| PERENCO INTERNATIONAL (CONGO) | § | |
| INC., PERENCO OIL AND GAS | § | |
| (SERVICES) COMPANY and LANKAN INC. | § | |
| Garnishees. | § | |

## MEMORANDUM AND ORDER

Plaintiff has filed an "Emergency Motion" concerning a proposed sale by CMS Nomeco

Congo, Inc., The Nuevo Congo Company, and Nuevo Congo Ltd. (collectively, the

"Garnishees"). Plaintiff asks the Court to enjoin the sale or to have the proceeds of the sale paid

into the registry of the Court. The Garnishees oppose the requested relief as beyond the Court's

equitable powers.

## I.    BACKGROUND

The factual and procedural history of this litigation, and the events that preceded it, need

not be chronicled in full. For present purposes, it need only be said that Plaintiff FG Hemisphere

1

Associates, L.L.C. ("FG Hemisphere") has been seeking to collect on debts owed it by Defendant République Du Congo (the "Congo"), by, among other things, obtaining garnishment orders directed at the Garnishees who produce and sell oil to the Congo. The Garnishees have been subject to conflicting orders from this and at least one other United States District Court on the one hand, and Congolese courts on the other. The Garnishees seek to extricate themselves from what they believe to be irreconcilable obligations by selling their interest in the Yombo Field to affiliated companies, owned by a common parent. The purchasing entities, which may not even have been formed yet, would differ from the Garnishees in that they would not have contacts in the U.S. and would seek not to be amenable to suit here. The sale may take place as early as August 17, 2005. Counsel for the Garnishees was unable to state what, if any, consideration would be received by the Garnishees for their sale of their Yombo Field interest. Counsel was also unable to identify any need to consummate the sale on August 17, 2005, or any other date, other than the ongoing need to obtain relief from the stated problem of double liability.

## II.    ANALYSIS

The parties each refer to *Grupo Mexicano de Desarrollo v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999), in which the Supreme Court vacated an order freezing assets in a defendant corporation where the plaintiff asserted no lien or equitable interest in the assets frozen. FG Hemisphere notes that the Supreme Court in *Grupo Mexicano* expressly did not address state court remedies, including fraudulent conveyance actions. *Id.* at 319, n.3 and 324, n.7. The Uniform Fraudulent Transfer Act adopted in Texas provides that an injunction is available, as well as "any other relief the circumstances may require" to prevent fraudulent transfers of property. Tex. Bus. & Com. Code § 24.008(a)(3)(A) and (C). The Court would further note

2

that unlike *Grupo Mexicano*, Plaintiff in this case, by virtue of prior garnishment orders, would seem to possess a lien or equitable interest in the assets in question.

Garnishees correctly point out that such relief is expressly "subject to applicable principles of equity." *Id.* at § 24.008(a)(3). But that general language cannot be intended to prevent the precise relief the remainder of the pertinent sub-section authorizes.

Based on the representations of Garnishees' counsel and the undisputed documents attached to FG Hemisphere's Motion, the proposed sale appears — by more than a preponderance of the evidence — to be a fraudulent transfer. This is so under either of the alternate definitions of a fraudulent transfer:

    (1)     actual intent to hinder, delay, or defraud any creditor . . . ; or

    (2)     [lacking] a reasonably equivalent value in exchange for the transfer . . .

*Id.* at § 24.0005(a)(1) and (2).[1]

A comparable set of facts was considered in *United States ex rel. Rahman v. Oncology Associates*, 198 F.3d 489 (4th Cir. 1999). Plaintiff asserted that defendants had defrauded Medicare and other federal programs and were transferring assets to avoid liability. The trial court granted the plaintiff a preliminary injunction preventing defendants from transferring assets out of the ordinary course of business. The Court of Appeals affirmed, distinguishing *Grupo Mexicano* as limited to suits for money damages in which plaintiff asserted no lien or equitable relief in the assets sought to be frozen. The court noted that, "The complaint's request to void transfers as fraudulent — a form of rescission — is also an equitable remedy." *Id.* at 498 (citing *Deckert v. Independence Shares Corp.*, 311 U.S. 282 (1940)).

---

[1] If the transfer is ultimately consummated, Garnishees may actually receive a "reasonably equivalent value" for their interest in the Yombo Field. Based on the record now before the Court, however, there is no assurance of this.

The court held that the district court had the power to issue the preliminary injunction under Rule 64:

> [W]e conclude that the scope of Federal Rule of Civil Procedure 64 incorporates state procedures authorizing any meaningful interference with property to secure satisfaction of a judgment, including any state-authorized injunctive relief for freezing assets to aid in satisfying the ultimate judgment in a case.

*Id.* at 501.

*Oncology Associates* has been cited with approval in district court decisions. *See, e.g., Newby v. Enron Corp.,* 188 F. Supp. 2d 684 (S.D. Tex. 2002).

### III.   CONCLUSION

Accordingly, the Court hereby GRANTS a temporary injunction enjoining the sale of Garnishees' Yombo Field interest, or any part thereof, for a period of 15 days, or until August 27, 2005.

The parties shall provide to the Court, by no later than 4:00 p.m. on Monday, August 15, 2005 their submissions as to what, if any, bond should be posted.

IT IS SO ORDERED.

SIGNED this 12th day of August, 2005.

_____
Keith P. Ellison
United States District Judge

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.