**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CONNECTICUT BANK OF COMMERCE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 05-762 SLR |
| THE REPUBLIC OF CONGO, | ) ) ) | |
| Defendant; | ) ) | |
| CMS NOMECO CONGO INC., | ) ) | |
| Garnishee. | ) | |

**GARNISHEE CMS NOMECO'S ANSWERING BRIEF IN OPPOSITION**
**TO AF-CAP'S MOTION TO REMAND ACTION**

OF COUNSEL:

Guy S. Lipe
Jason M. Powers
VINSON & ELKINS L.L.P.
First City Tower
1001 Fannin Street, Suite 2300
Houston, TX 77002-6760
(713) 758-2222

Dated: November 23, 2005

M. Duncan Grant (Del. Bar No. 2994)
James C. Carignan (Del. Bar No. 4230)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
(302) 777-6500

Attorneys for Garnishee CMS Nomeco Inc.

# TABLE OF CONTENTS

Page

NATURE AND STAGE OF PROCEEDINGS ........................................................... 1

STATEMENT OF FACTS AND ARGUMENT ......................................................... 4

I.    CMS NOMECO HAS STANDING TO REMOVE THE STATE COURT
      GARNISHMENT ACTION ................................................................................. 4

      A.    CMS Nomeco Is a "Defendant" For Purposes of Removal, and the State Court
            Garnishment Action is a Separate and Independent Action Distinct From the Underlying
            Action Against The Republic of Congo .......................................................... 4

      B.    CMS Has a Personal, Pecuniary Interest in the Disposition of the Garnishment
            Proceeding. ........................................................................................................ 8

II.   CMS NOMECO'S NOTICE OF REMOVAL WAS TIMELY ............................ 9

III.  CMS NOMECO PROPERLY REMOVED THE STATE COURT GARNISHMENT
      ACTION WITHOUT CONCURRENCE BY CONGO .................................... 12

IV.   THERE IS NO CONTRACTUAL BAR TO REMOVAL ................................. 14

V.    AF-CAP'S EFFORT TO RESERVE REMAND ARGUMENTS BASED ON
      UNASSERTED RESPONSES TO PARAGRAPHS 1 THROUGH 7 OF THE NOTICE
      OF REMOVAL IS IMPROPER ......................................................................... 14

VI.   ATTORNEYS' FEES AND COSTS ARE NOT RECOVERABLE ................. 15

CONCLUSION ........................................................................................................ 16

TABLE OF AUTHORITIES

CASES

Action Auto Stores, Inc. v. United Capitol Ins. Co.,
1992 WL 21203 (W.D. Mich. 1992).................................................................. 5

Cartwright v. Thomas Jefferson University Hospital,
   99 F. Supp. 2d 550 (E.D. Pa. 2000) ...........................................................13

Cooper's Home Furnishings, Inc. v. Lolly,
   270 A.2d 676 (Del. Super. 1970)................................................................10

DML Assocs., Inc. v. Mattel, Inc.,
2003 WL 1798559,  (D. Del. Apr. 7, 2003).....................................................15

Dr. Macht, Podore & Associate, Inc. v. Girton,
   392 F. Supp. 66 (S.D. Ohio 1975) .................................................................6

Glendale Trust Co. v. Dow Chemical Co.,
   384 F. Supp. 423 (E.D. Pa. 1974) ...............................................................12

Graef v. Graef,
   633 F. Supp. 450 (E.D. Pa. 1986) ........................................................6, 7, 8

Harding Hospital v. Sovchen,
   868 F. Supp. 1074 (S.D. Ind. 1994) ..............................................................5

J.G. Wentworth SSC LP v. Crawford,
   2002 WL 449701 (Del. Super. Mar. 21, 2002)......................................4, 9, 12

Kordus v. Biomark Int'l LLC,
   224 F.R.D. 590 (D. Del. 2004) ..........................................................5-6, 9, 13

LNC Investments, Inc. v. Republic of Nicaragua,
   No. 01-134-JJF (D. Del. Dec. 18, 2002),
   appeal dism'd, 396 F.3d 342 (3d Cir. 2005) ....................................................8

Martin v. Franklin Capital Corp.,
   393 F.3d 1143 (10th Cir. 2004),
   cert. granted, No. 04-1140, 73 U.S.L.W. 3630 (Apr. 25, 2005) ......................15

McIntosh v. Scottsdale Ins. Co.,
   1991 WL 228344 (D. Kan. 1991) ..................................................................5

Mints v. Educational Testing Service,
    99 F.3d 1253 (3d Cir. 1996)..................................................................15

Murphy Brothers, Inc. v. Michetti Pipe Stringing,
    526 U.S. 344 (1999)................................................................9, 10, 11, 12

Randolph v. Employers Mutual Liability Insurance Co.,
    260 F.2d 461 (8th Cir. 1958) ..................................................................6

Smotherman v. Caswell,
    755 F. Supp. 346 (D. Kan. 1990)........................................................6, 13

Stewart v. EGNEP (Pty.) Ltd.,
    581 F. Supp. 788 (C.D. Ill 1983) ............................................................6

Stoll v. Hawkeye Casualty Co. of Des Moines, Iowa,
    185 F.2d 96 (8th Cir. 1950) ..................................................................5, 6

Wausau Insurance Co. v. Koal Indus. Int'l, Inc.,
    811 F. Supp. 399 (S.D. Ind. 1991) ..........................................................5

## STATUTES

28 U.S.C. § 1441 ..........................................................................5, 6, 13

28 U.S.C. § 1446 ..............................................................................9, 12

28 U.S.C. § 1446(b) ..............................................................................9

28 U.S.C. § 1446(c) ............................................................................15

28 U.S.C. § 1446(d) ..............................................................................9

28 U.S.C. § 1447 ................................................................................14

28 U.S.C. § 1447(c) ............................................................................15

10 *Del. C.* § 3509 ............................................................................10

Garnishee CMS Nomeco Congo Inc. (now named CMS Nomeco Congo LLC) ("CMS Nomeco") opposes the Motion to Remand Action (D.I. 3) filed by Af-Cap, Inc. ("Af-Cap"), which asserts that it is the assignee of the plaintiff / judgment creditor Connecticut Bank of Commerce. In opposition to the Remand Motion, CMS Nomeco states the following.

## NATURE AND STAGE OF PROCEEDINGS

This garnishment action (like Af-Cap's unsuccessful garnishment action against CMS Nomeco in the Western District of Texas)[1] arises from efforts by Af-Cap to collect on a judgment that its alleged predecessor-in-interest, Connecticut Bank of Commerce, obtained against the Republic of Congo ("the Congo") in New York state court in 2000. Af-Cap seeks to garnish in-kind oil royalty of the Congo that the Congo is entitled to take under a concession agreement for the production of oil in Congolese waters. The in-kind royalty oil is produced in Congolese territorial waters, transported through an underwater pipeline system in those waters, and taken on behalf of the Congo by the Congo's state-owned oil company from a storage terminal that sits in Congolese territorial waters.

A Congo court has held that as a matter of Congolese law, the Congo is entitled to take its in-kind royalty, notwithstanding the efforts of judgment creditors of the Congo to garnish the royalty in proceedings in the United States courts. The Congo court has ordered CMS Nomeco, as operator of the storage terminal, to deliver the oil to the Congo's state-owned oil

---

[1] For more than four years, Af-Cap and its predecessor-in-interest, Connecticut Bank of Commerce, pursued garnishment litigation against CMS Nomeco and others, seeking to garnish the same property that it seeks to garnish in this case. On February 4, 2005, the United States District Court for the Western District of Texas dismissed the garnishment action and dissolved the writs of garnishment that had previously issued in that case, holding that the in-kind royalty of the Congo that Af-Cap sought to garnish was not subject to garnishment because non-monetary obligations are not garnishable. That judgment is now on appeal to the United States Court of Appeals for the Fifth Circuit.

company, notwithstanding writs of garnishment issued in U.S. court proceedings filed by

judgment creditors of the Congo in Texas. The Congo court has held that any order that

interferes with the Congo's receipt of its royalty oil is contrary to the Congo's public order and

not enforceable in the Congo. The Congo court orders direct the use of public force to enforce

the orders in the event of non-compliance.

Even though it was fully aware of the Congo court's actions, and without

disclosure of the existence of the Congo court orders or of the prior dismissal, by the United

States District Court for the Western District of Texas, of its earlier garnishment action against

CMS Nomeco, Af-Cap sought and obtained from the Delaware Superior Court a writ of

garnishment directed to CMS Nomeco and served it on CMS Nomeco's registered agent in

Delaware on October 12, 2005 (the "State Court Garnishment Action"). In seeking a writ of

garnishment against CMS Nomeco, in the face of the Congo court orders holding that the Congo

is entitled to take the in-kind royalty notwithstanding U.S. garnishment writs, Af-Cap is

attempting to impose double liability on CMS Nomeco, which has no choice but to permit the

Congo to take its royalty oil that is produced, stored, and taken in Congolese waters. Af-Cap has

never suggested how CMS Nomeco could deliver oil for the benefit of Af-Cap against the

dictates of the Congo, or how CMS Nomeco could persuade a third party to purchase oil from

CMS Nomeco for the benefit of Af-Cap when the Congo claims ownership of that oil. It is

instructive that Af-Cap itself has never offered to send its own hired tanker into Congolese

waters to take delivery of the oil. Af-Cap offers no explanation as to what CMS Nomeco could

do or could be expected to do under the circumstances and how, in practice, it could sell and

physically deliver oil which is located in the Congo against the express instructions of the Congo

and the courts of the Congo who have threatened to use public force to ensure compliance with what the Congo considers to be its lawful rights.

On November 1, 2005, CMS Nomeco removed the State Court Garnishment Action to this Court (D.I. 1), and it filed and served its Answer to the Writ of Garnishment (D.I. 2) the next day, November 2, 2005.  Af-Cap then filed its Motion to Remand Action (D.I. 3) on November 9, 2005.  This is CMS Nomeco's Opposition to the Remand Motion.

STATEMENT OF FACTS AND ARGUMENT

In the Argument section of this Answering Brief, CMS Nomeco will address in turn each of the reasons upon which Af-Cap relies in support of its Remand Motion. As will be shown below, Af-Cap has completely misstated the applicable law, and its Remand Motion must be denied.

I.    CMS NOMECO HAS STANDING TO REMOVE THE STATE COURT GARNISHMENT ACTION

Af-Cap erroneously asserts that CMS Nomeco lacks standing to remove the State Court Garnishment Action, because, according to Af-Cap, CMS Nomeco is not the named defendant and is a "mere stakeholde[r] of property" (Remand Motion ¶¶ 2-3). Contrary to Af-Cap's views, CMS Nomeco does have standing to remove the State Court Garnishment Action to this Court, because under Delaware garnishment procedures, a garnishee is a party to a garnishment proceeding, and is therefore deemed to be a defendant for purposes of the removal statute. Further, most judicial decisions, both within the Third Circuit and in other jurisdictions, recognize that a state court garnishment proceeding is a distinct civil action that is removable to federal court by the garnishee. Finally, CMS Nomeco has a significant and personal interest in the outcome of this action, and notwithstanding the contrary assertions by Af-Cap, CMS Nomeco is not a "mere stakeholde[r]."

A.    CMS Nomeco Is a "Defendant" For Purposes of Removal, and the State Court Garnishment Action is a Separate and Independent Action Distinct From the Underlying Action Against The Republic of Congo

Under Delaware's garnishment statutes, a garnishee such as CMS Nomeco is a party to the garnishment proceeding. In J.G. Wentworth SSC LP v. Crawford, 2002 WL 449701 (Del. Super. Mar. 21, 2002), the Court held that in Delaware garnishment proceedings, "[t]he

-4-

parties to garnishment proceedings are the plaintiff or judgment creditor and a third party called a garnishee" As such, under Delaware garnishment procedures, CMS Nomeco is a party to the State Court Garnishment Action, and is therefore to be treated as a "defendant" entitled to remove the State Court Garnishment Action pursuant to 28 U.S.C. § 1441.

The majority of federal courts that have considered the issue have found that garnishees have standing to remove garnishment proceedings, and that because such proceedings are independent and distinct from the earlier, underlying action against the defendant / judgment debtor, they are removable on their own. See Harding Hospital v. Sovchen, 868 F. Supp. 1074, 1077 (S.D. Ind. 1994) (holding that "the majority of cases allow such removals [of garnishments]") (citing Stoll v. Hawkeye Casualty Co., 185 F.2d 96, 98 (8th Cir. 1950); Wausau Insurance Co. v. Koal Indus. Int'l, Inc., 811 F. Supp. 399, 400 (S.D. Ind. 1991); Action Auto Stores, Inc. v. United Capitol Ins. Co., 1992 WL 21203, at *3 (W.D. Mich. 1992); and McIntosh v. Scottsdale Ins. Co., 1991 WL 228344, at *2 (D. Kan. 1991)).

Following those principles, this Court has found that Delaware state court garnishment proceedings are removable and that the garnishee has standing to remove such actions. For example, in Kordus v. Biomark Int'l LLC, 224 F.R.D. 590, 591 (D. Del. 2004), a plaintiff obtained a default judgment against a defendant in the Delaware Justice of the Peace Court. To satisfy the judgment, the plaintiff requested the issuance of a writ of garnishment in state court. As here, the garnishee removed the state court garnishment action to this Court, without including the defendant / judgment debtor in the Notice of Removal, and the plaintiff moved to remand the action. The Court denied the remand motion, and held that the garnishee had standing to remove the action to federal court. Id. at 593. The Court ruled that the state court garnishment proceeding was a "civil action" for purposes of the removal statute, and as

such, determined that removal by the garnishee was appropriate. Id. ("[g]arnishment actions against third parties are construed as independent actions from the primary action which established the judgment debt").

        Thus, under Delaware's garnishment procedures, a garnishee is a defendant and a garnishment action is an independent civil action, which makes a garnishment proceeding removable to federal court and gives a garnishee standing to effect such removal. Other courts have likewise found that garnishment proceedings are removable to federal court, and that garnishees have standing to remove under 28 U.S.C. § 1441. See, e.g., Randolph v. Employers Mut. Liability Ins. Co., 260 F.2d 461 (8th Cir. 1958); Stoll v. Hawkeye Cas. Co. of Des Moines, Iowa, 185 F. 2d 96 (8th Cir. 1950); Smotherman v. Caswell, 755 F. Supp. 346 (D. Kan. 1990); Graef v. Graef, 633 F. Supp. 450 (E.D. Pa. 1986); Stewart v. EGNEP (Pty.) Ltd., 581 F. Supp. 788 (C.D. Ill 1983); Dr. Macht, Podore & Assoc., Inc. v. Girton, 392 F. Supp. 66 (S.D. Ohio 1975).

        Even though CMS cited five cases in its Notice of Removal in support of the proposition that a garnishment proceeding is a distinct civil action that the garnishee may remove to federal court, Af-Cap's Remand Motion cherry-picks only one of the five cases for criticism, Graef v. Graef, 633 F. Supp. 450 (E.D. Pa. 1986) (Remand Motion ¶ 4). Af-Cap argues that because the "facts of the Graef case, relied upon by CMS, are unlike the facts here," this Court should ignore the ruling in Graef that a garnishment proceeding is an independent civil action that may be removed by a garnishee (id.). However, Graef's holding is not limited in the narrow fashion described by Af-Cap.

        In Graef, a personal injury plaintiff sought garnishment relief against an insurer of the defendant / judgment debtor. The Court held that removal was appropriate because, among

other reasons, a factual and legal issue was presented in the garnishment proceeding regarding

whether the insurer had denied liability in bad faith. 633 F. Supp. at 453. However, Graef's

holding is not limited to garnishment proceedings in which a bad faith issue is present. Rather,

the Court's holding in that case applies with equal force here. Even a cursory examination of

CMS Nomeco's Answer to Writ of Garnishment (the "Answer") makes it quite evident that as in

Graef, several issues arise in this proceeding that have nothing to do with Af-Cap's underlying

judgment against Congo.

Specifically, adjudication of this action will require the Court to determine,

among other issues, (1) whether garnishment is available to Af-Cap, given that enforcement of

the garnishment writ against the Congo's in-kind royalty would contravene orders of a foreign

court that are binding upon CMS Nomeco and therefore subject CMS Nomeco to double liability

and violate the act of state doctrine and principles of foreign state compulsion under section 441

of the Restatement of Foreign Relations Law of the United States; (2) whether the "property" of

Congo alleged to be held by CMS Nomeco, the in-kind royalty, is an asset that may be

garnished, since it is not a monetary obligation but rather is the Congo's entitlement to take

royalty oil produced, stored, and taken in Congolese territorial waters; and (3) whether the mere

incorporation in Delaware of CMS Nomeco, which has no business activities, personnel, or

offices in or other connection to the United States, permits this Court to garnish the Congo's in-

kind royalty as property "in the United States" as required for garnishment of a foreign state's

property under the FSIA. Thus, the fact that the issue in Graef that was independent of the

underlying case happened to involve a claim of bad faith insurance coverage does not in any way

distinguish it from this action, which also presents significant issues that are independent of the

underlying action against Congo. As in <u>Graef</u>, the State Court Garnishment Action here is a distinct civil action, and as in <u>Graef</u>, it was properly removed to federal court.

    B.  <u>CMS Has a Personal, Pecuniary Interest in the Disposition of the Garnishment Proceeding.</u>

        Although Af-Cap would have this Court believe that CMS Nomeco is "merely a garnishee stakeholder" and "has no interest in the outcome of the suit" (Remand Motion ¶¶2, 4), the undisputed facts establish the contrary. The Congo has consistently taken the position that under Congolese law, which governs CMS Nomeco's concession agreement with the Congo, the Congo is entitled to take its in-kind royalty in Congolese waters, notwithstanding writs of garnishment or orders issued by U.S. courts. As shown by the Congo court orders, copies of which are attached to the Notice of Removal, the Congo court has ordered CMS Nomeco, as operator of the storage terminal in the Congo, to deliver the Congo's royalty oil to the Congo's state-owned oil company in Congolese territorial waters, holding that writs of garnishment and other U.S. court orders purporting to preclude the Congo's taking of its royalty oil in its own territory are contrary to the Congo's public order. In short, CMS Nomeco is caught between a rock and a hard place and is faced with certain double liability if writs of garnishment issued by U.S. courts are enforced, as the oil is located in the Congo, and the Congo can and will take its royalty oil (as demonstrated by the Congo court orders), regardless of the outcome of proceedings initiated in the United States.

        This Court has recognized that a garnishee must be protected from double liability, and when, as here, no such protection can be provided because the garnishment would not provide a defense to performance in favor of a foreign government, the garnishment writs must be quashed. <u>LNC Investments, Inc. v. Republic of Nicaragua</u>, No. 01-134-JJF (D. Del. Dec. 18, 2002) (unpublished decision), <u>appeal dism'd</u>, 396 F.3d 342 (3d Cir. 2005). Af-Cap is

grossly in error in its assertions that "the only property that will be affected by the garnishment action is the property of Congo, not CMS" (Remand Motion ¶ 3). CMS Nomeco is not a mere "stakeholder" in these proceedings. Rather, it has a direct, significant, pecuniary interest in the outcome of this action, which is a further reason why it is a "defendant" in a "distinct civil action" with standing to remove the State Court Garnishment Action to federal court. Kordus v. Biomark Int'l LLC, 224 F.R.D. 590, 591 (D. Del. 2004); J.G. Wentworth SSC LP v. Crawford, 2002 WL 449701 (Del. Super. Mar. 21, 2002).


II.    CMS NOMECO'S NOTICE OF REMOVAL WAS TIMELY

         Notwithstanding the fact that CMS Nomeco filed its Notice of Removal on the twentieth day following service of the writ of garnishment, Af-Cap claims that CMS Nomeco's removal was untimely for failure to remove within the thirty day time period provided in 28 U.S.C. § 1446(d). Af-Cap relies on the U.S. Supreme Court's decision in Murphy Brothers, Inc. v. Michetti Pipe Stringing, 526 U.S. 344 (1999). Contrary to Af-Cap's arguments, Murphy Brothers affirmatively demonstrates that CMS Nomeco's removal was timely, as CMS Nomeco filed its Notice of Removal less than thirty days after service of the writ of garnishment, which was the first summons for CMS Nomeco to appear and answer.

         Section 1446(b) states that the notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." In Murphy Brothers, the Court interpreted this provision, stating the question presented as follows: "The question presented is whether the named defendant must be officially summoned to appear in the action before the time to remove begins to run." 526 U.S. at 347. In answering this question in

the affirmative, the Court held that "a named defendant's time to remove is triggered by

simultaneous service of the summons and complaint, or receipt of the complaint, 'through

service or otherwise,' after and apart from service of the summons, but not by mere receipt of the

complaint unattended by any formal service." *Id.* at 347-348. In support of its holding, the

Court noted that "one becomes a party officially, and is required to take action in that capacity,

only upon service of a summons or other authority-asserting measure stating the time within

which the party served must appear and defend." *Id.* at 350. "Unless a named defendant agrees

to waive service, the summons continues to function as the *sine qua non* directing an individual

or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

Under <u>Murphy Brothers</u>, CMS Nomeco's time to remove the case began on

October 12, 2005, the day that it was served with the writ of garnishment requiring that it answer

the writ within twenty days.[2] The papers "served" on CMS Nomeco's registered agent on

---

[2] In its "Exceptions" to the answer to the writ filed on November 2, 2005, Af-Cap contends that the answer was a day late because it was filed twenty-one days after service of the writ on October 12, 2005. Af-Cap's argument ignores Rule 81(c) of the Federal Rules of Civil Procedure, which extends the date for answer in a removed action until no earlier than "5 days after the filing of the petition for removal." The notice of removal was filed on November 1, 2005, twenty days after service of the writ. The answer was filed the next day, on November 2, 2005, well within the time for answer under Rule 81(c). Af-Cap's contention that the answer was not timely filed is meritless. Furthermore, Af-Cap's suggestion in its exceptions that it is entitled to judgment against CMS Nomeco based on the alleged one day delay in filing the answer is directly refuted by the statute and case on which Af-Cap relies. Specifically, 10 Del. C. § 3509 provides that even when a garnishee does not file any answer to a writ of garnishment at all, the only remedy available to the plaintiff / judgment creditor is to force the garnishee to file such an answer. Section 3509 states: "If any garnishee, duly summoned shall not appear as required, he may be compelled, by attachment, to appear and answer or plead." Thus, section 3509 permits a plaintiff / judgment creditor to force a garnishee to answer the writ of garnishment, but it does not allow any other remedy, even against a garnishee that has ignored the writ of attachment. Delaware case law is consistent with the plain meaning of section 3509. In <u>Cooper's Home Furnishings, Inc. v. Lolly</u>, 270 A.2d 676 (Del. Super. 1970), the plaintiff garnished the judgment debtors' wages from their employer, but the employer never answered the writ of garnishment; instead, the employer turned over to the Sheriff, for delivery to the judgment creditor, amounts that purported to equal the percentage of the wages of a New Castle County resident that could be garnished under Delaware law at that time. The judgment creditor filed a motion to require the employer to plead in response to the writs of garnishment. Relying upon section 3509, the Superior Court granted the motion and required the City to answer the writ of garnishment, but no other relief was granted against the employer, despite its default in its obligation to answer the writ of garnishment. *Id.* at 678-79. Af-Cap's suggestion that it is entitled, under Delaware law, to a default judgment against CMS Nomeco for the full amount of its judgment against the Congo, based on its meritless allegation that the answer was one day late, is completely baseless.

August 31, 2005, on which Af-Cap bases its timeliness argument, consisted only of (1) an

"Affidavit for conversion of Foreign Judgment to Delaware Judgment," making no reference to

CMS Nomeco, and (2) a "Notice of Suit" directed to various ministers of the Congo, the Congo's

registered agent in New York,  and to the Congo's attorney in New York, and (3) a "Notice of

Motion for Order Directing Clerk to Issue Writ of Garnishment," directed to various ministers of

the Congo, the Congo's registered agent in New York, and the Congo's attorney in New York.

Copies of the papers delivered to CMS Nomeco's registered agent on August 31, 2005 are

attached as Exhibit A.  None of those papers purported to require CMS Nomeco to appear and

answer in the proceedings or to take any other action.  In fact, on their face, neither the

"Affidavit" nor the "Notices" were directed to CMS Nomeco.  Under Murphy Brothers, CMS

Nomeco "bec[ame] a party officially," and was "required to take action in that capacity, only

upon service of a summons or other authority-asserting measure stating the time within which

the party served must appear and defend." 526 U.S. at 350.  The writ of garnishment served on

CMS Nomeco on October 12, 2005, a copy of which is attached as Exhibit B, is the first

document that was directed to CMS Nomeco, and it is the first document that required any action

on the part of CMS Nomeco.  The time for CMS Nomeco to remove the case did not begin to run

until October 12, 2005, and the Notice of Removal filed on November 1, 2005 is therefore

timely.


III.    CMS NOMECO PROPERLY REMOVED THE STATE COURT GARNISHMENT
ACTION WITHOUT CONCURRENCE BY CONGO

Af-Cap argues that it "is hornbook law" that this action must be remanded to the

Superior Court, because Congo did not join in CMS Nomeco's Notice of Removal (Remand

Motion ¶ 7).  However, under Delaware garnishment procedure, a judgment debtor is not

required to respond to a garnishment writ and is not served with or entitled to be served with a summons requiring it to appear in the garnishment action. In these circumstances, the Congo's consent to removal is not required by 28 U.S.C. § 1446.

Af-Cap is correct that in most civil actions, the rule of unanimity requires that all defendants must consent in order for removal to be proper. <u>Glendale Trust Co. v. Dow Chemical Co.</u>, 384 F. Supp. 423, 429 (E.D. Pa. 1974). However, under Delaware garnishment procedures, a judgment debtor is not entitled to be served with the writ of garnishment, is not summoned to appear therein, and is not considered to be a "defendant" for purposes of the garnishment proceeding. The process issued in this garnishment action confirms this rule. The writ issued in this case was directed only to CMS Nomeco, not the Congo. The Congo has not been summoned to appear in response to the writ because under Delaware garnishment law, "the original debtor is not a party and is not provided with notice of the garnishee's appearance." <u>See</u> <u>J.G. Wentworth</u>, 2002 WL 449701 at *1.

Consistent with Delaware garnishment law, the rationale of <u>Murphy Brothers</u> compels the conclusion that the Congo is not to be considered a "defendant" in a Delaware garnishment action for purposes of determining compliance with the unanimity requirement of section 1446. As the Court stated in that case, "one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." 526 U.S. at 350. Under Delaware garnishment procedure, the judgment debtor does not receive a summons and is not required to take any action in the garnishment case at any time. For these reasons, the writ of garnishment has not been served on the Congo, the Congo is not required to respond to the writs,

and the fact that it has not consented to removal is irrelevant to CMS Nomeco's right to remove the State Court Garnishment Action.

Another rule adopted by the courts under section 1446 mandates that consent of the Congo to removal is not required in a Delaware garnishment action. As held in Cartwright v. Thomas Jefferson University Hospital, 99 F. Supp. 2d 550, 552 n.6 (E.D. Pa. 2000), "defendants who have not been served at the time removal is filed . . . need not join in the removal or otherwise consent to it." The Congo has not been served, and is not required to be served as a matter of Delaware garnishment law, with the writ of garnishment that initiated this garnishment action. For this additional reason, the absence of a consent by the Congo to removal in this case is irrelevant.

The correctness of this conclusion is illustrated by this Court's decision in Kordus. In that case, the plaintiff / judgment creditor argued that the garnishee's removal of the case to federal court was improper, because the garnishee had failed to obtain the defendant / judgment debtor's consent to removal. 224 F.R.D. at 592. However, this Court held that the lack of the judgment debtor's consent was "not sufficient to nullify removal jurisdiction." Id. at 593. The federal court in Kansas reached the same result in Smotherman, holding that a garnishee was not required to obtain the judgment debtor's consent in order to remove garnishment proceedings under 28 U.S.C. § 1441. 755 F. Supp. at 349-50.

## IV. THERE IS NO CONTRACTUAL BAR TO REMOVAL

Af-Cap argues that a loan agreement between Congo and an alleged predecessor of Af-Cap prohibits Congo from taking any action, in response to an action brought in a court contemplated by such loan agreement, other than consenting to such action (Remand Motion

¶ 8). Whatever the merit of that contention with respect to actions that Congo might take, Af-Cap overlooks the rather obvious point that it was Congo, not CMS Nomeco, that entered into the loan agreement, and the loan agreement therefore has no impact on steps that CMS Nomeco may or may not take in response to a garnishment action filed against it.

Regardless of whether CMS Nomeco's rights "are limited only to those available to the judgment debtor" (Remand Motion ¶ 9) – a dubious proposition to begin with – there is nothing in the loan agreement that in any way limits CMS Nomeco's right to remove the State Court Garnishment Action. The language that Af-Cap quotes from the loan agreement does not provide that the Congo, to which the loan agreement does apply, could not remove an action from state to federal court. Af-Cap's argument arising from the loan agreement is frivolous.


V.    AF-CAP'S EFFORT TO RESERVE REMAND ARGUMENTS BASED ON UNASSERTED RESPONSES TO PARAGRAPHS 1 THROUGH 7 OF THE NOTICE OF REMOVAL IS IMPROPER

Af-Cap appears to attempt to reserve its rights with respect to statements made by CMS Nomeco in paragraphs 1 through 7 of its Notice of Removal, but it otherwise says nothing about them (Remand Motion ¶ 10). It is unclear what Af-Cap is attempting to reserve, but if it seeks to reserve rights to seek remand for procedural reasons under 28 U.S.C. § 1447, outside the time period for presenting a motion to remand based on such grounds, such a reservation would be contrary to the statute. In any event, due to Af-Cap's failure to seek any action from the Court with regard to the allegations in paragraphs 1-7 of the Notice of Removal, no further response from CMS Nomeco is appropriate at this time.

VI.    ATTORNEYS' FEES AND COSTS ARE NOT RECOVERABLE

Finally, Af-Cap seeks payment of its attorneys' fees and costs in responding to the Notice of Removal.  Although Af-Cap cites 28 U.S.C. § 1446(c) in support of its request for such fees and costs, it presumably meant to cite 28 U.S.C. § 1447(c), which states that if a remand motion is granted, the order remanding the case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  That grant of discretionary authority in no way obligates the Court to award fees and costs if it remands a removed case, nor does it override the American Rule.  See Mints v. Educational Testing Service, 99 F.3d 1253, 1260-61 (3d Cir. 1996) (district court has "broad discretion and may be flexible" in determining whether fees and costs should be awarded under section 1447(c) if case is remanded; where basis for removal was "if not frivolous, at best insubstantial," award of fees may be appropriate); DML Assocs., Inc. v. Mattel, Inc., 2003 WL 1798559, at *3 (D. Del. Apr. 7, 2003) (denying fee request upon remand to state court, because even though there was no federal jurisdiction, the removal of the state court action "was not so implausible, insubstantial or frivolous as to warrant the imposition of costs and attorney fees"); Martin v. Franklin Capital Corp., 393 F.3d 1143, 1147-48 (10th Cir. 2004) (fees and costs should not be granted under section 1447(c) where the defendant that removed the state court action to federal court "had objectively reasonable grounds to believe the removal was legally proper") (internal quotation marks and citation omitted), cert. granted, No. 04-1140, 73 U.S.L.W. 3630 (Apr. 25, 2005). Because CMS Nomeco's removal of the State Court Garnishment Action was based on sound legal authority – in fact, authority that requires that the Remand Motion be denied – there is no basis for the award of fees and costs sought by Af-Cap.

<u>CONCLUSION</u>

For the reasons set forth above, CMS Nomeco Congo Inc. (now named CMS

Nomeco Congo LLC) requests that the Court deny Af-Cap's Motion to Remand Action.


Respectfully submitted,


OF COUNSEL:                           /s/ M. Duncan Grant
                                      M. Duncan Grant (Del. Bar No. 2994)
Guy S. Lipe                           James C. Carignan (Del. Bar No. 4230)
Jason M. Powers                       PEPPER HAMILTON LLP
VINSON & ELKINS L.L.P.                Hercules Plaza, Suite 5100
First City Tower                      1313 N. Market Street
1001 Fannin Street, Suite 2300        P.O. Box 1709
Houston, TX  77002-6760               Wilmington, DE  19899-1709
(713) 758-2222                        (302) 777-6500

Dated:  November 23, 2005             Attorneys for Garnishee CMS Nomeco Inc.

1825599

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 23, 2005, the foregoing Answering Brief in

Opposition to Af-Cap's Motion to Remand Action was electronically filed with the Clerk of the

Court using CM/ECF, which will send notification of such filing to counsel as set forth below:

> Paul D. Brown, Esq.
> Greenberg Traurig, LLP
> The Nemours Building
> 1007 North Orange Street, Suite 1200
> Wilmington, DE 19801

> /s/ M. Duncan Grant
> M. Duncan Grant (Del. Bar No. 2994)
> PEPPER HAMILTON LLP
> Hercules Plaza, Suite 5100
> 1313 North Market Street
> P.O. Box 1709
> Wilmington, DE 19899-1709
> (302) 777-6500