## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONNECTICUT BANK OF COMMERCE, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 05-762 SLR |
| THE REPUBLIC OF CONGO, | ) ) ) |
| Defendant; | ) ) |
| CMS NOMECO CONGO INC., | ) ) ) |
| Garnishee. | ) |

### GARNISHEE CMS NOMECO'S MOTION
### TO AMEND ANSWER TO WRIT OF GARNISHMENT
### BY ADDING VERIFICATION

Garnishee CMS Nomeco Congo Inc. (now named CMS Nomeco Congo LLC) ("CMS Nomeco") hereby moves to amend its Answer to the Writ of Garnishment (D.I. 2) by adding a verification executed on its behalf by its President, Maryse Bernard. The verification is attached to this Motion as Exhibit A. In support of its Motion, CMS Nomeco states the following:

1. This action arises from the efforts by Af-Cap, Inc. ("Af-Cap"), which asserts that it is the assignee of plaintiff Connecticut Bank of Commerce, to collect on a judgment that Connecticut Bank of Commerce obtained against the Republic of Congo in New York state court. Specifically, Af-Cap seeks to collect on the judgment by attempting to garnish in-kind oil royalty of the Congo that the Congo is entitled to take under a concession agreement with CMS Nomeco for the production of oil in Congolese waters.

2. In order to pursue its garnishment efforts against CMS Nomeco, Af-Cap obtained a writ of garnishment from the Delaware Superior Court and served it on CMS Nomeco's registered agent in Delaware on October 12, 2005. On November 1, 2005, CMS Nomeco removed the Superior Court action to this Court, and it filed and served its Answer to the Writ of Garnishment the next day, November 2, 2005.

3. CMS Nomeco inadvertently omitted a verification from its Answer to the Writ of Garnishment. Unlike the practice in federal court, where verifications are virtually never required, such a verification appears to be required by Superior Court Civil Rule 5(aa)(2). In garnishment matters pending in federal court, the federal court is to apply the practice and procedure utilized in garnishment proceedings under the law of the state in which the district court is located, *see* Fed. R. Civ. P. 69(a).

4. Having now realized that it did not include a verification with its Answer to the Writ of Garnishment, CMS Nomeco wishes to amend its Answer by adding a verification, but it does not otherwise seek to amend its Answer.

5. The addition of a verification to CMS Nomeco's Answer is consistent with the Delaware statute governing answers to writs of garnishment. Specifically, 10 *Del. C.* § 3509 provides that even when a garnishee does not file any answer to a writ of garnishment at all, the only remedy available to the plaintiff / judgment creditor is to force the garnishee to file such an answer. Section 3509 provides, "If any garnishee, duly summoned shall not appear as required, he may be compelled, by attachment, to appear and answer or plead." Thus, section 3509 permits a plaintiff / judgment creditor to force a garnishee to answer the writ of garnishment, but it does not allow any other remedy, even against a garnishee that has ignored the writ of attachment.

6. Delaware case law is consistent with the plain meaning of section 3509. That is shown by the Superior Court's decision in *Cooper's Home Furnishings, Inc. v. Lolly*, 270 A.2d 676 (Del. Super. 1970), where the plaintiff, Cooper's, obtained judgments against two individuals who had bought furniture on credit but had failed to make their payments. Cooper's then garnished their wages from their employer, the City of Wilmington, but the City never answered the writ of garnishment. Instead, the City turned over to the Sheriff, for delivery to Cooper's, amounts that purported to equal 10% of each employee's paycheck, which was the percentage of the wages of a New Castle County resident that could be garnished under Delaware law at that time, *see* 10 *Del. C.* § 4913. Cooper's filed a motion to require the City to plead in response to the writs of garnishment. Relying upon section 3509, the Superior Court granted the motion and required the City to answer the writ of garnishment. No other relief was granted against the City, despite its default in its obligation to answer the writ of garnishment. *Id.* at 678-79.

7. The facts here are far less extreme that in *Cooper's*. Here, CMS Nomeco did not ignore the Writ of Garnishment, as the City had in *Cooper's*, but instead filed an extensive Answer to the Writ of Garnishment. Unlike Cooper's, which did not know exactly what the City of Wilmington's position was in response to the writ that Cooper's had served, Af-Cap knows exactly what CMS Nomeco's position is in response to the Writ of Garnishment. The only omission here was a highly technical one, which in no way disabled Af-Cap from knowing exactly how CMS Nomeco responds to the Writ of Garnishment.

8. The addition of the verification to CMS Nomeco's Answer to the Writ of Garnishment is thus proper under Delaware law, and it will not prejudice Af-Cap's rights in any way.

9.   Pursuant to Local Rule 7.1.1, CMS Nomeco certifies that it has made a reasonable effort to reach agreement with Af-Cap on the matters set forth in this Motion, but that the parties were unable to reach agreement.

WHEREFORE, CMS Nomeco Congo Inc. (now named CMS Nomeco Congo LLC) requests that the Court grant its Motion to Amend Answer to Writ of Garnishment by Adding Verification and permit CMS Nomeco to file the attached verification, which was executed on its behalf by its President, Maryse Bernard, in order to verify CMS Nomeco's Answer to Writ of Garnishment.

| | |
|---|---|
| OF COUNSEL: | /s/ M. Duncan Grant |
| | M. Duncan Grant (Del. Bar No. 2994) |
| Guy S. Lipe | James C. Carignan (Del. Bar No. 4230) |
| Jason M. Powers | PEPPER HAMILTON LLP |
| VINSON & ELKINS L.L.P. | Hercules Plaza, Suite 5100 |
| First City Tower | 1313 N. Market Street |
| 1001 Fannin Street, Suite 2300 | P.O. Box 1709 |
| Houston, TX 77002-6760 | Wilmington, DE 19899-1709 |
| (713) 758-2222 | (302) 777-6500 |
| Dated: November 23, 2005 | Attorneys for Garnishee CMS Nomeco Inc. |

1825421

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2005, the foregoing Motion to Amend Answer to Writ of Garnishment by Adding Verification was electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to counsel as set forth below:

Paul D. Brown, Esq.
Greenberg Traurig, LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801

/s/ M. Duncan Grant
M. Duncan Grant (Del. Bar No. 2994)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 North Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
(302) 777-6500