UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONNECTICUT BANK OF COMMERCE | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 05-762 (SLR) ) |
| THE REPUBLIC OF CONGO | ) ) |
| Defendant. | ) ) ) |

AF-CAP, INC.'S OPENING BRIEF IN SUPPORT
OF ITS MOTION FOR SUMMARY JUDGMENT AGAINST GARNISHEE
CMS NOMECO CONGO, INC. (now CMS NOMECO CONGO LLC)

GREENBERG TRAURIG LLP
Sanford M. Saunders, Jr.
Kenneth P. Kaplan
800 Connecticut Avenue, N.W.
Suite 500
Washington, DC 20006
(202) 331-3100

*Attorneys for Af-Cap, Inc.*

Dated: November 30, 2005

GREENBERG TRAURIG LLP
Paul D. Brown (No. 3903)
Joseph B. Cicero (No. 4388)
The Nemours Building
1007 North Orange Street
Suite 1200
Wilmington, DE 19801
(302) 661-7000

*Attorneys for Af-Cap, Inc.*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii
NATURE AND STAGE OF PROCEEDINGS ........................................................................1
STATEMENT OF FACTS ........................................................................................................4
ARGUMENT..............................................................................................................................4
    I.    Rule 5 (aa)(2) ........................................................................................................4
    II.   CMS' Answer is Procedurally Flawed .................................................................5
    III.  Alternatively, CMS' Answer Shows That AF-CAP Is Entitled To
         Judgment Against Garnishee ................................................................................6
    IV.  The Doctrine Of Collateral Estoppel Bars CMS..................................................6
        A.   CMS Is Subject To Attachment In Delaware .............................................6
        B.   CMS Is Barred By The Doctrine Of Collateral Estoppel From
            Raising Its Other Defenses/Objections To This Action.............................7
    V.   Even If CMS Were Not Barred, There Is No Question Under Delaware
         Law That An Oil Royalty Obligation Is Subject To Garnishment .........................7
CONCLUSION............................................................................................................................8

# TABLE OF AUTHORITIES

Cases

*Af-Cap Inc. v. Republic of Congo*, 383 F.3d 361, 371-372 (5th Cir. ),
    modified in reh'g 389 F.3d 503 (5th Cir. 2004),
    cert. denied 125 S. Ct. 1735 (2005)..................................................................1, 7

*Cooper's Home Furnishings, Inc. v. Lolly*, 270 A.2d 676, 678 (Del. Super. Ct. 1970).......5

*D'Angelo v. Petroleo Mexicanos*, 378 F. Supp. 1034, 1042 (D. Del. 1974)...................7

*Gilbert v. El Paso Co.*, 575 A.2d 1131, 1142 (Del. 1990)..........................................4

*Lissak v. Finnegan Builders*, 1988 WL 130393 (Del. Super. Ct. Nov. 22, 1988)...............4

*State v. Regency Group, Inc.*, 598 A.2d 1123, 1129 (Del. Super. Ct. 1991)............ 4, 5

*Tanzer v. Int'l Gen. Indus., Inc.*, 402 A.2d 382, 386 (Del. Ch. 1979).....................4, 5

*Wilmington Trust Co. v. Barron*, 470 A.2d 257, 262 (Del. 1983)..........................7, 8

State Statutes

10 *Del. C.* § 3509..................................................................................................5

Pursuant to Rule 5 (aa)(2) of the Delaware Superior Court Civil Rules, Af-Cap, Inc. ("Af-Cap"), successor to Plaintiff, Connecticut Bank of Commerce, submits this opening brief in support of its motion for summary judgment against garnishee CMS Nomeco, Congo, Inc. (now CMS Nomeco Congo LLC) ("CMS").[1] As demonstrated below, CMS has failed to timely or properly answer the Writ of Garnishment and, so, Af-Cap is entitled to judgment against CMS as a matter of law. Alternatively, Af-Cap is entitled to judgment against CMS because it admits in its answer that it holds property belonging to Af-Cap's judgment debtor, but has not turned that property over to Af-Cap.

## NATURE AND STAGE OF PROCEEDINGS

The matter before the Court is a garnishment action in which Af-Cap seeks to garnish property belonging to its judgment debtor, Congo, held by CMS. Af-Cap, and its predecessor, the Connecticut Bank of Commerce, have been chasing CMS and Congo in the Texas state and federal courts since 2001 to satisfy a judgment that its predecessor obtained in 1996 in the amount of $13,628,340.11 plus interest and costs. At the outset of the litigation, CMS was a resident in Texas and was a party to an oil deal with the Congo under which CMS was obligated to pay Congo royalties based upon oil production. In 2004, the United States Court of Appeals for the Fifth Circuit, held that CMS' obligation to pay the oil royalty to Congo was subject to garnishment, and that the situs of the debt was wherever the garnishee was located and, therefore, subject to jurisdiction. *See Af-Cap Inc. v. Republic of Congo*, 383 F. 3d 361, 371-372 (5th Cir.), *modified on reh'g.*, 389 F.3d 503 (5th Cir. 2004), *cert. denied* 125 S. Ct. 1735 (2005).

---

[1] By filing the Motion for Summary Judgment Against Garnishee CMS Nomeco Congo, Inc. (now CMS Nomeco Congo LLC) and this opening brief in support thereof, Af-Cap in no way waives its position that removal was improper and should be remanded to the Delaware Superior Court (*See* Af-Cap's Mot. for Remand, D.I. 3).

1

The Court further found that the garnishee, CMS, is located in the United States, including but not limited to Texas (where CMS was headquartered).

After the Fifth Circuit remanded the case to Western District of Texas, Af-Cap sought to have its writs reinstated. CMS lodged multiple objections, including a jurisdictional objection on the grounds that it was no longer present in Texas. The District Judge rejected CMS' arguments and reissued writs of garnishment, which he subsequently dissolved under a strained reading of Texas law. Af-Cap has appealed that decision to the Fifth Circuit, and briefing will be complete by December 5, 2005. In CMS' recent brief to the Fifth Circuit, it again asserts that it is not present in Texas. On the other hand, there can be no dispute that CMS is a going concern, incorporated and registered to do business in Delaware.

On August 30, 2005, Af-Cap recorded its entry of judgment in the Delaware Superior Court and filed a Praecipie, Motion for Writ of Attachment *Fieri Facias*, and other ancillary papers. Af-Cap served Congo in compliance with the Foreign Sovereign Immunities Act ("FSIA") and also served CMS through its Registered Agent. (*See* Return of Service Cards and Affidavit of Personal Service attached hereto as Exs. A and B respectively). Further, on September 8, 2005, Af-Cap served Congo again, this time including French translations of those papers in compliance with the FSIA. (*See* Return of Service Cards attached hereto as Ex. C.). On September 30, 2005, after a hearing the Superior Court issued an order directing the Prothonatary to issue a Writ of Garnishment against Congo's property held by CMS. (*See* Order of Hon. Judge Silverman attached hereto as Ex. D). Af-Cap served the Writ of Garnishment on CMS through its respective registered agent on October 12, 2005. (*See* Writ of Garnishment attached hereto as Ex.

E). On November 1, 2005, CMS filed a Notice of Removal, and on November 2, 2005, CMS filed an unverified Answer to the Writ of Garnishment one day out of time and without leave of Court. (D.I. 1 and 2 respectively). Af-Cap filed a Motion to Remand on November 9, 2005, and on November 17, 2005 filed its Exceptions to CMS' Answer. (D.I. 3 and 4 respectively). On November 22, 2005, CMS filed its opposition to Af-Cap's Motion to Remand and also a Motion to Amend its Answer. (D.I. 5 and 6 respectively).

The epic history of this case makes the present matter quite simple. The Fifth Circuit has already held that the oil royalty obligation is not immune from garnishment and is present in the United States wherever CMS is located. Thus, there are only two questions before this Court. First, is CMS still a party to the oil deal? Second, is CMS present in Delaware? CMS' Answer shows both are true. So, under Rule 5 (aa)(2) of the Delaware Superior Court Civil Rules, when a garnishee's answer identifies property (that has not been seized or delivered to the sheriff), the "plaintiff on motion may have personal judgment entered against garnishee in favor of plaintiff in an amount equal to the value of the property of defendant in garnishee's custody or possession, or the amount of the plaintiff's judgment, whichever is less, with interest and costs." (*See* Del. Super. Ct. Civ. R. 5 (aa)(2)). CMS has not delivered the property to the Sheriff and the property has not been seized. Af-Cap, therefore, requests that the Court to enter a personal judgment against CMS under Rule 5 (aa)(2) for the full amount of its judgment against the Congo plus interests and costs because that amount is far less than the total amount of the oil deal. (*See* Del. Super. Ct. Civ. R. 5 (aa)(2)).

## STATEMENT OF FACTS

There are only a handful of facts necessary to resolve this Motion. First, CMS admits in its Answer to that it holds an asset, the oil royalty obligation, belonging to Af-Cap's judgment debtor. (*See* CMS Answer to Writ of Garnishment ("CMS Answer") at 19, ¶¶ 1-3). Second, CMS admits that it is a Delaware limited liability company. *Id.* at 1. Third, CMS' Answer was filed late and was not verified.[2] (*See* D.I. 2 and 6). Fourth, despite admitting that it holds property subject to Af-Cap's garnishment writ, CMS has not delivered the property to Af-Cap and the property has not been seized.

## ARGUMENT

### I. RULE 5 (aa)(2)

The limited case law on garnishment in Delaware demonstrates that the proper procedural vehicle to address situations where a garnishee fails to obey writ procedures is to file a motion for summary judgment. *See e.g., Lissak v. Finnegan Builders*, 1988 WL 130393 (Del. Super. Ct. Nov. 22, 1988), attached hereto as Ex. F.

The Court may grant summary judgment if the moving party establishes that (i) no genuine issue of material fact exists with respect to the dispute, and (ii) the moving party is entitled to judgment as a matter of law. *See e.g,, Gilbert v. El Paso Co.*, 575 A.2d 1131, 1142 (Del. 1990). In making such a determination, the Court must assume that uncontroverted facts set forth in the record are true. *Tanzer v. Int'l Gen. Indus., Inc.*, 402 A.2d 382, 386 (Del. Ch. 1979). Once the moving party properly has supported the motion, the burden shifts to the non-moving party to demonstrate that material issues of fact exist, so as to make the grant of summary judgment inappropriate. *State v. Regency*

---

[2] Af-Cap notes that CMS has sought leave to file a corrected answer to include a verification. Af-Cap opposes that Motion and, to date, it has not been ruled upon. (*See* D.I. 6). Accordingly, CMS still has not filed a verified answer.

4

*Group, Inc.,* 598 A.2d 1123, 1129 (Del. Super. Ct. 1991). The non-moving party may not merely deny the factual allegations set forth by the movant. *Tanzer,* 402 A.2d at 385.

## II. CMS' ANSWER IS PROCEDURALLY FLAWED

Rule 5 (aa)(2) of the Superior Court Civil Rules provides that a garnishee "shall serve upon plaintiff **a verified answer within twenty days after service of process**, which shall specify what goods, chattels, rights, credits, money or effects of a defendant, if any, he has in his possession custody and control." (*See* Del. Super. Ct. Civ. R. 5 (aa)(2) (emphasis added)).[3] CMS' Answer fails to meet both of these requirements. First, CMS did not timely file its Answer. Af-Cap served CMS on October 12, 2005 and, therefore, its answer was due on November 1, 2005 -- twenty-days from the date of service. CMS, however, did not file its answer until November 2, 2005, and did not request leave of Court for an enlargement of time. Second, CMS' Answer was not verified.

CMS' failure to respond timely or properly to the Writ of Garnishment makes CMS liable for the full value of Af-Cap's judgment against the Congo. *See* 10 *Del. C.* § 3509. In *Cooper's Home Furnishings, Inc. v. Lolly,* the Delaware Superior Court held that a garnishee who fails to file a verified answer following service of attachment within the time prescribed is itself subject to attachment. 270 A.2d 676, 678 (Del. Super. Ct. 1970). Here, CMS did not file a verified answer, and the unverified answer was not filed on time.[4] Under Rule 5(aa)(2), CMS' Answer is time barred. Accordingly, the Court

---

[3] Pursuant to Rule 69 of the Federal Rules of Civil Procedure, the state rules on enforcement of judgments apply to this case.
[4] Even if the Court grants CMS' pending Motion to Amend, CMS has not, and cannot, cure its tardiness in responding to the Writ of Garnishment.

should enter a personal judgment against CMS for the full value of Af-Cap's judgment plus interest and costs.

### III. ALTERNATIVELY, CMS' ANSWER SHOWS THAT AF-CAP IS ENTITLED TO JUDGMENT AGAINST GARNISHEE

Despite its deficiencies, CMS' Answer demonstrates that it holds property belonging to Congo. (*See* CMS Answer at 19, ¶¶ 1-3 (D.I. 2)). Specifically, CMS admits that it is "the current owner[s] of working interests in a convention for the production of oil in the Republic of Congo . . . ." (*Id.* at ¶ 1). CMS also admits that under its deal with Congo that "the Congo is entitled to royalty." (*Id*). Furthermore, CMS admits that it paid Congo a royalty during the pendency of this action. In particular, it states that "[i]n September 2005, SNPC (Congo's state run oil Company) took a lifting of oil for the Congo and SNPC." (*Id.* at ¶ 3*)*. Thus, there is no dispute that CMS currently is party to an oil deal with the Congo under which it holds an asset, an oil royalty payment obligation, belonging to the Congo.

### IV. THE DOCTRINE OF COLLATERAL ESTOPPEL BARS CMS

CMS' admissions end this matter because they demonstrate that CMS holds property belonging to Af-Cap's judgment debtor. Yet, CMS suggests in nineteen pages of its deficient answer that Af-Cap is not entitled to garnish the property. Af-Cap showed in its exceptions why CMS' views are fatally flawed and briefly summarizes the pertinent reasons again here. (*See* D.I. 4 incorporated herein by reference).

#### A. CMS is Subject to Attachment in Delaware

Section 3502 of Title 10 of the Delaware Courts and Judicial Procedure Code states that "[a]ll corporations doing business in this State [except Banks and Insurance Companies under enumerated circumstances]. . . are subject to the operations of the

6

attachment laws of this State." In its Answer, CMS admits it is incorporated in Delaware. (*See* CMS Answer at 5, 16 and 17 (D.I. 2)).

### B. CMS is barred by the Doctrine of Collateral Estoppel from Raising its Other Defenses/Objections to this Action

In its answer CMS raises at various times defenses and objections to Af-Cap's action based upon the FSIA, situs of the debt, Act of State doctrine, Foreign State Compulsion doctrine, and the intangible nature of the asset. (*See* CMS Answer at 4 (¶15), 12, 14-18). As demonstrated on pages 3-7 of Af-Cap's Exceptions, CMS is barred from raising those defenses/objections by the doctrine of Collateral Estoppel. In that regard, it is particularly relevant that the Fifth Circuit held that, the intangible asset (CMS oil royalty obligation) at issue in this case is located in the United States -- "the situs of the Garnishees [CMS]." *See* 383 F.3d 361, 371 (5th Cir. 2004) (citing with approval *U.S. Indus. Inc. v. Gregg* 540 F.2d 142, 151 n. 5 (3d Cir. 1976)). Thus, there is no question under the Fifth Circuit decision and the Delaware garnishment statute that Congo's asset held by CMS is in the United States wherever CMS is located, and subject to garnishment there.

### V. EVEN IF CMS WERE NOT BARRED, THERE IS NO QUESTION UNDER DELAWARE LAW THAT AN OIL ROYALTY OBLIGATION IS SUBJECT TO GARNISHMENT

In *D'Angelo v. Petroleo Mexicanos,* this Court held that oil royalties are subject to sequestration in Delaware even though the oil company, Mobil, was merely incorporated in Delaware. 378 F. Supp. 1034, 1042 (D. Del. 1974) (Steel, S.J.). Finally, there is no question under Delaware law that an intangible obligation to pay those royalties is subject to garnishment. *See Wilmington Trust co. v. Barron,* 470 A.2d 257, 262 (Del. 1983)

(citing 2 v. Woolley, *Practice in Civil Action and Proceedings in the Law Courts of the State of Delaware*, § 1152 (1906)).

## CONCLUSION

For the reasons set forth above, Af-Cap respectfully requests that the Court enter a personal judgment for the full value of Af-Cap's judgment plus interest and costs against CMS.

| | |
|---|---|
| **GREENBERG TRAURIG LLP**<br>Sanford M. Saunders, Jr.<br>Kenneth P. Kaplan<br>800 Connecticut Avenue, N.W.<br>Suite 500<br>Washington, DC 20006<br>(202) 331-3100 | **GREENBERG TRAURIG LLP**<br><br>Paul D. Brown (No. 3903)<br>Joseph B. Cicero (No. 4388)<br>The Nemours Building<br>1007 North Orange Street<br>Suite 1200<br>Wilmington, DE 19801<br>(302) 661-7000 |
| *Attorneys for Af-Cap, Inc.* | *Attorneys for Af-Cap, Inc.* |

Dated: November 30, 2005