UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONNECTICUT BANK OF COMMERCE, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 05-762 (SLR) ) |
| THE REPUBLIC OF CONGO, | ) ) ) |
| Defendant. | ) |

## AF-CAP, INC.'S REPLY BRIEF TO GARNISHEE'S OPPOSITION TO MOTION TO REMAND

**GREENBERG TRAURIG LLP**
Sanford M. Saunders, Jr.
Kenneth P. Kaplan
800 Connecticut Avenue, N.W.
Suite 500
Washington, DC 20006
(202) 331-3100

*Attorneys for Af-Cap, Inc.*

Dated: December 2, 2005

**GREENBERG TRAURIG LLP**
Paul D. Brown (No. 3903)
Joseph B. Cicero (No. 4388)
The Nemours Building
1007 North Orange Street
Suite 1200
Wilmington, DE 19801
(302) 661-7000

*Attorneys for Af-Cap, Inc.*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES..................................................................................ii

INTRODUCTION.................................................................................................1

ARGUMENT........................................................................................................2

    I.    IF, AS CMS ARGUES, GARNISHMENT IS AN INDEPENDENT ACTION, CMS LACKS STANDING TO REMOVE..........................................................................................2

    II.    ALTERNATIVELY, GARNISHEE LACKS STANDING TO REMOVE BECAUSE IT IS A MERE STAKEHOLDER.....................3

        A.    CMS Lacks Standing Under Section 1441...........................3

        B.    This Garnishment Proceeding Is Ancillary To, Not Independent From, Af-Cap's Claim Against Congo.................4

        C.    Even If CMS Is A Party, This Action Is Ancillary To Af-Cap's Judgment Against Congo, So CMS May Not Remove Without Congo's Consent...............6

    III.    ALTERNATIVELY, CMS' REMOVAL WAS UNTIMELY...............6

    IV.    THIS COURT SHOULD AWARD FEES TO AF-CAP......................8

CONCLUSION.....................................................................................................8

# TABLE OF AUTHORITIES

## CASES

*Action Auto Stores v. United Capitol Insurance Co.*, 1992 WL 21203,
No. 5:91-CV-32 at *3 (W.D. Mich. Jan. 13, 1992)..................................................5

*Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 443 (1989)............2

*Foster v. Chesapeake Ins. Co.*, Ltd., 933 F.2d 1207 (3d Cir. 1991)..........................6

*Harding Hospital v. Sovchen*, 868 F. Supp. 1074, 1075 (S.D. Ind. 1994)....................4

*Int'l. Org. Masters, Mates and Pilots of America, Local No. 2,
v. Int'l. Org. Masters, Mates and Pilots of America*,
342 F. Supp. 212, 214 (E.D. Pa. 1972) .........................................................4

*Kordus v. Biomark In'tl LLC*, 224 F.R.D. 590 (D. Del. 2004).................................3

*Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908)..............................3

*McIntosh v. Scottsdale Ins. Co.*, 1991 WL 228344,
No. 91-1344-K, *3 (D. Kan. Oct. 9, 1991).....................................................5, 6

*Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804 (1986).......................3

*Mesa v. California*, 489 U.S. 121, 133 (1989).................................................3, 4

*Montrose Med. Group Participating Savs. Plan v. Bulger*,
243 F.3d 773, 779 & n. 3 (3d Cir. 2001).......................................................7

*Murphy Brothers, Inc. v. Michetti Pipe Stringing*, 526 U.S. 344, 351 (1999)................7

*Richmond v. Allstate Insurance Co.*, 624 F. Supp. 235, 237 (E.D. Pa. 1985)................4

*Stoll v. Hawkeye Casualty Co. of Des Moines*, 182 F.2d 96 (8th Cir. 1950).................5

*Wausau Ins. Co. v. Koal Indus. Intl.*, Inc., 811 F. Supp. 399, 400 (S.D. Ind. 1991)........5

*Willingham v. Morgan*, 395 U.S. 402, 406 (1969).............................................3, 4

## STATUTES

28 U.S.C. § 1330..............................................................................1, 2

28 U.S.C. § 1331.................................................................................1

28 U.S.C. § 1441..................................................................................................1, 2, 3

28 U.S.C. § 1442.........................................................................................................3

28 U.S.C. § 1446.........................................................................................................8

28 U.S.C. § 1447.........................................................................................................1

10 Del. C. § 3509........................................................................................................5

## INTRODUCTION

Plaintiff/judgment creditor, Af-Cap, Inc. ("Af-Cap"), as assignee for Connecticut Bank of Commerce, submits this reply brief to CMS Nomeco Congo, Inc.'s, ("Garnishee" or "CMS") answering brief in opposition to Af-Cap's motion to remand this action to the Superior Court of the State of Delaware ("Superior Court"), pursuant to 28 U.S.C. § 1447 (the "Motion to Remand").

CMS' Answering Brief in Opposition to Af-Cap's Motion to Remand Action ("CMS Opp", D.I. 5), filed November 23, 2005, repeats the three errors in its Notice of Removal: (1) CMS lacks standing to remove, (2) CMS' Notice of Removal was not filed timely, and (3), even if timely filed, removal is improper under the Rule of Unanimity. (*See* Motion to Remand ¶ 1 ("Remand"), D.I. 3). CMS' answering brief further compounds these mistakes by propounding three additional erroneous arguments. First, CMS wrongfully asserts federal jurisdiction under 28 U.S.C. § 1331 when the Foreign Sovereign Immunities Act ("FSIA") and Supreme Court precedent limits jurisdiction to 28 U.S.C. § 1330. Second, Garnishee asserts standing to remove under § 1441(a), precisely because the FSIA provides exclusive standing to remove to the "foreign state" under § 1441(d). Third, CMS misapplies the Supreme Court's holding in *Murphy Brothers, Inc. v. Michetti Pipe Stringing* to support the claim that its Notice of Removal was timely.

CMS has not, and cannot, refute any of Af-Cap's arguments; accordingly, this Court should remand this matter to the Superior Court.

1

**ARGUMENT**

I. **IF, AS CMS ARGUES, GARNISHMENT IS AN INDEPENDENT ACTION, CMS LACKS STANDING TO REMOVE**

CMS argues that the garnishment proceeding is a separate and independent claim for purposes of removal under federal question jurisdiction. (CMS Opp at 4, D.I. 5, Notice of Removal at ¶¶ 9-10, D.I. 1). CMS' position fails to recognize that this garnishment relates to the assets of a foreign sovereign, which means that, under the Supreme Court precedent, jurisdiction and removal under the FSIA lie exclusively in Sections 1330(b) and 1441(d) respectively. *See Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 443 (1989). In *Argentine Republic*, the Court noted that Sections 1604 and 1330 work in tandem -- the first barring claims for reason of immunity, the second granting exclusive jurisdiction for those claims exempted from immunity. *Id.* at 443. The Court explicitly denied a garnishee's attempt to remove under the blanket jurisdiction of 28 U.S.C. § 1331. CMS attempts to do the same here, and, so, it should too be denied. *Id.* at 438-39 (finding that the FSIA exemptions, and not § 1331, grant jurisdiction over a sovereign).

Similarly, CMS improperly asserts standing under § 1441(a), when § 1441(d) is the **sole** statutory basis for standing to remove an action under the FSIA. *See Id.* at 434 n. 3, *citing* S. Rep. No. 94-1310 pp. 11-12 (1976) (noting that Congress created a "comprehensive statutory scheme", including venue, removal, and attachment, to act as "sole and exclusive standards" "[prescribing] ... the jurisdiction of U.S. district courts in cases involving foreign states."). Section 1441(d) states that actions brought against a "foreign state" may be removed by "the foreign state" and no one else. Accordingly, CMS' removal is barred on both jurisdictional and standing grounds.

2

Nonetheless, CMS repeatedly relies on *Kordus v. Biomark International LLC* for the proposition that it may assert federal question jurisdiction based on a defense of sovereign immunity. *See Kordus v. Biomark In'tl LLC*, 224 F.R.D. 590 (D. Del. 2004) (cited at CMS Opp 5-6, D.I. 5, Notice of Removal ¶ 8, D.I. 1). CMS' reliance on *Kordus* is unavailing. In general, a private defendant must remove under 28 U.S.C. § 1441 and establish that federal jurisdiction exists over plaintiff's original claim; it may not bootstrap itself into federal court by asserting a defense that raises a federal question. *See Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908); *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804 (1986) ("A defense that raises a federal question is inadequate to confer federal jurisdiction."). *Kordus* involves a very limited exception to this general rule: which applies only where the **United States** is party to a case. *Kordus* holds that the United States may remove under 28 U.S.C. § 1442 and assert federal jurisdiction based on a defense -- in that particular case, sovereign immunity. *Kordus*, 224 F.R.D. at 591; *See Mesa v. California*, 489 U.S. 121, 133 (1989); *Willingham v. Morgan*, 395 U.S. 402, 406 (1969). Thus, *Kordus* is irrelevant here as CMS is a private party bound by *Merrell Dow* and may not remove under § 1442.[1]

## II.   ALTERNATIVELY, GARNISHEE LACKS STANDING TO REMOVE BECAUSE IT IS A MERE STAKEHOLDER

### A.   CMS Lacks Standing Under Section 1441

CMS contends that it is a named defendant to this action with authority to remove under section 1441. (*See* CMS Opp. at 4, D.I. 5). Even if CMS could overcome the fact that it is not a foreign sovereign, as discussed above, it still could not remove under Section 1441. This is so because, as the Supreme Court has held, a garnishee lacks

---

[1] Moreover, as demonstrated above, the exclusive grant of jurisdiction under FSIA arises under § 1330 and the right to removal is granted to the Foreign Sovereign under § 1441(d).

power to remove a claim. *Mesa v. California*, 498 U.S. 121 (1989); *Willingham v. Morgan*, 395 U.S. 402 (1969). Thus, as a garnishee, CMS is nothing more than a nominal party, not a defendant, and lacks standing to remove. *Id.*

### B. This Garnishment Proceeding Is Ancillary To, Not Independent From, Af-Cap's Claim Against Congo

CMS quotes *Harding Hospital v. Sovchen* to support its view that the "majority of cases allow such removals [of garnishments]." 868 F. Supp. 1074, 1075 (S.D. Ind. 1994). (CMS Opp. at 5, D.I. 5). CMS misses the point in relying upon *Harding* and other non-FSIA cases because this garnishment action arises under the FSIA jurisdictional provisions, not general federal question jurisdiction. In any event, *Harding's* internal citations show that Third Circuit case law does not follow this "majority view." Indeed in both *Int'l Organization of Masters* and *Richmond*, the Eastern District of Pennsylvania remanded the garnishment actions. *See Int'l. Org. Masters, Mates and Pilots of America, Local No. 2, v. Int'l. Org. Masters, Mates and Pilots of America*, 342 F. Supp. 212, 214 (E.D. Pa. 1972) (noting that garnishment removal cases are "hopelessly divided in their results and reasoning"); *Richmond v. Allstate Insurance Co.*, 624 F. Supp. 235, 237 (E.D. Pa. 1985). And, in *Richmond*, the Eastern District of Pennsylvania stated that federal removal of "minor matters" of garnishment is disfavored. *Richmond*, 624 F. Supp. at 237. Thus, the cases discussed in *Harding* actually show that courts within the Third Circuit favor remand in garnishment proceedings.

CMS instead cites five cases outside the Third Circuit, all concluding that garnishment is an independent "civil action" subject to independent removal. (CMS Opp at 6, D.I. 5). The conclusion is unfounded because the cases are irrelevant to the question

4

at bar. Specifically, four of the cases involve the scope of insurance coverage, none involve a foreign sovereign, and one is no longer good law.[2]

In *Harding*, an Indiana court refused remand because defendant's insurer, the garnishee, claimed that damages sought were beyond the scope of defendant's coverage. *Harding*, 868 F. Supp. at 1078. The garnishee argued that it did not hold defendant's property and could not be party to the garnishment. The court found that this constituted a separate and independent claim.[3]

*Stoll*, *Action Auto Stores*, and *McIntosh* involve identical scope of coverage claims relating to insurance policies (an area of law entirely irrelevant here). In *Stoll*, plaintiff sued a vehicle's owner for injuries sustained in an accident and filed a writ of garnishment against the owner's insurer. *Stoll v. Hawkeye Casualty Co. of Des Moines*, 182 F.2d 96 (8th Cir. 1950). The insurer removed and answered that its coverage extended only to drivers having the owner's permission. Since the driver did not have such permission, the claim was beyond the owner's coverage, and the insurer did not hold defendant's property for purposes of garnishment. *Id.* Similarly, in *Action Auto Stores*, a Michigan court refused remand because defendant's insurer, the garnishee, argued that, "for various reasons, it did not owe defendant any money." *Action Auto Stores v. United Capitol Insurance Co.*, 1992 WL 21203, No. 5:91-CV-32 at *3 (W.D. Mich. Jan. 13, 1992) (attached hereto as Ex. A). Finally, in *McIntosh*, the court refused remand of a garnishment action where the city's insurer claimed that its coverage was limited to

---

[2] The Southern District of Indiana modified *Wausau* with its subsequent ruling in *Harding* in 1994. *Wausau Ins. Co. v. Koal Indus. Int'l*, Inc., 811 F. Supp. 399, 400 (S.D. Ind. 1991). As shown above, *Harding* is irrelevant.

[3] Unlike many cases, *Harding* also requires that state procedure treat garnishment as a separate "civil action". *Id.* at 1077-78. There, Indiana Code § 34-1-11-20 (now § 34-25-3-2), required separate service of process, and the court noted that "Discovery appears to be available, and a garnishment judgment appears to be separately appealable." Here, 10 *Del. C.* § 3509 provides for separate service, but does not provide for separate discovery or appealability.

5

"river festival activities" and not "ongoing building hazards" which were the cause of plaintiff's injuries. *McIntosh v. Scottsdale Ins. Co.*, 1991 WL 228344, No. 91-1344-K, *3 (D. Kan. Oct. 9, 1991) (attached hereto as Ex. B).

These four nearly identical cases show, at most, that a insurer-garnishee's claim that it does not hold defendant's property constitutes a separate claim. In contrast, CMS is not an insurer, and in any event admits that it holds the property in question -- the oil royalties -- and further admits that they belong to Congo. (CMS Opp. at 8, D.I. 5; *See also* Notice ¶¶ 2, 5, D.I. 1 (referring to the "Republic of Congo's in-kind royalty interest" in Garnishee's "valuable oil concession in the Congo"); CMS Answer at 19, ¶¶ 1-3, D.I. 2). CMS has accepted the obligation to pay oil royalties. Af-Cap does not seek to alter this obligation, merely to redirect it.[4] Thus, as CMS' authorities show, CMS' claim is inextricably linked with and is ancillary to Af-Cap's underlying action against Congo and, accordingly is not a separate action subject to removal.

### C. Even if CMS is a Party, This Action Is Ancillary to Af-Cap's Judgment Against Congo, so CMS May Not Remove Without Congo's Consent

CMS does not contest the well-settled unanimity requirement for removal. On that basis alone, Af-Cap's Motion to Remand should be granted.[5] (*See* Motion to Remand at ¶ 7, D.I. 3).

### III. ALTERNATIVELY, CMS' REMOVAL WAS UNTIMELY

CMS attempts to dodge the fact that its Removal was time barred on the theory that service of the Writ of Garnishment, not service of Af-Cap's Motion and Praecipe for

---

[4] Similarly, CMS's claim of "personal, pecuniary" interests is inapposite; if a garnishee's obligation is unaltered, its interests are unaffected and, therefore, immaterial. (*See* CMS Opp at 8, D.I. 5).
[5] As noted in Af-Cap's Motion to Remand (D.I. 3): (a) Garnishee has not sought and the Congo did not grant such consent; (b) the Congo has contractually waived its powers of removal as permitted by law so that it cannot provide such consent. *See Foster v. Chesapeake Ins. Co.*, Ltd., 933 F.2d 1207 (3d Cir. 1991); (Motion to Remand at 6, D.I. 3). Congo's waiver prevents unanimity and precludes removal by any party.

6

Writ of Attachment *Fieri Facias*, triggers the time for removal. (*See* CMS Opp. at 9-10, D.I. 5). CMS is wrong. As the Supreme Court clearly stated in *Murphy Brothers, Inc. v. Michetti Pipe Stringing*, the official service of the initial pleading "directing an individual or entity to participate in a civil action" starts the removal clock running. 526 U.S. 344, 351 (1999). In the instant action, the initial pleading directing CMS to participate is Af-Cap's Motion/Praecipe because absent that motion, Af-Cap cannot obtain a writ of garnishment. Af-Cap served CMS with its Motion/Praecipe through its registered agent by private process server on September 1, 2005. (*See* Ex. B attached to Motion for Remand, D.I. 3). Thus, CMS' Notice of Removal, if it were allowed, should have been filed no later than thirty days later, but it was not filed until November 1, 2005.

Further, Garnishee is judicially estopped from asserting, as it does in its Notice and Answering Brief, that it only became party to this action once served with the Writ of Garnishment. (*See* CMS Opp. at 9, D.I. 5). In the related case of *Walker International Holdings, Limited v. Republic of Congo*, No. 05-MC-00156 currently before this Court, CMS, in response to Walker's Motion/Praecipe for Issuance of a Writ of Attachment *Fieri Facias* over the exact same asset at issue in this case has already filed an Opposition to Walker's Motion/Praecipe without awaiting service of the writ itself. (*See* Ex. C attached hereto). CMS' opposition to the writ of garnishment shows that CMS understood that it had been hailed into Court upon official service of the Motion/Praecipe and based upon its position in *Walker International* is judicially estopped from asserting otherwise in this related case. *See Montrose Med. Group Participating Savs. Plan v. Bulger*, 243 F.3d 773, 779 & n. 3 (3d Cir. 2001) ("... judicial estoppel bars a litigant from asserting a position that is inconsistent with one he or she previously took before a court

7

or agency"). Thus, there can be no question that service of the Motion/Praecipe started the removal clock ticking, and that CMS' Notice was not only improper, but untimely.

## IV.  THIS COURT SHOULD AWARD FEES TO AF-CAP

Garnishee itself quotes several cases which state that the Court may award fees for "insubstantial" removal actions. (*See* CMS Opp. at 15, D.I. 5 (*quoting Mints v. Educational Testing Service*, 99 F.3d 1253 (3d Cir. 1996) and *DML Assoc. v. Mattel, Inc.*, 2003 WL 1798559, at *3 (D.Del. April 7, 2003))). Having failed to show either FSIA or standard 1441(a) standing, jurisdiction, unanimous consent, or any other requisite for removal, CMS' motion is indeed "at best insubstantial." *Id.* Therefore, according to CMS's own authorities, this Court should exercise its discretion and award Af-Cap its attorney's fees under 28 U.S.C. § 1446(c).

## CONCLUSION

For each of the foregoing reasons and those grounds set forth in Af-Cap's Motion to Remand, Af-Cap respectfully requests that the Court remand this action to Superior Court.

**GREENBERG TRAURIG LLP**
Sanford M. Saunders, Jr.
Kenneth P. Kaplan
800 Connecticut Avenue, N.W.
Suite 500
Washington, DC 20006
(202) 331-3100

*Attorneys for Af-Cap, Inc.*

Dated: December 2, 2005

**GREENBERG TRAURIG LLP**

Paul D. Brown (No. 3903)
Joseph B. Cicero (No. 4388)
The Nemours Building
1007 North Orange Street
Suite 1200
Wilmington, DE 19801
(302) 661-7000

*Attorneys for Af-Cap, Inc.*