# EXHIBIT A

**Westlaw.**

Not Reported in F.Supp.                                                                                                        Page 1

Not Reported in F.Supp., 1992 WL 21203 (W.D.Mich.)

**(Cite as: 1992 WL 21203 (W.D.Mich.))**

H

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, W.D. Michigan,
Southern Division.
ACTION AUTO STORES, INC., a Michigan
corporation, Plaintiff,
v.
UNITED CAPITOL INSURANCE COMPANY,
Garnishee-defendant,
and
Oscar W. Larson Company, a Michigan
corporation, Defendant.
**No. 5:91-CV-32.**

Jan. 13, 1992.

L. David Lawson, Winegarden, Shedd, Haley, Lindholm & Robertson, Flint, Mich., for Action Auto Stores, Inc.

Constantine N. Kallas, Leonard A. Henk, Kallas, Lower, Henk & Treado, PC, Bloomfield Hills, Mich., for United Capitol Insurance Company.

*OPINION DENYING PLAINTIFF'S MOTION TO REMAND*

BENJAMIN F. GIBSON, Chief Judge.

*1 This case is before the Court on plaintiff Action Auto Stores' motion for remand based on lack of jurisdiction. Plaintiff maintains that garnishment actions are ancillary or supplemental proceedings and thus not removable under Title 28 United States Code Section 1441. Plaintiff also contends that even if this Court finds that garnishment actions are generally removable, this particular action should be remanded because there is not complete diversity between the parties.

I.
In 1988, Oscar W. Larson Company ("defendant") filed various actions in state court for money it claimed plaintiff owed it for work done at Action Auto locations. Plaintiff counterclaimed alleging that defendant had negligently installed a gasoline containment system. Plaintiff also sued defendant in a separate action alleging that it failed to remove contaminated soil from several Action Auto locations. [FN1]

The parties entered a partial settlement prior to trial. According to the settlement, defendant dismissed its claims with prejudice. In return, plaintiff dismissed some of its claims and agreed not to execute on or enforce a judgment against any of defendant's assets except on those arising out of insurance policies or contracts. Defendant apparently stopped contesting some claims and a default was entered in the amount of $2,197,000.00. Plaintiff's other claims were tried in state court where a jury rendered a verdict of two million dollars against defendant.

Plaintiff filed a writ of garnishment in the Ingham County Circuit Court against United Capitol Insurance Company ("garnishee"). Garnishee filed a garnishee disclosure statement in which it alleged that it was not indebted to defendant and that, therefore, it should not be subject to garnishment. Garnishee argued that no underlying debt existed since the settlement agreement released defendant from liability and also argued that various provisions in the insurance policy prevented garnishment. On May 15, 1991, garnishee filed a petition for removal with this Court. Plaintiff subsequently filed its motion to remand.

II.
The United States Judicial Code states that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1 447(c). In

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  Page 2
Not Reported in F.Supp., 1992 WL 21203 (W.D.Mich.)

**(Cite as: 1992 WL 21203 (W.D.Mich.))**

reviewing plaintiff's motion, the Court must determine whether it has jurisdiction over the case. If it does not, the case must be immediately remanded. Doubts about whether jurisdiction exists should be construed against removal. *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir.1979); *ANR Pipeline Company v. Conoco, Inc.*, 646 F.Supp. 439, 442 (W.D.Mich.1986).

The federal removal statute provides, in part, that "any *civil action* brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States...." 28 U.S.C. § 1441(a) (emphasis added). Thus, any proceeding that cannot properly be labeled a civil action is not removable. The statute further provides that "whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed...." 28 U.S.C. § 1441(c). When a claim is merely ancillary to a nonremovable claim, the claims may not be removed to federal court under Section 1441(c). Supplementary proceedings and proceedings which are but continuations of prior suits are not removable. *Federal Savings and Loan Insurance Corporation*, 419 F.2d 1014 (7th Cir.1969) (citing *Barrow v. Hunton*, 99 U.S. 80 (1879)).

III.

*2 It is clear that no grounds for federal jurisdiction are present in the underlying state action between Action Auto and Larson as the case involved neither federal questions nor diverse parties. If the present garnishment action is classified as merely ancillary to the state contract case, it is not removable. Neither party argues that ancillary actions are removable; the issue contested in this litigation is whether a garnishment action is properly labeled an ancillary action or whether it is a separate and independent civil action.

Michigan courts have held that garnishment actions should be classified as ancillary. *Stevens v. Northway*, 293 Mich. 31, 291 N.W. 211 (1940),

aff'd, 312 U.S. 563 (1941); *Ward v. Detroit Auto. Inter-Insurance Exchange*, 115 Mich.App. 30, 320 N.W.2d 280 (1982). There is a split in authority, however, about whether a state court's characterization of its garnishment proceedings is dispositive in determining removability. See *Drs. Macht, Podore & Associates, Inc. v. Girton*, 392 F.Supp. 66, 67 (S.D.Ohio 1975) and cases cited therein. The issue has not been addressed by the Sixth Circuit.

The Supreme Court has determined that a state's procedure cannot control the privilege of removal granted by federal statute. *Chicago R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954). Allowing the state's labeling of its garnishment procedure to control this Court's determination about whether the action is removable might well be inconsistent with the *Chicago R.I. & P.R.* decision. *Drs. Macht, Podore & Associates*, 392 F.Supp. at 67; 1A James Moore, *Moore's Federal Practice* ¶ 0.167 (2d ed. 1991); see also *Stewart v. EGNEP (Pty), Ltd.*, 581 F.Supp. 788, 789-90 (C.D.Ill.1983). The Court thus holds that it is not bound by state law but must make its own determination about whether the proceedings are ancillary.

Plaintiff argues that even if this Court decides that it may not merely adopt the label that the state court has attached to its garnishment proceedings, the state's interpretation of its garnishment law should nonetheless be entitled to great weight. See Plaintiff's brief at 4-5 (citing *Swanson v. Liberty National Insurance Company*, 353 F.2d 12, 13 (9th Cir.1965)). The Court agrees but finds that it is not merely the state's characterization of the action that is entitled to deference. The Court must also look to the procedural law that the state has enacted to implement garnishment and determine if, in fact, the procedure treats the action as separate and independent. See *Richmond v. Allstate Ins. Co.*, 624 F.Supp. 235 (E.D.Pa.1985) (stating that substance rather than form should determine ancillariness). The Michigan Court Rules state that if there is a dispute about a garnishee's liability, "the issue shall be tried in the same manner as other civil actions." M.C.R. § 3.101(M)(1). Michigan allows parties to file a jury demand (M.C.R. §

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  Page 3

Not Reported in F.Supp., 1992 WL 21203 (W.D.Mich.)

**(Cite as: 1992 WL 21203 (W.D.Mich.))**

3.101(M)(4)) and to engage in discovery (M.C.R. §§ 3.101(J)(3) and 3.101(M)(2)). Such rules indicate that, despite the label placed upon the action, the proceedings are treated in many ways as separate civil actions.

*3 Other courts which have found garnishment actions to be removable have based their holdings on the fact that the garnishments involve new parties with different interests than those present in the underlying actions. *Berry v. McLemore,* 795 F.2d 452, 455 (5th Cir.1986); *Butler v. Polk,* 592 F.2d at 1296; *Stewart v. EGNEP (Pty), Ltd.,* 581 F.Supp. at 790; *see also Graef v. Graef,* 633 F.Supp. 450, 453 (E.D.Pa.1986). The case before this Court certainly involves such factors. The underlying state action was to determine whether or not defendant polluted plaintiff's work sites by doing work negligently or by failing to remove contaminated soil. The garnishment action does not deal with this subject at all. Garnishee does not assert that defendant is not liable to plaintiff; instead, it contends that, for various reasons, it does not owe defendant any money and thus cannot be garnished for the benefit of the plaintiff. [FN2] The Court holds that the action is thus separate and independent from the state case.

IV.

Even though the Court has determined that this garnishment is an independent action, it is still not removable unless this Court has subject matter jurisdiction over the case. No party argues that the case involves a federal question; therefore, the Court only has jurisdiction if the requirements of diversity jurisdiction are met. Section 1332 of the United States Code which outlines the requirements of diversity jurisdiction has long been interpreted to require complete diversity between the parties. *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267 (1806). Plaintiff argues that the case must be remanded because both it and defendant Oscar W. Larson Company are Michigan corporations. Garnishee contends that the parties are, in fact, diverse because defendant is merely a nominal party with no real interest in the case. Garnishee also claims that the parties should be realigned since defendant's interests coincide more with those of the plaintiff than those of the garnishee.

The Supreme Court has said that a federal court must "look beyond the pleadings and arrange the parties according to their sides in the dispute." *Dawson v. Columbia Ave. Sav. Fund S.D., T. & T.C.,* 197 U.S. 178, 180 (1905); *Indianapolis v. Chase National Bank,* 314 U.S. 63, 69 (1941). Garnishee cites cases holding that a defendant's interests are aligned with those of plaintiff's in garnishment proceedings. The Court need not determine whether this is generally the case, as the settlement agreement signed by defendant indicates that its interests are aligned with those of plaintiff in this particular action.

Through that agreement, the parties determined that any judgment against defendant would be collected from proceeds of insurance policies. By entering such an agreement, defendant prevented plaintiff from taking its other assets by directing it to its insurance proceeds. It has thereby demonstrated its interest in having the judgment satisfied through insurance proceeds instead of other assets. [FN3] As the Court has determined that the parties should be realigned, it need not reach the issue of whether defendant should be considered a nominal party.

V.

*4 For the reasons stated above, plaintiff's motion to remand is hereby denied. The Court will not award either party costs of the proceeding.

FN1. The actions were consolidated.

FN2. Plaintiff cites *Richmond v. Allstate Insurance Company,* 624 F.Supp. 235 (E.D.Pa.1985) and *Overman v. Overman,* 412 F.Supp. 411 (E.D.Tenn.1976) in support of its position that garnishment actions are not removable. These cases hold garnishment is ancillary because such actions depend upon the existence of a valid judgment. Thus, garnishment is merely a final step the plaintiff must take to get relief. *Overman,* 412 F.Supp. at 412. The Court is not persuaded by this

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1992 WL 21203 (W.D.Mich.)  
**(Cite as: 1992 WL 21203 (W.D.Mich.))**

Page 4

reasoning. Although it is true that obtaining a valid judgment is a prerequisite to garnishment, this does not determine the nature of the action itself. Because the garnishee can raise issues wholly different than those litigated by plaintiff and defendant in the initial trial, the garnishment proceeding is an independent action.

FN3. Garnishee asserts that in the settlement agreement defendant also promised to help plaintiff effectuate judgment against the insurers. The Court notes that such an agreement, if made, would be more evidence indicating the necessity of realignment.

Not Reported in F.Supp., 1992 WL 21203 (W.D.Mich.)

**Motions, Pleadings and Filings (Back to top)**

• 5:91cv00032 (Docket) (May. 15, 1991)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.