# EXHIBIT B

Westlaw.

Not Reported in F.Supp.

Not Reported in F.Supp., 1991 WL 228344 (D.Kan.)

**(Cite as: 1991 WL 228344 (D.Kan.))**

Page 1

**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, D. Kansas.
Scott E. MCINTOSH and Steven R. McIntosh,
Plaintiffs,
v.
SCOTTSDALE INSURANCE COMPANY,
Defendant.
No. 91-1344-K.

Oct. 9, 1991.
Jack Scott McInteer of Depew, Gillen & Rathbun,
Wichita, Kan., for plaintiffs.

Stephen M. Kerwick of Foulston & Siefkin,
Wichita, Kan., for defendant.

*MEMORANDUM AND ORDER*

PATRICK F. KELLY, District Judge.

*1 This matter is before the court as a result of
Scottsdale Insurance Company's removal of a
garnishment action pending against it in Sedgwick
County District Court. In response, plaintiffs in the
garnishment action, Scott and Steven McIntosh,
have filed a motion to remand the proceedings to
the state court.

Plaintiffs initiated a personal injury action in state
court against the City of Wichita alleging
negligence for failure to warn of a dangerous
condition and seeking damages for injuries
sustained in a fall on city property. The City did
not deny liability and was assessed 100% of the
fault. Plaintiffs obtained a favorable judgment
against the City in the amount of $74,571.15 plus
their costs.

Plaintiffs instituted this garnishment action against
Scottsdale Insurance Company on July 8, 1991.
Scottsdale was not a party to the original action
between plaintiffs and the City of Wichita but was
the liability insurer for the Wichita River Festival
and had listed the City as an additional insured on
its policy covering the festival activities. On
August 13, 1991, Scottsdale filed a notice of
removal of the garnishment proceeding to the
United States District Court. The petition for
removal alleged that diversity of citizenship existed
between the plaintiffs and the garnishee and that the
amount in controversy exceeded $50,000. In
response, plaintiffs filed a motion to remand.

28 U.S.C. § 1441(a) authorizes removal of a "civil
action" from state court to federal court.
Subsection (a) of § 1441 provides:

Except as otherwise expressly provided by Act of
Congress, any civil action brought in a State court
of which the district courts of the United States
have original jurisdiction, may be removed by the
defendant or the defendants, to the district court of
the United States for the district and division
embracing the place where such action is pending.

Plaintiffs allege the present garnishment
proceeding is not an independent "civil action" for
purposes of removal, but instead, is an ancillary
proceeding of the original action against the City.
They argue that state law rather than federal law
governs the nature of garnishment proceedings for
removal purposes. Scottsdale contends the
garnishment proceeding is an independent civil
action properly removable. In support of its
contention, Scottsdale argues that this garnishment
proceeding involves a new party, the garnishee, and
raises an issue not litigated in the original action,
that is, whether its policy provided coverage for
plaintiff's injuries.

It is a well-settled rule that a suit which is merely

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.

Not Reported in F.Supp., 1991 WL 228344 (D.Kan.)

(Cite as: 1991 WL 228344 (D.Kan.))

ancillary or supplemental to another action cannot be removed from state court to federal district court. *Federal Savings and Loan Ins. Corp. v. Quinn,* 419 F.2d 1014 (7th Cir.1969); *Reynolds v. Reynolds,* 309 F.2d 395 (5th Cir.1962); *Western Medical Properties v. Denver Opportunity,* 482 F.Supp. 1205, 1207 (D.Colo.1980); 1A Moore's Federal Practice ¶ 0.157[4.-11] (2d ed.1991). There is some confusion, however, as to whether a garnishment proceeding should be characterized as ancillary or independent, and whether state or federal law governs the characterization.

*2 Plaintiffs contend state law should determine whether garnishment proceedings are ancillary or independent civil actions. Several circuit and district court opinions support this contention. *See Fleeger v. General Ins. Co. of America,* 453 F.2d 530, 532 (10th Cir.1972) (Oklahoma law applied to characterization of garnishment proceeding as independent action); *London & Lancashire Indemnity Co. v. Courtney,* 106 F.2d 277, 283 (10th Cir.1939) (Oklahoma law applied to characterization of garnishment proceeding as independent action); *Western Medical Properties v. Denver Opportunity,* 482 F.Supp. 1205, 1207 (D.Colo.1980) (Colorado law applied to characterization of garnishment proceeding as ancillary action).

In recent years, however, a trend has developed in which the courts have turned to federal law to characterize garnishment proceedings as either ancillary or independent civil actions for removal purposes. *Swanson v. Liberty National Ins. Co.,* 353 F.2d 12, 13 (9th Cir.1965), *aff'd,* 353 F.2d 12 (9th Cir.1965) (separability as it affects removal is a federal question); *Randolph v. Employers Mutual Liability Ins. Co. of Wis.,* 260 F.2d 461, 464 (8th Cir.1958), *cert. denied,* 359 U.S. 909 (1959) (federal law, not Missouri, controlled characterization of garnishment proceedings for removal purposes); *Richmond v. Allstate Ins. Co.,* 624 F.Supp. 235, 237 (E.D.Pa.1985) (characterization of garnishment proceedings for removal purposes regarded as a matter of federal law); *E.C. Robinson Lumber Co. v. Fort,* 112 F.Supp. 242, 243, (E.D.Mo., 1953) (citing *Stoll v.*

*Hawkeye Casualty Co.,* 185 F.2d 96 (8th Cir.1950)) (whether action removable controlled by federal law not state law); 1A Moore's Federal Practice ¶ 0.167[12.-3] (2d ed.1991).

A case factually similar to the one presented was considered by Judge Crow in *Bridges for Bridges v. Bentley by Bentley,* 716 F.Supp. 1389 (D.Kan.1989), wherein the plaintiff obtained a favorable judgment in state court for personal injuries suffered while extending aid to automobile accident victims. Subsequently, the plaintiff filed a petition for garnishment against the defendant's automobile liability insurer. *Id.* at 1390. The garnishee filed a petition for removal to the federal court based upon 28 U.S.C. § 1441(c), claiming the garnishment proceeding was a separate and independent action. Judge Crow determined the characterization of a garnishment action for removal purposes was a matter of federal law rather than a matter determined by construing each state's garnishment statute. *Id.* at 1391. The garnishment action was found to be properly removable because it was an independent action from the primary liability action previously litigated. This conclusion was based upon the fact that the garnishment proceeding involved a new party, the garnishee, and involved the litigation of a new issue, the existence of liability on the part of the insurer-garnishee. *Id.* at 1392. *See also Smotherman v. Caswell,* 755 F.Supp. 346, 348, (D.Kan.1990) (nature of garnishment action governed by federal law rather than state law); *Armour v. Reigel and Ranger Insurance Company,* Nos. 79-4152 and 79-4153, slip op. at 3 (D.Kan. Apr. 12, 1982) (new party and new claims render garnishment action separate and independent cause of action).

*3 Upon examination of the above case law and other authorities, this court agrees that federal law rather than state law should govern the characterization of garnishment proceedings for removal purposes. *See Chicago R.I. & P.R.R. v. Stude,* 346 U.S. 574, 580 (1953). After consideration of the facts in the present case, the court finds this garnishment proceeding is not ancillary or supplementary to the primary liability

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.

Not Reported in F.Supp., 1991 WL 228344 (D.Kan.)

**(Cite as: 1991 WL 228344 (D.Kan.))**

action. Rather, the garnishment proceeding in the instant action involves a new party not present in the personal injury action, and involves an issue not litigated in the prior action. The issue in this action is whether the garnishee's insurance policy, issued to the City, covered plaintiff's injuries. Scottsdale contends its policy covered only those damages in association with the river festival activities and denies liability for injuries caused by ongoing building hazards. Clearly, this garnishment proceeding is a new and independent civil action requiring litigation on the existence of a new liability. Therefore, since jurisdictional requisites have been met, the garnishment action is a properly removable "civil action".

IT IS THEREFORE ORDERED this 9th day of October, 1991, that plaintiff's motion to remand (Dkt. No. 6) is denied. A status conference will be taken up in the court's chambers on November 7, 1991, at 9:00 A.M.

Not Reported in F.Supp., 1991 WL 228344 (D.Kan.)

**Motions, Pleadings and Filings (Back to top)**

• 6:91cv01344 (Docket) (Aug. 13, 1991)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.