# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CONNECTICUT BANK OF )
COMMERCE )
  )
        Plaintiff, )
  )
    v. )       Civil Action No. 05-762 (SLR)
  )
THE REPUBLIC OF CONGO, )
  )
       Defendant. )
  )

## AF-CAP, INC.'S ANSWERING BRIEF IN OPPOSITION TO GARNISHEE'S MOTION TO AMEND ANSWER TO WRIT OF GARNISHMENT BY ADDING VERIFICATION

**GREENBERG TRAURIG LLP**
Sanford M. Saunders, Jr.
Kenneth P. Kaplan
800 Connecticut Avenue, N.W.
Suite 500
Washington, DC 20006
(202) 331-3100

*Attorneys for Af-Cap, Inc.*

Dated: December 8, 2005

**GREENBERG TRAURIG LLP**
Paul D. Brown (No. 3903)
Joseph B. Cicero (No. 4388)
The Nemours Building
1007 North Orange Street
Suite 1200
Wilmington, DE 19801
(302) 661-7000

*Attorneys for Af-Cap, Inc.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................... ii

NATURE AND STAGE OF PROCEEDINGS ...........................................................1

SUMMARY OF ARGUMENT ..................................................................................2

STATEMENT OF FACTS .........................................................................................2

ARGUMENT ..............................................................................................................3

      I.      CMS' Motion to Amend Should Be Denied Because it Provides No

            Authority to Support its Motion...........................................................3

      II.     CMS' Motion to Amend Should Be Denied Because Such Amendment

            Unduly Prejudices AF-CAP, Inc., and in Any Event, is Futile. ...............................5

CONCLUSION...........................................................................................................7

## <u>TABLE OF AUTHORITIES</u>

**Federal Cases**

*Eria v. Texas E. Transmission Co.*, 377 F. Supp. 344, 345 (E.D.N.Y. 1974)................6

*Foman v. Davis*, 371 U.S. 178, 182 (1962)....................................................5, 6, 7

*Koolstra v. Sullivan*, 128 F.R.D. 672, 674 (D. Colo. 1989)....................................4

*Matlack, Inc. v. Hupp Corp.*, 57 F.R.D. 151, 163-164 (E.D. Pa. 1972).......................6

*Pegasus Dev. Corp. v. DirectTV, Inc.*, 2002 WL 598457 (D. Del.)...........................4

*Saporito v. Combustion Eng'r. Inc.*, 843 F.3d 666, 675 (3d Cir. 1988)......................4

*Schaghticoke Tribe v. Kent School Corp., Inc.*, 423 F. Supp. 780, 783 (D. Conn. 1976)...6

*United States v. Teeven*, 1992 WL 683682 * 8 (D. Del.)........................................4

*Unlaub Co., Inc. v. Sexton*, 427 F. Supp. 1360, 1366-67 (W.D. Ark. 1977).................6

*Walker Intern. Holdings, Ltd. v. Murphy Exploration and Prod. Co.*, 415 F.3d 413 (5th Cir. 2005)..............................................................................................3

**State Cases**

*Coopers v. Home Furnishings, Inc.*, 270 A.2d 676 (Del. Super. Ct. 1970)............5, 6, 7

## NATURE AND STAGE OF PROCEEDINGS

The matter before the Court is a garnishment action in which Af-Cap, Inc. ("Af-Cap"), successor to plaintiff, Connecticut Bank of Commerce ("CBC"), seeks to garnish property belonging to its judgment debtor, the Republic of Congo ("Congo"), held by CMS Nomeco Congo, Inc. (n/k/a CMS Nomeco Congo LLC ("CMS"). Af-Cap, and its predecessor, CBC, have been chasing CMS and Congo in the Texas state and federal courts since 2001 to satisfy a judgment that its predecessor obtained in 1996 in the amount of $13,628,340.11 plus interest and costs.

On October 12, 2005, Af-Cap served a writ of garnishment on CMS, through its registered agent. On November 1, 2005, CMS filed a Notice of Removal, and on November 2, 2005, CMS filed an unverified Answer to the Writ of Garnishment one day out of time and without leave of Court. (D.I. 1 and 2 respectively).

On November 23, 2005, after Af-Cap filed its exceptions to CMS' unverified Answer, CMS filed a Motion to Amend Answer to Writ of Garnishment by Adding Verification. ("Motion to Amend"). This is Af-Cap's answering brief in opposition to the Motion to Amend.

## SUMMARY OF ARGUMENT

Pursuant to Local Rule 7.1.2(a)(2), Af-Cap submits this answering brief in opposition to the Motion to Amend.[1] As an initial matter, CMS provides no authority to support its Motion to Amend and, for that reason alone, the Court should deny the Motion to Amend. In addition, even if it could overcome this hurdle, as shown below, CMS' Motion to Amend should not be granted because the proposed amendment unduly prejudices Af-Cap and, in any event, is futile.

## STATEMENT OF FACTS

Despite the history of this case, there are only four facts relevant to resolving this motion. First, Af-Cap served the Writ of Garnishment on CMS, through its registered agent, on October 12, 2005. Second, CMS failed to respond to the Writ of Garnishment within the statutorily prescribed time limit. Third, CMS' untimely answer did not comply with statute because it was not verified. Fourth, after reviewing Af-Cap's Exceptions to its Answer in which Af-Cap exposed the fatal flaws in CMS' answer, CMS filed the instant motion in an apparent attempt to cure these incurable defects.[2]

---

[1] Af-Cap submits this opposition to the Motion to Amend in this Court without waiving its position that CMS improperly removed this matter as set forth in its Motion to Remand.

[2] For a fuller recitation of the facts underlying this action, Af-Cap incorporates herein by reference its Exceptions to CMS' Answer (D.I. 4) and its Motion for Summary Judgment (D.I. 7) as well as its Motion/Praecipe For Writ of Attachment *Fie I Facias* (D.I. 1).

**ARGUMENT**

## I.    CMS' MOTION TO AMEND SHOULD BE DENIED BECAUSE IT PROVIDES NO AUTHORITY TO SUPPORT ITS MOTION

Delaware Superior Court Civil Rule 5(aa)(2) mandates that a Garnishee "duly summoned . . . shall serve upon plaintiff a **verified answer** within 20 days after service of process. . .." *See* Del. Super. Ct. Civ. R. 5(aa)(2).  Pursuant to Rule 69(a) of the Federal Rules of Civil Procedure, (the "Federal Rules"), Delaware Superior Court Civil Rule 5(aa)(2) applies to this garnishment action arising under the Foreign Sovereign Immunities Act.  *See also Walker Intern. Holdings, Ltd. v. Murphy Exploration and Prod. Co.*, 415 F.3d 413 (5th Cir. 2005) (holding state law and procedure governs garnishment proceedings in an action brought under FSIA).  CMS, garnishee in this case, was duly summonsed on October 12, 2005. (*See* Exhibit A attached hereto.)  Therefore, there can be no question that CMS had to file its verified response within twenty days of service on November 1, 2005.  Yet, CMS failed to file a verified answer on the twentieth day and instead filed an unverified answer on the twenty-first day.  CMS, thus, missed the deadline for filing its answer, and also failed to follow the requirements for its answer.  Now, under the guise of a Motion to Amend, CMS asks the Court to excuse its behavior by allowing CMS to amend its Answer.  The law does not operate in such a fashion.

Although not cited by CMS, the sole rule governing amendments to pleadings is Rule 15 of the Federal Rules.  Assuming, *arguendo,* that CMS is seeking to amend its answer under that rule, CMS misapplies Rule 15(a).  Federal Rule 15(a), in pertinent part, provides: "[o]therwise a party may amend the party's pleading only by leave of court or

3

written consent of the adverse party; and leave shall be feely given when justice so requires." Fed. R. Civ. P. 15(a). CMS has failed to make any showing of why justice requires the amendment, and there is none. Federal Rule 15, however, is not a mechanism for CMS to repair its failure to abide by a statutory provision.

The Third Circuit has routinely held that Federal Rule 15(a) allows amendments when pleadings "lack the requisite factual specificity for a particular cause of action." *See e.g. Saporito v. Combustion Eng'r. Inc.*, 843 F.3d 666, 675 (3d Cir. 1988) (granting leave to amend RICO claim to provide greater specificity); *Pegasus Dev. Corp. v. DirectTV, Inc.*, 2002 WL 598457 at * 1 (D. Del.) (citing cases) (attached hereto as Exhibit B); *see also e.g. United States v. Teeven*, Case No. Civ.A. 92-418-LON, 1992 WL 683682 * 8 (D. Del. Oct. 27, 1992) (explaining that Government's Amendment remedied defects "by pleading with sufficient particularity the factual basis for conclusory averments in the original affidavit.") (attached hereto as Exhibit C).

In contrast, CMS seeks to correct its failure to abide by the Delaware garnishment procedures through amendment, not to correct an answer lacking in particularity. There is no legal basis for CMS' request. Indeed, the United States District Court for the District of Colorado has observed that an attorney's failure to follow a statutory mandate is unacceptable grounds for a motion to amend. *See Koolstra v. Sullivan*, 128 F.R.D. 672, 674 (D. Colo. 1989) (denying motion to amend based upon Assistant United States Attorney's error in failing to follow statutory requirements for handling agency litigation). There is no reason for the Court to diverge from that sound interpretation of Federal Rule 15(a).

CMS' reliance on *Coopers v. Home Furnishing, Inc.* is misplaced. 270 A.2d 676 (Del. Super. Ct. 1970). (*See* CMS Mot. at 3, ¶ 7). *Coopers* does not support CMS' view that the Court should allow the amendment, and does not even address a garnishee seeking to amend a procedurally deficient and time-barred answer. Rather, in *Coopers*, as CMS notes, the garnishee ignored the writ of garnishment and, thus, the appropriate procedural vehicle available to the plaintiff/judgment creditor was a Motion to Compel the garnishee to answer the writ. *Coopers*, 270 A.2d at 678 (explaining that garnishee must adhere to Delaware statutory requirements). In contrast, CMS answered the writ, but failed to do so in either the time or manner required under the statute. Thus, the holding in *Cooper's*, is irrelevant to the question at bar, and provides no support for CMS' request to correct its failure to comply with the Delaware procedures on answers to garnishment writs.

## II.     ALTERNATIVELY, CMS' MOTION TO AMEND SHOULD BE DENIED BECAUSE SUCH AMENDMENT UNDULY PREJUDICES AF-CAP, INC. AND, IN ANY EVENT, IS FUTILE.

The case law interpreting Federal Rule 15(a) holds that the court has discretion to deny a motion to amend when, *inter alia*, the proposed amendment causes "undue prejudice to the opposing party" or is "futile." *See Foman v. Davis*, 371 U.S. 178, 182 (1962). In the present case, both factors are present. Af-Cap would suffer "undue prejudice" because allowing the amendment would permit CMS to further delay this proceeding, which will enable CMS to continue assisting Congo in avoiding its obligations to Af-Cap. In particular, CMS will be allowed to continue paying Congo the oil royalty obligation that the United States Court of Appeals for the Fifth Circuit and the United States District Court for the Western District of Texas has held should be paid to

Af-Cap. CMS admits to having made a royalty payment to Congo in September while this action was pending. Similarly, other creditors of Congo could seek relief in the intervening time period resulting from the delay caused by CMS' proposed amendment. The delay caused to this proceeding by allowing the amendment in a proceeding where CMS' defenses are foreclosed also constitutes "undue prejudice" to Af-Cap's rights. *See e.g. Matlack, Inc. v. Hupp Corp.*, 57 F.R.D. 151, 163-164 (E.D. Pa. 1972) (discussing delay as indicia of prejudice to non-moving party).

Moreover, the Court should deny CMS' Motion to Amend because the proposed amendment is futile for two reasons. First, CMS' answer was filed out of time. *See* Del. Super. Ct. Civ. R. 5(aa)(2). Even if the Court allowed the amendment, it would not, and cannot, correct CMS' failure to answer on time. Second, the verification only reinforces the grounds upon which Af-Cap seeks summary judgment against CMS. (*See* Af-Cap's Opening Brief in Support of its Motion for Summary Judgment, D.I. 8). Specifically, CMS' proposed amendment merely verifies that it owes Congo the oil royalties, and CMS is barred from asserting that Af-Cap is not entitled to garnish that obligation. Thus, CMS' Motion to Amend should be denied because the proposed amendment is futile. *See e.g. Foman*, 371 U.S. at 182 (stating futility of amendment is grounds to deny Motion to Amend); *Unlaub Co., Inc. v. Sexton*, 427 F. Supp. 1360, 1366-67 (W.D. Ark. 1977) (denying motion to amend and granting motion for summary judgment because no material fact in dispute); *Schaghticoke Tribe v. Kent School Corp., Inc.*, 423 F. Supp. 780, 783 (D. Conn. 1976) (finding no reason to amend over non-movant's objections where defenses are legally insufficient); *Eria v. Texas E. Transmission Co.*, 377 F. Supp.

344, 345 (E.D.N.Y. 1974) (holding futile to grant motion to amend when defenses could be defeated by motion for summary judgment) (citing *Foman v. Davis*).

## CONCLUSION

CMS has provided no grounds to support its Motion to Amend, and none exist. As Af-Cap has demonstrated, Federal Rule 15(a) and guiding precedent demonstrate that CMS' Motion to Amend should be denied.

**GREENBERG TRAURIG LLP**
Sanford M. Saunders, Jr.
Kenneth P. Kaplan
800 Connecticut Avenue, N.W.
Suite 500
Washington, DC  20006
(202) 331-3100

*Attorneys for Af-Cap, Inc.*

Dated:  December 8, 2005

**GREENBERG TRAURIG LLP**

Paul D. Brown (No. 3903)
Joseph B. Cicero (No. 4388)
The Nemours Building
1007 North Orange Street
Suite 1200
Wilmington, DE 19801
(302) 661-7000

*Attorneys for Af-Cap, Inc.*

7

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2005, the foregoing AF-CAP, INC.'S
ANSWERING BRIEF IN OPPOSITION TO GARNISHEE'S MOTION TO AMEND
ANSWER TO WRIT OF GARNISHMENT, was electronically filed with the Clerk of
the Court using CM/ECF, which will send notification of such filing to counsel as set
forth below:

M. Duncan Grant, Esquire
James C. Carignan, Esquire
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, DE 19801

Joseph B. Cicero (#4388)

DEL-FS1\152067v02

8