IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONNECTICUT BANK OF COMMERCE,<br><br>          Plaintiff,<br><br>v.<br><br>THE REPUBLIC OF CONGO,<br><br>          Defendant;<br><br>CMS NOMECO CONGO INC.,<br><br>          Garnishee. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )    Civil Action No. 05-762 SLR |

**GARNISHEE CMS NOMECO'S REFERENCE TO
ADDITIONAL AUTHORITY IN OPPOSITION
TO AF-CAP'S MOTION TO REMAND ACTION**

Pursuant to Local Rule 7.1.2(c), garnishee CMS Nomeco Congo Inc. (now named CMS Nomeco Congo LLC) ("CMS Nomeco") wishes to bring to the Court's attention a pertinent case that was decided after Af-Cap, Inc. filed its Reply Brief (D.I. 9) in support of its Motion to Remand Action (D.I. 3).

In its Remand Motion, Af-Cap somewhat blithely, and without citation of any case authority, sought reimbursement of its attorneys' fees and costs "incurred as a result of CMS' removal" of the action from state court to this Court (Remand Motion ¶ 11). In response, on page 16 of its Answering Brief in Opposition to Motion to Remand Action (D.I. 5), CMS Nomeco cited, among other cases, *Martin v. Franklin Capital Corp.*, 393 F.3d 1143 (10th Cir. 2004), *cert. granted*, No. 04-1140, 73 U.S.L.W. 3630 (Apr. 25, 2005). We pointed out that the principle set forth by the Tenth Circuit in *Martin* was that if a removed case is remanded to state court, fees and costs should not be granted under 28 U.S.C. § 1447(c) where the defendant "had

objectively reasonable grounds to believe the removal was legally proper." 393 F.3d at 1147-48 (internal quotation marks and citation omitted). But more to the point, we advised the Court that the Supreme Court had granted review of the Tenth Circuit's *Martin* ruling.

The Supreme Court issued its ruling in the *Martin* case on December 7, 2005 (copy attached as Exhibit A). In a unanimous opinion written by Chief Justice Roberts, the Court held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Slip op. at 8.

As shown in CMS Nomeco's Answering Brief, there is substantial legal authority supporting its removal of this action to federal court, in fact authority so strong that the Remand Motion should be denied. However, even if the Court were to disagree and remand the action to state court, CMS Nomeco plainly had "an objectively reasonable basis for seeking removal." *Id*. Moreover, Af-Cap has not even suggested the existence of any "unusual circumstances," *id*.

The Motion to Remand Action should be denied in its entirety, but in any event, Af-Cap's request for reimbursement of its attorneys' fees and costs should be denied.

Respectfully submitted,

| OF COUNSEL: | /s/ M. Duncan Grant |
|---|---|
| | M. Duncan Grant (Del. Bar No. 2994) |
| Guy S. Lipe | James C. Carignan (Del. Bar No. 4230) |
| Jason M. Powers | PEPPER HAMILTON LLP |
| VINSON & ELKINS L.L.P. | Hercules Plaza, Suite 5100 |
| First City Tower | 1313 N. Market Street |
| 1001 Fannin Street, Suite 2300 | P.O. Box 1709 |
| Houston, TX 77002-6760 | Wilmington, DE 19899-1709 |
| (713) 758-2222 | (302) 777-6500 |
| | |
| Dated: December 12, 2005 | Attorneys for Garnishee CMS Nomeco Inc. |

1833220