# EXHIBIT A

(Slip Opinion)  OCTOBER TERM, 2005  1

Syllabus

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## MARTIN ET UX v. FRANKLIN CAPITAL CORP.

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

No. 04–1140.  Argued November 8, 2005—Decided December 7, 2005

In removing petitioner Martins' state-court class action to federal court on diversity grounds, respondents (collectively, Franklin) acknowledged that the amount in controversy was not clear from the face of the state-court complaint, but argued that this requirement for federal diversity jurisdiction was nonetheless satisfied under precedent suggesting that punitive damages and attorney's fees could be aggregated in making the calculation. The District Court denied the Martins' motion to remand to state court and eventually dismissed the case with prejudice. Reversing and remanding with instructions to remand to state court, the Tenth Circuit agreed with the Martins that their suit failed to satisfy the amount-in-controversy requirement and rejected Franklin's aggregation theory under decisions issued after the District Court's remand decision. The latter court then denied the Martins' motion for attorney's fees because Franklin had legitimate grounds for believing this case fell within federal-court jurisdiction. Affirming, the Tenth Circuit disagreed with the Martins' argument that attorney's fees should be granted on remand as a matter of course under 28 U. S. C. §1447(c), which provides that a remand order "may require payment of just costs and any actual expenses, including attorney fees," but provides little guidance on when fees are warranted. The court noted that fee awards are left to the district court's discretion, subject to review only for abuse of discretion; pointed out that, under Circuit precedent, the key factor in deciding whether to award fees is the propriety of removal; and held that, because Franklin had relied on case law only subsequently held to be unsound, its basis for removal was objectively reasonable, and the fee denial was not an abuse of discretion.

*Held:* Absent unusual circumstances, attorney's fees should not be

awarded under §1447(c) when the removing party has an objectively reasonable basis for removal. Conversely, where no objectively reasonable basis exists, fees should be awarded. This Court rejects the Martins' argument for adopting a strong presumption in favor of awarding fees. The reasons for adopting such a presumption in *Newman* v. *Piggie Park Enterprises, Inc.*, 390 U. S. 400, 402 *(per curiam)*, are absent here. Also rejected is Franklin's argument that §1447(c) simply grants courts jurisdiction to award costs and attorney's fees when otherwise warranted. Were the statute strictly jurisdictional, there would be no need to limit awards to "just" costs; any award authorized by other provisions of law would presumably be "just." The Court therefore gives the statute its natural reading: Section 1447(c) authorizes courts to award costs and fees, but only when such an award is just. That standard need not be defined narrowly, as the Solicitor General argues, by awarding fees only on a showing that the unsuccessful party's position was frivolous, unreasonable, or without foundation. *Christiansburg Garment Co.* v. *EEOC*, 434 U. S. 412, 422, and *Flight Attendants* v. *Zipes*, 491 U. S. 754, 762, distinguished. The fact that a §1447(c) fee award is discretionary does not mean that there is no governing legal standard. When applying fee-shifting statutes, the Court has found limits in "the large objectives" of the relevant Act. *E.g.*, *Zipes*, 491 U. S., at 759. The appropriate test for awarding fees under §1447(c) should recognize Congress' desire to deter removals intended to prolong litigation and impose costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied. In light of these "large objectives," the standard for awarding fees should turn on the reasonableness of the removal. In applying the general rule of reasonableness, district courts retain discretion to consider whether unusual circumstances warrant a departure in a given case. A court's reasons for departing, however, should be "faithful to the purposes" of awarding fees under §1447(c). *Fogerty* v. *Fantasy, Inc.*, 510 U. S. 517, 534, n. 19. Pp. 3–9.

393 F. 3d 1143, affirmed.

ROBERTS, C. J., delivered the opinion for a unanimous Court.

Cite as: 546 U. S. ____ (2005) 1

Opinion of the Court

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

No. 04–1140

## GERALD T. MARTIN, ET UX., PETITIONERS v. FRANKLIN CAPITAL CORPORATION ET AL.

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

[December 7, 2005]

CHIEF JUSTICE ROBERTS delivered the opinion of the Court.

A civil case commenced in state court may, as a general matter, be removed by the defendant to federal district court, if the case could have been brought there originally. 28 U. S. C. §1441 (2000 ed. and Supp. II). If it appears that the federal court lacks jurisdiction, however, "the case shall be remanded." §1447(c). An order remanding a removed case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Ibid.* Although §1447(c) expressly permits an award of attorney's fees, it provides little guidance on when such fees are warranted. We granted certiorari to determine the proper standard for awarding attorney's fees when remanding a case to state court.

I

Petitioners Gerald and Juana Martin filed a class-action lawsuit in New Mexico state court against respondents Franklin Capital Corporation and Century-National Insurance Company (collectively, Franklin). Franklin re-

2     MARTIN v. FRANKLIN CAPITAL CORP.

Opinion of the Court

moved the case to Federal District Court on the basis of diversity of citizenship. See §§1332, 1441 (2000 ed. and Supp. II). In its removal notice, Franklin acknowledged that the amount in controversy was not clear from the face of the complaint—no reason it should be, since the complaint had been filed in state court—but argued that this requirement for federal diversity jurisdiction was nonetheless satisfied. In so arguing, Franklin relied in part on precedent suggesting that punitive damages and attorney's fees could be aggregated in a class action to meet the amount-in-controversy requirement. See App. 35.

Fifteen months later, the Martins moved to remand to state court on the ground that their claims failed to satisfy the amount-in-controversy requirement. The District Court denied the motion and eventually dismissed the case with prejudice. On appeal, the Court of Appeals for the Tenth Circuit agreed with the Martins that the suit failed to satisfy the amount-in-controversy requirement. The Tenth Circuit rejected Franklin's contention that punitive damages and attorney's fees could be aggregated in calculating the amount in controversy, in part on the basis of decisions issued after the District Court's remand decision. The Court of Appeals reversed and remanded to the District Court with instructions to remand the case to state court. 251 F. 3d 1284, 1294 (2001).

Back before the District Court, the Martins moved for attorney's fees under §1447(c). The District Court reviewed Franklin's basis for removal and concluded that, although the Court of Appeals had determined that removal was improper, Franklin "had legitimate grounds for believing this case fell within th[e] Court's jurisdiction." App. to Pet. for Cert. 20a. Because Franklin "had objectively reasonable grounds to believe the removal was legally proper," the District Court denied the Martins' request for fees. *Ibid.*

The Martins appealed again, arguing that §1447(c)

requires granting attorney's fees on remand as a matter of course. The Tenth Circuit disagreed, noting that awarding fees is left to the "wide discretion" of the district court, subject to review only for abuse of discretion. 393 F. 3d 1143, 1146 (2004). Under Tenth Circuit precedent, the "'key factor'" in deciding whether to award fees under §1447(c) is "'the propriety of defendant's removal.'" *Ibid.* (quoting *Excell, Inc.* v. *Sterling Boiler & Mechanical, Inc.*, 106 F. 3d 318, 322 (CA10 1997)). In calculating the amount in controversy when it removed the case, Franklin had relied on case law only subsequently held to be unsound, and therefore Franklin's basis for removal was objectively reasonable. 393 F. 3d, at 1148. Because the District Court had not abused its discretion in denying fees, the Tenth Circuit affirmed. *Id.*, at 1151.

We granted certiorari, 544 U. S. ___ (2005), to resolve a conflict among the Circuits concerning when attorney's fees should be awarded under §1447(c). Compare, *e.g.*, *Hornbuckle* v. *State Farm Lloyds*, 385 F. 3d 538, 541 (CA5 2004) ("Fees should only be awarded if the removing defendant lacked objectively reasonable grounds to believe the removal was legally proper" (internal quotation marks omitted)), with *Sirotzky* v. *New York Stock Exchange*, 347 F. 3d 985, 987 (CA7 2003) ("[P]rovided removal was improper, the plaintiff is *presumptively* entitled to an award of fees"), and *Hofler* v. *Aetna U. S. Healthcare of Cal., Inc.*, 296 F. 3d 764, 770 (CA9 2002) (affirming fee award even when "the defendant's position may be fairly supportable" (internal quotation marks omitted)). We hold that, absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal. We therefore affirm the judgment of the Tenth Circuit.

II

The Martins argue that attorney's fees should be

awarded automatically on remand, or that there should at least be a strong presumption in favor of awarding fees. Section 1447(c), however, provides that a remand order "may" require payment of attorney's fees—not "shall" or "should." As Chief Justice Rehnquist explained for the Court in *Fogerty* v. *Fantasy, Inc.*, 510 U. S. 517, 533 (1994), "[t]he word 'may' clearly connotes discretion. The automatic awarding of attorney's fees to the prevailing party would pretermit the exercise of that discretion." Congress used the word "shall" often enough in §1447(c)—as when it specified that removed cases apparently outside federal jurisdiction "shall be remanded"—to dissuade us from the conclusion that it meant "shall" when it used "may" in authorizing an award of fees.

The Martins are on somewhat stronger ground in pressing for a presumption in favor of awarding fees. As they explain, we interpreted a statute authorizing a discretionary award of fees to prevailing plaintiffs in civil rights cases to nonetheless give rise to such a presumption. *Newman* v. *Piggie Park Enterprises, Inc.*, 390 U. S. 400, 402 (1968) *(per curiam)*. But this case is not at all like *Piggie Park*. In *Piggie Park*, we concluded that a prevailing plaintiff in a civil rights suit serves as a "'private attorney general,'" helping to ensure compliance with civil rights laws and benefiting the public by "vindicating a policy that Congress considered of the highest priority." *Ibid*. We also later explained that the *Piggie Park* standard was appropriate in that case because the civil rights defendant, who is required to pay the attorney's fees, has violated federal law. See *Flight Attendants* v. *Zipes*, 491 U. S. 754, 762 (1989) ("Our cases have emphasized the crucial connection between liability for violation of federal law and liability for attorney's fees under federal fee-shifting statutes").

In this case, plaintiffs do not serve as private attorneys general when they secure a remand to state court, nor is it

reasonable to view the defendants as violators of federal law. To the contrary, the removal statute grants defendants a right to a federal forum. See 28 U. S. C. §1441 (2000 ed. and Supp. II). A remand is necessary if a defendant improperly asserts this right, but incorrectly invoking a federal right is not comparable to violating substantive federal law. The reasons for adopting a strong presumption in favor of awarding fees that were present in *Piggie Park* are accordingly absent here. In the absence of such reasons, we are left with no sound basis for a similar presumption. Instead, had Congress intended to award fees as a matter of course to a party that successfully obtains a remand, we think that "[s]uch a bold departure from traditional practice would have surely drawn more explicit statutory language and legislative comment." *Fogerty, supra,* at 534.

For its part, Franklin begins by arguing that §1447(c) provides little guidance on when fees should be shifted because it is not a fee-shifting statute at all. According to Franklin, the provision simply grants courts jurisdiction to award costs and attorney's fees when otherwise warranted, for example when Federal Rule of Civil Procedure 11 supports awarding fees. Although Franklin is correct that the predecessor to §1447(c) was enacted, in part, because courts would otherwise lack jurisdiction to award costs on remand, see *Mansfield, C. & L. M. R. Co. v. Swan,* 111 U. S. 379, 386–387 (1884), there is no reason to assume Congress went no further than conferring jurisdiction when it acted. Congress could have determined that the most efficient way to cure this jurisdictional defect was to create a substantive basis for ordering costs. The text supports this view. If the statute were strictly jurisdictional, there would be no need to limit awards to "just" costs; any award authorized by other provisions of law would presumably be "just." We therefore give the statute its natural reading: Section 1447(c) authorizes courts to

6         MARTIN v. FRANKLIN CAPITAL CORP.

Opinion of the Court

award costs and fees, but only when such an award is just. The question remains how to define that standard.

The Solicitor General would define the standard narrowly, arguing that fees should be awarded only on a showing that the unsuccessful party's position was "frivolous, unreasonable, or without foundation"—the standard we have adopted for awarding fees against unsuccessful plaintiffs in civil rights cases, see *Christiansburg Garment Co.* v. *EEOC*, 434 U. S. 412, 421 (1978), and unsuccessful intervenors in such cases, see *Zipes, supra,* at 762. Brief for United States as *Amicus Curiae* 14–16. But just as there is no basis for supposing Congress meant to tilt the exercise of discretion in *favor* of fee awards under §1447(c), as there was in *Piggie Park*, so too there is no basis here for a strong bias *against* fee awards, as there was in *Christiansburg Garment* and *Zipes*. The statutory language and context strike us as more evenly balanced between a pro-award and anti-award position than was the case in either *Piggie Park* or *Christiansburg Garment* and *Zipes;* we see nothing to persuade us that fees under §1447(c) should either usually be granted or usually be denied.

The fact that an award of fees under §1447(c) is left to the district court's discretion, with no heavy congressional thumb on either side of the scales, does not mean that no legal standard governs that discretion. We have it on good authority that "a motion to [a court's] discretion is a motion, not to its inclination, but to its judgment; and its judgment is to be guided by sound legal principles." *United States* v. *Burr*, 25 F. Cas. 30, 35 (No. 14,692d) (CC Va. 1807) (Marshall, C. J.). Discretion is not whim, and limiting discretion according to legal standards helps promote the basic principle of justice that like cases should be decided alike. See Friendly, Indiscretion About Discretion, 31 Emory L. J. 747, 758 (1982). For these reasons, we have often limited courts' discretion to award fees despite the absence of express legislative restrictions. That is, of course, what

Cite as: 546 U. S. ____ (2005)     7

Opinion of the Court

we did in *Piggie Park, supra,* at 402 (A prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust"), *Christiansburg Garment, supra,* at 422 ("[A] plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless"), and *Zipes,* 491 U. S., at 761 (Attorney's fees should be awarded against intervenors "only where the intervenors' action was frivolous, unreasonable, or without foundation").

In *Zipes,* we reaffirmed the principle on which these decisions are based: "Although the text of the provision does not specify any limits upon the district courts' discretion to allow or disallow fees, in a system of laws discretion is rarely without limits." *Id.,* at 758. *Zipes* also explains how to discern the limits on a district court's discretion. When applying fee-shifting statutes, "we have found limits in 'the large objectives' of the relevant Act, which embrace certain 'equitable considerations.'" *Id.,* at 759 (citation omitted).*

By enacting the removal statute, Congress granted a right to a federal forum to a limited class of state-court defendants. If fee shifting were automatic, defendants might choose to exercise this right only in cases where the right to remove was obvious. See *Christiansburg Garment, supra,* at 422 (awarding fees simply because the party did not prevail "could discourage all but the most airtight claims, for seldom can a [party] be sure of ultimate success"). But there is no reason to suppose Congress meant to confer a right to remove, while at the same

---

*In *Fogerty,* we did not identify a standard under which fees should be awarded. But that decision did not depart from *Zipes* because we granted certiorari to decide only whether the same standard applied to prevailing plaintiffs and prevailing defendants. See *Fogerty* v. *Fantasy, Inc.,* 510 U. S. 517, 521 (1994). Having decided this question and rejected the claim that fee shifting should be automatic, we remanded to the Court of Appeals to consider the appropriate test in the first instance. *Id.,* at 534–535.

8          MARTIN v. FRANKLIN CAPITAL CORP.

Opinion of the Court

time discouraging its exercise in all but obvious cases.

Congress, however, would not have enacted §1447(c) if its only concern were avoiding deterrence of proper removals. Instead, Congress thought fee shifting appropriate in some cases. The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. The appropriate test for awarding fees under §1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

In light of these "'large objectives,'" *Zipes, supra,* at 759, the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. See, e.g., *Hornbuckle,* 385 F. 3d, at 541; *Valdes v. Wal-Mart Stores, Inc.,* 199 F. 3d 290, 293 (CA5 2000). In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under §1447(c). *Fogerty,* 510 U. S., at 534, n. 19; see also *Milwaukee v. Cement Div., National Gypsum Co.,*

515 U. S. 189, 196, n. 8 (1995) ("[A]s is always the case when an issue is committed to judicial discretion, the judge's decision must be supported by a circumstance that has relevance to the issue at hand").

\*　\*　\*

The District Court denied the Martins' request for attorney's fees because Franklin had an objectively reasonable basis for removing this case to federal court. The Court of Appeals considered it a "close question," 393 F. 3d, at 1148, but agreed that the grounds for removal were reasonable. Because the Martins do not dispute the reasonableness of Franklin's removal arguments, we need not review the lower courts' decision on this point. The judgment of the Court of Appeals is therefore affirmed.

*It is so ordered.*