# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONNECTICUT BANK OF COMMERCE, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 05-762 SLR |
| THE REPUBLIC OF CONGO, | ) ) ) |
| Defendant; | ) ) ) |
| CMS NOMECO CONGO INC., | ) ) ) |
| Garnishee. | ) |

## GARNISHEE CMS NOMECO'S SURREPLY BRIEF
## IN OPPOSITION TO AF-CAP'S MOTION TO REMAND ACTION

Garnishee CMS Nomeco Congo Inc. (now named CMS Nomeco Congo LLC) ("CMS Nomeco") submits this Surreply to Af-Cap, Inc.'s Reply to CMS Nomeco's Opposition to the Motion to Remand Action (D.I. 9), solely to address arguments raised by Af-Cap for the first time in its Reply.

Af-Cap's Motion to Remand Action was based on three arguments: (1) Af-Cap's argument that CMS Nomeco is not a party to this garnishment action and is without standing to remove; (2) Af-Cap's argument that the notice of removal allegedly was not timely; and (3) Af-Cap's argument that the Congo's consent to the removal was necessary. In its Opposition, CMS Nomeco demonstrated that all of these argument are meritless. In its Reply, Af-Cap attempts to raise, for the first time, three additional arguments purportedly requiring remand. Specifically, Af-Cap argues in its Reply that (1) "CMS wrongfully asserts federal jurisdiction under 28 U.S.C. §1331 when the Foreign Sovereign Immunities Act ('FSIA') and Supreme Court precedent limits

jurisdiction to 28 U.S.C. §1330"[1]; (2) 28 U.S.C. §1441(d) "is the sole statutory basis for standing to remove an action under the FSIA"[2]; and (3) CMS Nomeco "may not bootstrap itself into federal court by asserting a defense that raises a federal question."[3]  These additional arguments were not presented in the Motion to Remand Action, and CMS Nomeco has had no opportunity to respond to them.  Accordingly, CMS Nomeco files this Surreply to address only those three new arguments.

## I.      The Foreign Sovereign Immunities Act and the Supreme Court's Decision in Argentine Republic v. Amerada Hess Do Not Preclude Removal of this Garnishment Action on Federal Question Grounds

In arguing that *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428 (1989) precludes removal of the garnishment action, Af-Cap blatantly misrepresents the facts and holding in that case.  Specifically, Af-Cap misrepresents to this Court that in *Argentine Republic*, "[t]he Court explicitly denied a garnishee's attempt to remove under the blanket jurisdiction of 28 U.S.C. §1331."  In fact, contrary to Af-Cap's representation, *Argentine Republic* involved an action *filed* in federal court, not a removed action;[4] it did *not* involve a garnishment or a garnishee;[5] and it did *not* involve application of 28 U.S.C. §1331.[6]

---

[1] Af-Cap Reply at 1.

[2] Af-Cap Reply at 2.

[3] Af-Cap Reply at 3.

[4] The opening sentence of the opinion states: "Two Liberian corporations sued the Argentine Republic in a United States District Court to recover damages for a tort allegedly committed by its armed forces on the high seas in violation of international law." 488 U.S. at 431.

[5] *Id.*

[6] The Court stated that the Plaintiffs "invoked the District Court's jurisdiction under the Alien Tort Statute, 28 U.S.C. §1350," and "Amerada Hess also brought suit under the general admiralty and maritime jurisdiction, 28 U.S.C. §1333." 488 U.S. at 432.

The Court in *Argentine Republic* did not hold, as argued by Af-Cap, that "jurisdiction and removal under the FSIA lie exclusively in Sections 1330(b) and 1441(d)" or that the FSIA "limits jurisdiction to 28 U.S.C. §1300" in an action such as this. It is true, as generally held in *Argentine Republic*, that "the FSIA provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country. . . ." 488 U.S. at 443. However, this garnishment action is not a case in which Af-Cap is asking this Court to exercise in personam jurisdiction over claims against the Congo. Af-Cap instead is seeking relief from CMS Nomeco as a garnishee. Nothing in *Argentine Republic* supports the proposition that federal question jurisdiction cannot form the basis for subject-matter jurisdiction in a claim against a private party garnishee. In fact, Af-Cap's argument is refuted by the very language of Section 1330. Section 1330(a) states: "The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state . . . *as to any claim for relief in personam* with respect to which the foreign state is not entitled to immunity." (emphasis added). This language makes clear that Section 1330 applies only to actions against a foreign state which seek in personam relief. This garnishment action is against CMS Nomeco and seeks no in personam relief against the Congo. Section 1330 is inapplicable, and CMS Nomeco properly invoked Section 1331 as the jurisdictional basis for its removal.

## II.    Section 1441(d) Is Irrelevant to CMS Nomeco's Removal

Af-Cap asserts that under 28 U.S.C. §1441(d), "actions brought against a 'foreign state' may be removed by 'the foreign state' and no one else." Reply at 2. This argument is irrelevant to the remand issues, as CMS Nomeco is not relying on Section 1441(d) as a basis for removal. There is no doubt that Congress gave *a foreign state* the right to remove an action against it under Section 1441(d), but Section 1441(d) does not speak to the removal rights of a

private party. There is nothing in Section 1441(d) suggesting that it precludes removal of an action against a private party when there is federal subject matter jurisdiction with regard to the claim against the private party. Af-Cap cites no authority for the proposition that Section 1441(d) provides the sole basis for removing this garnishment action, and there is no such authority.

## III.    CMS Nomeco is Not Relying on a Federal Defense to Establish Federal Jurisdiction

Af-Cap argues that CMS Nomeco is attempting to "bootstrap itself into federal court by asserting a defense that raises a federal question." Reply at 3. This is a complete mischaracterization of the jurisdictional basis for the removal.

This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331, because as garnishor, Af-Cap must make an affirmative showing that the property sought to be garnished falls within an exception to immunity under the FSIA. In *Connecticut Bank of Commerce v. Republic of Congo*, 309 F.3d 240, 247 (5th Cir. 2002), the Fifth Circuit held that a court has authority to garnish the property of a foreign state only upon a showing, as required by the FSIA, that the property (1) was used for commercial activity in the United States, and (2) is located in the United States. *See also Walker Int'l Holdings Ltd. v. Republic of Congo*, 395 F.2d 229, 233 (5th Cir. 2004) (holding that "[t]he FSIA sets parameters in which property may be attached" and "the court may order the attachment or execution *only* as referred to in subsections (a) and (b)" of 28 U.S.C. §1610), *cert. denied*, 125 S. Ct. 1841 (2005) (emphasis in original, citations omitted); *Brewer v. Socialist People's Republic of Iraq*, 890 F.2d 97, 101 (8th Cir. 1989) (with regard to a judgment creditor's efforts to execute on property of a foreign state, "even if [the foreign state] fails to enter an appearance and assert its claim of immunity, a court must determine whether immunity is available pursuant to the FSIA"). Thus, the showings

required under the FSIA are not a "defense" in this context but represent a threshold element of a plaintiff's claim in asserting the right to execute against the property of the foreign state.

In any event, Af-Cap's argument that FSIA immunity is a purely defensive issue that cannot support federal question jurisdiction does not address the alternative theory for federal question jurisdiction raised in the Notice of Removal. As shown in the Notice of Removal, this Court also has federal question jurisdiction of the garnishment action because the relief sought by Af-Cap affects the sovereign rights of a foreign state and thereby implicates important foreign policy concerns, raising substantial questions of federal common law of foreign relations. *See Torres v. S. Peru Copper Corp.*, 113 F.3d 540, 542-43 (5th Cir. 1997); *Grynberg Prod. Corp. v. British Gas P.L.C.*, 817 F. Supp. 1338, 1355-58 (E.D. Tex. 1993). The significance of the foreign policy issues implicated by this case are confirmed by the correspondence from the Congo and the Congo court orders attached to the Notice of Removal, which were issued as a result of the efforts of Af-Cap and other judgment creditors to seize the Congo's in-kind royalties. Af-Cap has made no attack on this independent basis for subject-matter jurisdiction.

CONCLUSION

For the reasons set forth in CMS Nomeco's Opposition to the Motion to Remand

Action and in this Surreply, CMS Nomeco requests that the Court deny Af-Cap's Motion to

Remand Action.

Respectfully submitted,


OF COUNSEL:                              /s/ M. Duncan Grant
                                         M. Duncan Grant (Del. Bar No. 2994)
Guy S. Lipe                              James C. Carignan (Del. Bar No. 4230)
Jason M. Powers                          PEPPER HAMILTON LLP
VINSON & ELKINS L.L.P.                   Hercules Plaza, Suite 5100
First City Tower                         1313 N. Market Street
1001 Fannin Street, Suite 2300           P.O. Box 1709
Houston, TX  77002-6760                  Wilmington, DE  19899-1709
(713) 758-2222                           (302) 777-6500

Dated:  December 14, 2005                Attorneys for Garnishee CMS Nomeco Congo Inc.

1834012