# EXHIBIT 3

Case 1:05-cv-00762-SLR    Document 15-8    Filed 12/14/2005    Page 1 of 9

RÉPERTOIRE N° 1131 /
DU 28 .C.BR. 2004.-

AU NOM DU PEUPLE CONGOLAIS

— O R D O N N A N C E —



**AFFAIRE :**

RÉPUBLIQUE DU CONGO
MINISTÈRE DES HYDROCARBURES, Département du
KOUILOU (Me MISSIE)

**CONTRE :**

C M S NOMECO IN. CONGO

**OBJET :** RÉFÉRÉ D'HEURE A HEURE

---

L'AN DEUX MIL QUATRE ;

ET, LE VINGT HUIT DU MOIS DE DÉCEMBRE ;

PAR DEVANT NOUS, Norbert ELENGA, Président du Tribunal de Grande Instance de Pointe-Noire, tenant audience publique des référés en notre Cabinet sis au Palais de Justice de cette ville ;

A C O M P A R U

Le République du Congo, Ministère des Hydrocarbures agissant aux dilligences de son représentant légal ;

Qu'elle a été saisie par les créanciers américains de l'Etat Congolais, la société NOMECO qui devait lui livrer une cargaison de 550.000 barils de pétrole, refuse de s'exécuter au motif que cette cargaison fait l'objet d'une saisie suivant la décision du Tribunal de l'Etat de Texas du 17 Septembre 2004, rendant possible la saisie attributive de la dite cargaison ;

Or une décision de justice rendue par une juridiction étrangère, même en présence de la renonciation par le débiteur de son immunité de juridiction et d'exécution ne peut pas s'exécuter de plein droit en territoire étranger qu'elle doit, pour recevoir exécution, être soumise à la procédure d'exéquature telle que prévue par l'article 299 du code de procédure civile, commerciale administrative et financière selon lequel : "Sauf conventions diplomatiques contraires, les jugements rendus par les tribunaux étrangers et les actes par les officiers publics ou ministériels étrangers ne sont susceptibles d'exécution sur le territoire congolais qu'après avoir été déclarés exécutoires par une juridiction congolaise qui aurais été compétente "ratione materiae " pour en connaître :

Qu'en l'espèce et sans qu'il soit nécessaire de débattre du bien fondé ou on de l'action en saisie des créanciers d'origine américaine, il y a lieu de relever que la décision sur laquelle se fonde la société NOMECO n'a jamais été exéquaturée et, pire, les tribunaux congolais ne sont pas encore saisis d'une demande en ce sens ;

Qu'il convient donc, la question de l'enlèvement de la cargaison detenue par NOMECO étant urgente et comportant un péril certain, d'ordonner sur minute que la NOMECO livre à tout opérateur que lui désignera la SNPC ladite cargaison ;   .../...

**EXHIBIT 3**

SUR QUOI, NOUS JUGE DES REFERES

Attendu qu'il resulte de l'examen des pièces du dossier que la société NOMECO a fait application d'un jugement américain rendu dans l'Etat du Texas en date du 17 Septembre 2004 à l'encontre de l'Etat Congolais ;

Attendu que ledit jugement n'a jamais été exéquaturé par les juridictions congolaises ;

Que dans ces conditions, ledit jugement ne satisfait aux dispositions légales notamment l'article 290 du code de procédure civile, commerciale, administrative et financière Congolais qui dispose que "sauf conventions diplomatiques contraires, les jugements rendus par les Tribunaux étrangers et les actes reçus par les officiers publics ou ministériels étrangers ne sont susceptibles d'exécution sur le territoire congolais qu'après avoir été déclarés exécutoires par une juridiction congolaise qui aurait été compétente "ratione materiae " pour en connaître ;

Attendu dès lors que la requête de l'Etat Congolais est donc regulière et recevable en outre de l'article 207 du code de Procédure civile, commerciale, administrative et financière ;

Attendu au fond qu'elle est fondée ;

Qu'il y a lieu d'y faire droit ;

Qu'il échet d'ordonner à la société NOMECO à livrer sans delais à tout opérateur que lui designera la SNPC toutes les quantités d'hydrocarbures lui appartenant et detenue par elle en vertu de leur contrat de partenariat ;

Attendu que la société NOMECO regulièrement convoquée a comparu par le biais du représentant du Directeur Général, Monsieur Benoît DE LA FOUCHARDIERE, Directeur des opérations ;

Qu'il y a lieu de lui donner acte ;

Attendu que la société NOMECO a succombé au procès ;

Qu'il y a lieu de mettre les dépens à sa charge conformément à l'article 57 du code de procédure civile, commerciale administrative et financière ;

PAR CES MOTIFS

Statuant publiquement, contradictoirement, en référé en matière civile, en premier ressort ;

AU PRINCIPAL

Renvoyons les parties à mieux se pourvoir ainsi qu'elles en aviseront ;

MAIS DES A PRESENT, VU L'URGENCE ET PAR PROVISION

Constatons que le jugement du 17 Septembre 2004 n' est pas été encore exéquaturé par les juridictions congolaises ;

Constatons que ledit jugement n'a jamais été signifié à l'Etat Congolais ;
.../...

EN CONSEQUENCE ;

Ordonnons à la société NOMECO de livrer sans délais tout opérateur que lui designera la SNPC, toutes les quantités d'hydrocarbures lui appartenant et detenue par elle en vertu de leur contrat de partenariat ;

Ordonnons l'exécution provisoire de la présente ordonnance nonobstant toutes voies de recours ;

Mettons les dépens à la charge de la Société NOMECO

Et, avons signé notre Ordonnance aec le Greffier./-

Me R. KOUD-OKOUO
Greffier en Chef

# Certification of Translation

*ATA Certified*
*Steven Sachs*

This is to certify that the following document:

Court Order in the matter of Republic of the Congo v. CMS NOMECO INC. CONGO

is an accurate and true translation prepared by the undersigned from French into English. I am a translator certified by the American Translators Association for translation from French into English.

_____   1-10-05
Steven Sachs                 Date
1312 Harbor Road
Annapolis, MD 21403

e-mail: steven@stevensachs.com
Ph: (301) 261-1016
Fax: (509) 461-9020

Subscribed and sworn before me on this 10th day of January of 2005

_____
NOTARY

MY COMMISSION EXPIRES: 2/5/2008

# EXECUTION COPY

**REPUBLIC OF THE CONGO ON
BEHALF OF THE CONGOLESE PEOPLE**

<u>REGISTER No. 1131 /</u>
OF DECEMBER 28, 2004                     O R D E R

<u>IN THE MATTER OF</u>:

THE REPUBLIC OF THE CONGO

MINISTRY OF HYDROCARBONS, Department of Kouilou (Mr. Messie, Attorney)

<u>VERSUS</u>:

CMS NOMECO INC. CONGO

<u>SUBJECT</u>: IMMEDIATE SUMMONS

| [stamp: EXECUTION COPY<br>Certified True Copy<br>Joachim Mitolo, Attorney at Law<br>B.P. 1384 [Tel. 94 83 28] | [stamp: EXECUTION COPY<br>Certified True Copy<br>Joachim Mitolo, Attorney at Law<br>B.P. [Tel. 94 83 28] [signature] |
|---|---|

IN THE YEAR TWO THOUSAND AND FOUR:

AND ON THE TWENTY-EIGHTH DAY OF THE MONTH OF DECEMBER;

BEFORE US, Norbert Elanga, Presiding Judge of the Pointe-Noire Court of First Instance, holding an urgent public hearing in our Chambers in the Courthouse of said city;

<u>THE FOLLOWING APPEARED</u>

The Republic of the Congo, Ministry of Hydrocarbons, filing through its legal representative;

Whereas it has been garnished by the American obligees of the Congolese State, NOMECO, which was to deliver to it a cargo of 550,000 barrels of oil, and refuses to do so on the grounds that said cargo has been garnished based on the decision of the Court of the State of Texas of September 17, 2004, making possible the garnishment of said cargo;

[stamp: EXECUTION COPY
Certified True Copy
Joachim Mitolo, Attorney at Law
B.P. 1384 (Tel. 94 83 28) [signature]

[illegible signature]

[seal: POINTE-NOIRE COURT OF FIRST INSTANCE]

Yet a court decision handed down by a foreign jurisdiction, even when the obligor renounced its immunity from jurisdiction and execution, cannot be automatically executed abroad and that, to be executed, it is necessarily subject to an execution procedure as stipulated by Article 299 of the Code of Civil, Commercial, Administrative and Financial Procedure, according to which: "Unless there are diplomatic conventions that stipulate otherwise, judgments handed down by foreign courts and official instruments by foreign public or ministerial officers may not be executed in the Congo until they have been declared enforceable by a Congolese jurisdiction that has *ratione materiae* jurisdiction to take cognizance thereof;"

That in this case and with no necessity of debating the merits or the lack thereof of the action to garnish by the U.S. obligees, there is reason to find that the decision that NOMECO is using as a basis has never been executed. Worse, the Congolese courts have not yet received an application for authority to enforce this judgment;

That therefore, the matter of removing the cargo in the possession of NOMECO is urgent and entails a certain peril, so that it should be made enforceable immediately that NOMECO delivers said cargo to any operator that the SNPC [Société nationale des pétroles du Congo – Congo National Petroleum Company] may designate;

### BASED UPON WHICH, WE, THE JUDGE FOR URGENT MATTERS

Whereas the examination of the exhibits in the file shows that NOMECO has applied a U.S. judgment handed down in the State of Texas on September 17, 2004 against the Congolese State;

Whereas said judgment has never been executed by the Congolese jurisdictions;

That under these conditions, said judgment does not satisfy the statutory provisions of Article 299 in particular of the Congolese Code of Civil, Commercial, Administrative and Financial Procedure, which stipulates that "unless there are diplomatic conventions that stipulate otherwise, the judgments handed down by foreign courts and instruments received by foreign public or ministerial officers may not be executed in the Congo until they have been declared enforceable by a Congolese jurisdiction that was given *ratione materiae* jurisdiction to take cognizance of the matter;

Whereas since the application of the Congolese State is thus in order and admissible under Article 207 of the Code of Civil, Commercial, Administrative and Financial Procedure;

Whereas it has merit in terms of the substance;

Republic of the Congo 1                2

[stamp: EXECUTION COPY  
Certified True Copy  
Joachim Mitolo, Attorney at Law  
B.P. 1384 [Tel. 94 83 28] [signature]

[illegible signature]

[seal: POINTE-NOIRE COURT OF FIRST INSTANCE]

That there is reason to accept it;

That NOMECO is ordered to deliver without delay to any operator that the SNPC designates all quantities of hydrocarbons that belong to it and that are in NOMECO's possession pursuant to their partnership contract;

Whereas NOMECO, duly convened, has appeared through the representative of the Director General, Mr. Benoît de la Fouchardière, Operations Manager;

It is to be officially recorded;

Whereas NOMECO has lost the case;

That there is reason to hold NOMECO responsible for the costs in accordance with Article 57 of the Code of Civil, Commercial, Administrative and Financial Procedure;

## NOW THEREFORE

Ruling in public based on the arguments of both parties on an urgent basis in a civil matter in the first instance;

## ON THE MERITS

We refer the parties to enter an appeal as they shall advise;

## BUT AT THIS TIME, GIVEN THE URGENCY AND BY WAY OF ADVANCE

We find that the judgment of September 17, 2004 No.   has not yet been confirmed by the Congolese jurisdictions;

We find that said judgment has never been served upon the Congolese State;

## CONSEQUENTLY;

We order NOMECO to deliver without delay to any operator that the SNPC designates all quantities of hydrocarbons that belong to it and in NOMECO's possession pursuant to their partnership contract;

We order the immediate execution of this order notwithstanding any appeals;

The costs shall be paid by NOMECO.

Republic of the Congo 1               3

[stamp: EXECUTION COPY   [illegible signature]
Certified True Copy
Joachim Mitolo, Attorney at Law
B.P. 1384 [Tel. 94 83 28] [signature]

[seal: POINTE-NOIRE COURT OF FIRST INSTANCE]

    And, we have signed this Order with the Registrar.
    The signatures of the Presiding Judge and the Registrar follow.
    The recording follows.
    Recorded in Pointe-Noire on <u>December 28, 2004</u>
    Certified true execution copy, checked against the original
    Pointe-Noire, <u>December 28, 2004</u>
    Chief Registrar

    In consequence thereof: the Republic of the Congo orders its registrars, based upon this application, to execute said judgment with the Attorneys General and Prosecuting Attorneys of the Appeals Courts and Courts of First Instance to assist all commanders and law enforcement agencies to lend a hand when they are required by law to do so.

In witness whereof, this execution copy has been signed and sealed by the Head Registrar of the Pointe-Noire Court of First Instance and delivered by him in the form of an execution copy.

[signed]

                      By the Court
            Document Checked against the Original
                  The Head Registrar


R. Koud-Okouo, Attorney
Head Registrar