# EXHIBIT 4

ROLE CIVIL N° 1212 / F° 204 / O 1212
ANNEE 2004

**REPUBLIQUE DU CONGO**

REPERTOIRE N° 1130 / **AU NOM DU PEUPLE CONGOLAIS**
DU 28 DECEMBRE 2004 - - ORDONNANCE -

A P P A L D E : LA S. N. P. C

C O N T R E : LA SOCIETE NOMECO

OBJET : REFERE D'HEURE A HEURE.-

L'AN DEUX MIL QUATRE ;

ET, LE VINGT HUIT DU MOIS DE DECEMBRE ;

PAR DEVANT NOUS, Norbert KLENGA, Président
du Tribunal de Grande Instance de Pointe-Noire, tenant audience
publique des référés en notre Cabinet sis au Palais de Justice
de cette ville ;

Assisté de Maître Catherine KEDET TSONGO, Greffier Principal ;

A C O M P A R U

La Société Nationale des Pétroles du Congo, en
sigle SNPC, établissement public à caractère industriel et commercial, dont le siège social à Brazzaville B.P. 88, agissant
aux diligences de son représentant légal ;

La SNPC a été saisie par les cogérants Amoco
sein de l'Etat Congolais NOMECO qui devait lui livrer une cargaison de 550.000 barils de pétrole, refuse de s'exécuter au motif que cette cargaison fait l'objet d'une saisie suivant la décision du Tribunal de l'Etat de Texas du 14 août 2004 rendant possible la saisie attributive de la dite cargaison ;

On une décision de justice rendu par une juridiction étrangère, même en présence de la reconnaissance par le législateur de son immunité de juridiction ou d'exécution du chef qui n'exécute du plein droit en territoire étranger quelle dans les cas de recevoir exécution, doit soumettre à la procédure d'exequatur telle que prévue par l'article 299 du code de procédure civile, commerciale, administrative et financière selon lequel : "Sauf conventions diplomatiques contraires, les jugements rendus par les tribunaux étrangers et les actes reçus par les officiers publics ou ministériels étrangers ne sont susceptibles d'exécution sur le territoire congolais qu'après avoir été déclarés exécutoires par une juridiction congolaise qui aurait été compétente ratione materiae " pour en connaître ;

Qu'en l'espèce et sans qu'il soit nécessaire
de débattre du bien fondé, ou ou de l'action au soleil des créanciers d'origine Américaine, il y a lieu de relever que la décision sur laquelle se fonde la Société NOMECO n'a jamais été exequaturée et, plus, le tribunaux congolais ne sont pas encore saisis d'une demande en ce sens ;

Qu'il convient donc, la question de l'enlèvement de la cargaison détenue par NOMECO étant urgente et composant un péril certain, d'ordonner sur minute que la Société NOMECO livre à tout opérateur que lui désignera la S.N.P.C ladite cargaison ;

.../...



**EXHIBIT 4**

- 3 -

### SUR QUOI, NOUS JUGE DES REFERES

Attendu qu'il résulte de l'examen des pièces du dossier que la société CMS NOMECO a fait opposition au jugement américain à l'encontre de la société SNPC rendu en date du 23 Décembre 2004 ;

Attendu que ledit jugement n'est pas encore exécutoire par les juridictions congolaises ;

Que dans ces conditions, ledit jugement ne demeure pas aux dispositions légales notamment l'article 821 du code de procédure civile, commerciale, administrative et financière qui " Seul conventions diplomatiques contraires, les décisions rendues par les Tribunaux étrangers et les actes reçus par les officiers publiques ou ministériels étrangers ne sont susceptibles d'exécution sur le territoire congolais qu'après avoir été déclarés exécutoires par une juridiction congolaise qui aurait été compétente ratione materiae pour en connaître ;

Attendu que ledit jugement n'a jamais été signifié à la S.N.P.C ;

Attendu que dans ces conditions, la requête de la société CMS est donc régulière et recevable en vertu de l'article 207 du code de procédure civile, commerciale, administrative et financière ;

Attendu au fond qu'elle est fondée

Qu'il y a lieu d'y faire droit ;

Qu'il échet d'ordonner à la société NOMECO de délivrer à tout opérateur que lui désignera la SNPC, toutes les quantités d'hydrocarbures lui appartenant et détenues par elle en vertu de leur contrat de partenariat ;

Attendu que la société CMS NOMECO bien que régulièrement convoquée, a comparu par le biais de Monsieur Benoît M. de FOUCHARDIERE, Directeur des opérations, représentant le Directeur Général ;

Qu'il y a lieu de lui donner acte ;

Attendu que la société NOMECO a succombé au procès ;

Qu'il y a lieu de la condamner aux dépens conformément à l'article 57 du code de procédure civile, commerciale, administrative et financière ;

### PAR CES MOTIFS

Statuant publiquement, contradictoirement, en référé, en matière civile et en premier ressort ;

### AU PRINCIPAL

Renvoyons les parties à mieux se pourvoir ainsi qu'elles en aviseront ;

### MAIS DES A PRESENT, VU L'URGENCE ET PAR PROVISION

Constatons que le jugement américain du 23 Décembre 2004 n'est pas exécutoire par les juridictions Congolaise ;

Constatons que ledit jugement n'a pas été signifié à la société SNPC ;

.../...

- 3 -

EN CONSEQUENCE :

Ordonnons à la société NOMECO de livrer sous dont à tout opérateur que lui désignera la [...], toutes les [...] d'hydrocarbures lui appartenant et détenues par elle en vertu de leur contrat de partenariat ;

Ordonnons l'exécution provisoire de la présente ordonnance nonobstant toutes voies de recours ;

NOMECO; Mettons les dépens à la charge de la société

Et, avons signé notre ordonnance avec le Greffier.

[stamps and signatures, partially illegible]

Me R. IOND-OKOUO
Greffier en Chef



# Certification of Translation

ATA Certified
Steven Sachs

This is to certify that the following document:

Court Order in the matter of SNPC v. NOMECO

is an accurate and true translation prepared by the undersigned from French into English. I am a translator certified by the American Translators Association for translation from French into English.

_____          1-10-05
Steven Sachs                                              Date
1312 Harbor Road
Annapolis, MD 21403

e-mail: steven@stevensachs.com
Ph: (301) 261-1016
Fax: (509) 461-9020

Subscribed and sworn before me on this 10th day of January of 2005

_____          _____
                                                              NOTARY PUBLIC

MY COMMISSION EXPIRES: 9/8/2008

**EXECUTION COPY**          F. 204                              C 1212

**REPUBLIC OF THE CONGO ON
BEHALF OF THE CONGOLESE PEOPLE**

<u>REGISTER No. 1212 /</u>
OF DECEMBER 28, 2004                    O R D E R

<u>IN THE MATTER OF</u>: SNPC

<u>VERSUS</u>: NOMECO

<u>SUBJECT</u>: IMMEDIATE SUMMONS

[stamp: EXECUTION COPY
Certified True Copy
Joachim Mitolo, Attorney at Law
B.P. 1384 [Tel. 94 83 28]     [signature]

IN THE YEAR TWO THOUSAND AND FOUR:

AND ON THE TWENTY-EIGHTH DAY OF THE MONTH OF DECEMBER;

BEFORE US, Norbert Elanga, Presiding Judge of the Pointe-Noire Court of First Instance, holding an urgent public hearing in our Chambers in the Courthouse of said city;

Assisted by Cathérine Kedet Issongo, Head Registrar;

<u>THE FOLLOWING APPEARED</u>

Société Nationale des Pétroles du Congo, (acronym: SNPC), a government-owned industrial and commercial enterprise, with headquarters at B.P. 88, Brazzaville, filing through it legal representative;

The SNPC has been garnished by the American obligees of the Congolese State, NOMECO, which was to deliver to it a cargo of 550,000 barrels of oil, and refuses to do so on the grounds that said cargo has been garnished based on the decision of the Court of the State of Texas of December 23, 2004, making possible the garnishment of said cargo;

Yet a court decision handed down by a foreign jurisdiction, even when the obligor renounced its immunity from jurisdiction and execution, cannot be automatically executed abroad and that, to be executed, it is necessarily subject to an execution procedure as stipulated by Article 299 of the Code of Civil, Commercial, Administrative

[stamp: EXECUTION COPY    [illegible signature]
Certified True Copy
Joachim Mitolo, Attorney at Law
B.P. 1384 [Tel. 94 83 28] [signature]

[seal: POINTE-NOIRE COURT OF FIRST INSTANCE]

and Financial Procedure, according to which: "Unless there are diplomatic conventions that stipulate otherwise, judgments handed down by foreign courts and official instruments by foreign public or ministerial officers may not be executed in the Congo until they have been declared enforceable by a Congolese jurisdiction that has *ratione materiae* jurisdiction to take cognizance thereof;"

That in this case and with no necessity of debating the merits or the lack thereof of the action to seize by the U.S. obligees, there is reason to find that the decision that NOMECO is using as a basis has never been executed. Worse, the Congolese courts have not yet received an application for authority to enforce this judgment;

Therefore, the matter of removing the cargo in the possession of NOMECO is urgent and entails a certain peril, so that it should be made enforceable immediately that NOMECO deliver said cargo to any operator that the SNPC [Société nationale des pétroles du Congo – Congo National Petroleum Company] may designate;

## BASED UPON WHICH, WE, THE JUDGE FOR URGENT MATTERS

Whereas the examination of the exhibits in the file shows that NOMECO has applied a U.S. judgment handed down in the State of Texas on December 23, 2004 against the SNPC;

Whereas said judgment has never been executed by the Congolese jurisdictions;

That under these conditions, said judgment does not satisfy the statutory provisions of Article 299 in particular of the Congolese Code of Civil, Commercial, Administrative and Financial Procedure, which stipulates that "unless there are diplomatic conventions to the contrary, the judgments handed down by foreign courts and instruments received by foreign public or ministerial officers may not be executed in the Congo until they have been declared enforceable by a Congolese jurisdiction that was given *ratione materiae* jurisdiction to take cognizance of the matter;

Whereas, said judgment has never been notified to the SNPC;

Whereas since the application of the SNPC is thus in order and admissible under Article 207 of the Code of Civil, Commercial, Administrative and Financial Procedure;

Whereas it has merit in terms of the substance;

That there is reason to accept it;

Republic of the Congo 3                              2

[stamp: EXECUTION COPY]    [illegible signature]
Certified True Copy
Joachim Mitolo, Attorney at Law
B.P. 1384 [Tel. 94 83 28] [signature]

[seal: POINTE-NOIRE COURT OF FIRST INSTANCE]

That NOMECO is ordered to deliver without delay to any operator that the SNPC designates all quantities of hydrocarbons that belong to it and that are in NOMECO's possession pursuant to their partnership contract;

Whereas NOMECO, duly convened, has appeared through the representative of the Director General, Mr. Benoît de la Fouchardière, Operations Manager;

It is to be officially recorded;

Whereas NOMECO has lost the case;

That there is reason to hold NOMECO responsible for the costs in accordance with Article 57 of the Code of Civil, Commercial, Administrative and Financial Procedure;

## NOW THEREFORE

Ruling in public based on the arguments of both parties on an urgent basis in a civil matter in the first instance;

## ON THE MERITS

We refer the parties to enter an appeal as they shall advise;

## BUT AT THIS TIME, GIVEN THE URGENCY AND BY WAY OF ADVANCE

We find that the judgment of December 23, 2004 has not yet been confirmed by the Congolese jurisdictions;

We find that said judgment has never been served upon the SNPC;

CONSEQUENTLY;

We order NOMECO to deliver without delay to any operator that the SNPC designates all quantities of hydrocarbons that belong to it and in NOMECO's possession pursuant to their partnership contract;

We order the immediate execution of this order notwithstanding any appeals;

The costs shall be paid by NOMECO.

And, we have signed this Order with the Registrar.

Republic of the Congo 3         3

[stamp: EXECUTION COPY        [illegible signature]
Certified True Copy
Joachim Mitolo, Attorney at Law
B.P. 1384 [Tel. 94 83 28] [signature]

[seal: POINTE-NOIRE COURT OF FIRST INSTANCE]

    The signatures of the Presiding Judge and the Registrar follow.
    The recording follows.
    Recorded in Pointe-Noire on December 28, 2004
    Certified true execution copy, checked against the original
    Pointe-Noire, December 28, 2004
    Chief Registrar

    In consequence thereof: the Republic of the Congo orders its registrars, based upon this application, to execute said judgment with the Attorneys General and Prosecuting Attorneys of the Appeals Courts and Courts of First Instance to assist all commanders and law enforcement agencies to lend a hand when they are required by law to do so.

In witness whereof, this execution copy has been signed and sealed by the Head Registrar of the Pointe-Noire Court of First Instance and delivered by him in the form of an execution copy.

[signed]

                      By the Court
          Document Checked against the Original
                 The Head Registrar


R. Koud-Okouo, Attorney
Head Registrar