# EXHIBIT 7



**Global Language Services**
Translations · Interpreting
DTP · Localization

KERN Corporation
The Helmsley Building
230 Park Avenue, Suite 1517
New York, NY 10169

Tel. (212) 953 2070
Fax (212) 953 2073
kern.ny@kerntranslations.com

www.e-kern.com

State of: New York

County of: New York

SS.:

# CERTIFICATE OF ACCURACY

*IT IS HEREBY CERTIFIED, that KERN Corporation, a corporation organized and existing under the laws of the State of New York, is professionally engaged in the rendering of foreign language translation services; that it has translated the following document(s)*

## LETTER DATED MARCH 3, 2005 REGARDING AF-CAP, INC. V. REPUBLIC OF CONGO

*from the **FRENCH** language into the **ENGLISH** language and that the said translation is a true and correct rendering of the said document to the best of our knowledge and belief.*

Signed by: _____
(Eric _____)

Subscribed to before me this 7

Day of March, 2005

_____
Notary Public

JOY N. WILTERMUTH
NOTARY PUBLIC, State of New York
No. 01WI - 6093589
Qualified in New York County
My Commission Expires June 2, 2007

**EXHIBIT 7**

San Francisco: The Russ Building · 235 Montgomery Street, Suite 946 · San Francisco, CA 94104
Tel. (415) 433 5376 · Fax (415) 433 5377 · kern.sf@kerntranslations.com
London: Tel. 011 44 (20) 78 31 56 00 · Frankfurt: Tel. 011 49 (69) 75 60 73-0 · Berlin: Tel. 011 49 (30) 24 72 12 50 · Paris: Tel. 011 33 (1) 53 93 85 20
Zurich: Tel. 011 41 (1) 2 61 11 60 · Hong Kong: Tel. 011 (852) 28 50 44 55 · Amsterdam: Tel. 011 31 (20) 6 39 01 19 · Lyon: Tel. 011 33 (4) 783 783 73

| | |
|---|---|
| MINISTER OF FOREIGN AFFAIRES<br>AND FRANCOPHONY<br>––––––––––<br>**CABINET**<br>–––––– | REPUBLIC OF CONGO<br>Unité - Travail - Progrès<br>–––––––––– |

MAEF 0744 CAB.SP.

**Brazzaville, 03 March 2005**

MINISTER OF STATE

Re: <u>Republic of Congo v. Af-Cap, Inc.</u>

Dear Judge:

    I refer to the order issued by this court on 22 February 2005 (the "Turnover Order"), which provides, *inter alia*:

- "The Court hereby takes possession and control of all future royalty obligations owed to the Congo under the Convention [for the production of oil and gas in the Congo dated May 25, 1979] and this Order shall constitute a judgment lien upon the Congo's property interests in, and its rights to receive payment of, its royalty share" from oil companies operating in the Congo under a concession granted by the Congo in the Convention;

- "The Court further orders the Congo to turn over such royalty payments into the registry of the Court and to execute . . . [a] letter of instruction . . . to the parties who pay royalties under the Convention to the Congo revoking prior instructions regarding payment of the royalty . . . ."

    This suit was initiated over four years ago with a view to persuading United States courts to authorize seizure of the Congo's rights to mining royalties, which it collects within its own territory, in satisfaction of a debt purchased by a creditor without any right to said mining royalties. The Congo has strongly objected to this litigation, which is unfounded. It is premised on the erroneous notion that an American court may transfer the right of a sovereign nation—the Republic of Congo—to dispose of its resources within its own borders. The Republic of Congo has thus far endeavored to cooperate with United States judicial authorities in the hope that United States courts would recognize their obligation to respect the Congo's sovereignty, as is mandated not only under Congolese and international law, but under United States law as well.

    In light of the judgments of this Court and the Court of Appeals for the Fifth Circuit, the Congo is constrained to protest in the strongest possible terms the failure to

1

respect its sovereign rights and the resulting judicial measures that purport to dispossess the Congo of economic rights comprising its national patrimony and principal source of export revenue. It is an established principle of the law of nations that every state exercises full and permanent sovereignty over its natural resources and exclusive authority to control the economic exploitation thereof. The Congo's rights to the mining royalties within its territory are subject to its exclusive jurisdiction and sovereignty, which cannot be subordinated to the judicial measures of another state.

The Turnover Order issued by this Court is a clear violation by the United States of international law which recognizes the right for any sovereign State to exercise authority and control over its natural resources within its national territory. Such actions impact negatively on the relations between the United States and the Congo, undermining the concerted mutual efforts of both nations to encourage private United States entities to invest in the Congo, in particular in the oil sector. This unfortunate development requires the Congo to reassess its relations with the United States, particularly where other sources of trade and investment such as Canada, Europe, India and China continue to respect the sovereignty of the countries with which they maintain an economic relationship.

The Turnover Order is unenforceable in the Congo, and cannot supersede the Congo's sovereign authority to prescribe and enforce its own laws within its own territory. Regretfully, the Congo must hereby advise the Court that, for the reasons stated, the Congo will not implement the Turnover Order.

Please accept, Your Honor, the expression of my most distinguished consideration.

[seal:  Minister of Foreign Affaires and
        Francophony
        Cabinet
        Republic of Congo]

[signature]

Rodolphe Adada

Hon. Sam Sparks
United States District Judge
United States District Court for
  The Western District of Texas
Austin, Texas

U.S.A.

copy: Hon. William H. Taft, IV
      United States Department of State

2

MINISTERE DES AFFAIRES ETRANGERES  
ET DE LA FRANCOPHONIE  
----------  
**CABINET**  
----------  

MAEF_0 7 4 4/CAB.SP.-

République du Congo  
Unité – Travail - Progrès  
----------

Brazzaville, le **0 3 MARS 2005**

LE MINISTRE D'ETAT,

**Objet** : République du Congo c. Af-Cap.Inc

Monsieur le Juge,

Je me réfère à l'Ordonnance de votre tribunal rendue le 22 février 2005 (the « Turnover Order », qui décide notamment :

- « The Court hereby takes possession and control of all future royalty obligations owed to the Congo under the Convention [for the production of oil and gas in the Congo dated May 25, 1979] and this Order shall constitute a judgment lien upon the Congo's property interests in, and its rights to receive payment of, its royalty share" from oil companies operating in the Congo under a concession granted by the Congo in the Convention ;

- "The Court further orders the Congo to turn over such royalty payments into the registry of the Court and to execute...[a] letter of instruction ...to the parties who pay royalties under the Convention to the Congo revoking prior instructions regarding payment of the royalty...

Cette procédure a été initiée par les demandeurs il y a plus de quatre ans dans le but de convaincre les tribunaux américains d'autoriser la saisie des droits du Congo sur la redevance minière qu'elle perçoit sur son propre territoire, en paiement de droits d'un créancier au titre d'une dette du Congo sans rapport avec un droit quelconque sur cette redevance minière. Le Congo a vigoureusement contesté cette action judiciaire, laquelle est sans aucun fondement. Elle repose sur l'hypothèse erronée qu'un tribunal américain pourrait aliéner le droit d'un Etat souverain, la République du Congo, de disposer de ses ressources à l'intérieur de son propre territoire. La République du Congo a jusqu'à présent coopéré avec les autorités judiciaires américaines dans l'espoir que les tribunaux américains admettraient leur obligation de respecter la souveraineté du Congo, comme le leur impose le droit international, le droit congolais ainsi que le droit des Etats-Unis d'Amérique.

Compte tenu des jugements rendus par votre tribunal et par la Court of Appeals for the Fifth Circuit, le Congo se voit contraint de protester vigoureusement contre le non-respect de ses droits souverains et contre les mesures judiciaires qui visent à le déposséder de droits économiques qui font partie de son patrimoine national et qui constituent sa principale source de revenus à l'exportation. Le droit international public établit clairement le principe selon lequel chaque Etat a le droit d'exercer une souveraineté entière et permanente sur ses ressources naturelles, et dispose du droit exclusif d'en contrôler l'utilisation économique. Les droits du Congo sur la redevance minière à l'intérieur de son territoire sont du ressort de sa souveraineté exclusive, laquelle ne peut en aucun cas faire l'objet de mesures judiciaires de la part d'un autre Etat.

Le Turnover Order émis par votre tribunal constitue une violation patente de la part des Etats-Unis du droit international, lequel consacre le droit pour chaque Etat souverain de gérer ses ressources naturelles à l'intérieur de son territoire national. De telles actions affectent négativement les relations entre les Etats-Unis et le Congo et les efforts mutuels de ces deux nations pour encourager les sociétés américaines à investir au Congo, en particulier dans le domaine pétrolier. Ce regrettable développement met le Congo dans l'obligation de réexaminer ses relations économiques avec les Etats-Unis en tenant compte notamment que d'autres pays partenaires commerciaux, au Canada, en Europe, en Inde et en Chine respectent la souveraineté des pays avec lesquels ils entretiennent des relations économiques.

Le Turnover Order est de nul effet au Congo et ne saurait prévaloir sur l'autorité souveraine de notre pays d'appliquer ses propres lois sur son territoire. J'ai donc le regret de vous informer que, pour les raisons indiquées dans la présente lettre, la République du Congo rejette le Turnover Order.

Veuillez agréer, Monsieur le Juge, l'expression de ma considération distinguée.

Rodolphe ADADA.

Hon. Sam Sparks
United States District Judge
United States District Court for
 The Western District of Texas
Austin, Texas

U.S.A.


Copie : Hon. William H. Taft, IV
        United States Department of State