IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CONNECTICUT BANK OF COMMERCE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 05-762 SLR |
| THE REPUBLIC OF CONGO, | ) ) ) | |
| Defendant; | ) ) | |
| CMS NOMECO CONGO INC., | ) ) ) | |
| Garnishee. | ) | |

**GARNISHEE CMS NOMECO'S REPLY IN SUPPORT OF ITS MOTION
TO AMEND ANSWER TO WRIT OF GARNISHMENT
<u>BY ADDING VERIFICATION</u>**

Af-Cap's opposition (D.I. 10) to CMS Nomeco's Motion to Amend Answer to Writ of Garnishment by Adding Verification (D.I. 6) is a superb example of a party misstating the law while simultaneously disregarding one of the most important principles underlying our judicial system – that a court will resolve a dispute on the merits, not on a technical "gotcha," whenever possible.  In responding to CMS Nomeco's simple request for leave to amend to add a verification to its answer, Af-Cap presents a mix of misleading and frivolous arguments, all designed to avoid a decision on the merits of the controlling legal principles in this case that doom Af-Cap's garnishment action.  Af-Cap has already lost an identical garnishment action against CMS Nomeco in Texas federal court,[1] and it apparently believes that its best chance of

---

[1] For more than four years, Af-Cap and its predecessor-in-interest, Connecticut Bank of Commerce, pursued garnishment litigation against CMS Nomeco and others, seeking to garnish the same property that it seeks to garnish in this case.  On February 4, 2005, the United States District Court for the Western District of Texas dismissed the garnishment action and dissolved the writs of garnishment that had previously issued in that case, holding that the in-kind royalty of the Congo that Af-Cap sought to garnish was not subject to garnishment because

(continued...)

avoiding a similar fate in this Court is by relying on technical arguments that, if accepted by the Court, will prevent a decision on the merits. Af-Cap's desire to avoid the merits is understandable, since it is wrongfully attempting to impose liability on CMS Nomeco, an innocent third-party garnishee, for the full amount of a multi-million dollar bad debt of the Congo that Af-Cap obtained for pennies on the dollar, even though CMS Nomeco had no role or involvement in the underlying debt transaction. In short, Af-Cap apparently recognizes that it cannot win on the merits and is attempting to win on an insignificant pleading technicality instead. It is precisely that type of strategy that Rule 15 was designed to prevent.

It is quite apparent that in its headlong rush to avoid a merits decision in this case, Af-Cap has taken no notice of the multitude of instances in which judges have admonished parties that courts prefer to resolve disputes on substantive grounds, not on technicalities. A few examples should prove the point. Consider Justice Story, who wrote in the early years of the Republic, "It would be strange, indeed, if parties could be allowed, under the protection of its forms, to defeat the whole objects and purposes of the law itself." *Welch v. Mandeville*, 1 Wheat. (14 U.S.) 233, 236 (1816). A century later, Judge Cardozo put it slightly differently: "The law has outgrown its primitive stage of formalism when the precise word was the sovereign talisman, and every slip was fatal." *Wood v. Duff-Gordon*, 222 N.Y. 88, 91, 118 N.E. 214 (1917). Another highly respected Justice of the Supreme Court, Justice Stone, remarked on

---

(continued...)

non-monetary obligations are not garnishable. That judgment is now on appeal to the United States Court of Appeals for the Fifth Circuit.

those who "grasp at a shadow while the substance escapes." *Chase Nat'l Bank v. United States*, 278 U.S. 327, 338 (1929) (citation omitted).[2]

It is difficult to think of a more technical, less merits-based question than whether a verification may be added to an answer to a writ of garnishment. By refusing in the first instance to consent to CMS Nomeco's request to add the verification, and thus making motion practice necessary, Af-Cap not only ignored one of the core tenets of our judicial system, as described above, but in addition, its refusal to agree to such a simple matter appears to demonstrate that it will refuse any request made by CMS Nomeco, no matter how trivial, and no matter how unrelated it may be to a merits determination of the parties' dispute.

Turning next to the first problem identified above – Af-Cap's material misstatement of the law – we will address each of Af-Cap's points in turn.

1. *Authority to Support the Motion* – Af-Cap asserts that CMS Nomeco has not cited any authority to support its right to request that the verification be added to its answer; it argues that the only proper authority is Rule 15 (Ans. Br. at 3); and it contends that under Rule 15, amendments to correct formal errors are impermissible (Ans. Br. at 4). Based on these assertions, Af-Cap argues that CMS Nomeco may not add a verification to its answer to the writ of garnishment. That is a plainly incorrect reading of the law regarding the correction of ministerial pleading errors, generally, and of Rule 15, specifically. *Cf. Edelman v. Lynchburg College*, 535 U.S. 106, 117 (2002) (citations omitted) ("[w]here a statute or supplemental rule

---

[2] Other examples abound. *See, e.g., Feick v. Fleener*, 653 F.2d 69, 77 (2d Cir. 1981) ("[c]ourts, refusing to exalt form over substance, cannot be awed by procedural specters, and cannot be swayed by feigned issues"); *Mason Tenders Dist. Counsel Welfare Fund v. M&M Contracting & Consulting*, 193 F.R.D. 112, 115 (S.D.N.Y. 2000) ("courts should, when possible, resolve disputes on the merits rather than on technical pleading difficulties"); *Thomas v. St. Luke Health Systems, Inc.*, 869 F. Supp. 1413, 1429 (N.D. Iowa 1994) (affirmative defenses asserted in defendant's summary judgment motion would be considered to have been raised in answer, because to "hold otherwise exalts form over substance – technicality over reality").

requires an oath, courts have shown a high degree of consistency in accepting later verification as reaching back to an earlier, unverified filing"); 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1339, at 150 (2d ed. 1990) ("[e]ven if a federal rule or statute requires verification, a failure to comply does not render the document fatally defective").

Af-Cap cites three cases for the proposition that the only form of amendment permitted by Rule 15 is one designed to amplify on a pleading that lacks the necessary specificity to support a cause of action (Ans. Br. at 4). Not one of the three cases says any such thing; not one of them involved a request to amend a formal or technical error made in a pleading, much less a denial of such a request; and Af-Cap has blatantly misinformed the Court about what all three cases hold. The misinformation campaign is even more extreme in the following paragraph of Af-Cap's Answering Brief, where it cites *Koolstra v. Sullivan*, 128 F.R.D. 672, 674 (D. Colo. 1989), stating that the court in that case "den[ied] motion to amend based on Assistant United States Attorney's error in failing to follow statutory requirements for handling agency litigation" (Ans. Br. at 4). The only resemblance between that description and the court's opinion is that both involve an Assistant U.S. Attorney and agency litigation. *Koolstra* did not involve a requested amendment to comply with a technical pleading requirement, and nothing in the opinion supports Af-Cap's position that Rule 15 does not permit amendments to correct technical pleading errors.

If the cases cited by Af-Cap stood for the proposition that Af-Cap describes (and they do not), they would be contrary to the long line of cases holding that Rule 15 is properly invoked to correct technical errors. *See*, *e.g.*, *Matthews v. Diaz*, 426 U.S. 67, 96 (1976) (requirements of Rule 15 should not be used to impede a decision on the merits because of a technical error or omission); *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004) (policy of

Rule 15 to remedy formal or procedural mistakes in pleadings); *Nwachukwu v. Karl*, 222 F.R.D. 208, 211 (D. D.C. 2004) ("[t]o further the goal of deciding cases on their merits and avoiding adjudication by technicality Rule 15 allows for amendment whereby party who harmlessly failed to plead an affirmative defense may find satisfaction rather than allowing the party to lose because of a minor technical mistake made in its original pleadings"); *Dove v. Washington Metro. Area Transit Authority*, 221 F.R.D. 246, 247 (D.D.C. 2004) (Rule 15 is designed to avoid rulings based on "minor technical mistake[s]"); *Mingola v. Minnesota Min. and Mfg. Co.*, 893 F. Supp. 499, 504 (D.V.I. 1995) (Rule 15 is properly invoked to effect procedural amendments). In short, the cases applying Rule 15 directly contradict Af-Cap's assertion that Rule 15 precludes the type of pleading amendment sought here.

      2.    *The Cooper's Decision* – It is frankly difficult to follow Af-Cap's argument about *Cooper's Home Furnishing, Inc. v. Lolly*, 270 A.2d 676 (Del. Super. 1970). As we pointed out in paragraphs 5 and 6 of our initial Motion papers (D.I. 6), the *Cooper's* case involved a garnishee that did not even answer the writ of garnishment, yet the only remedy granted by the Superior Court, which is the only one permitted by statute, 10 *Del. C*. § 3509, was to require the garnishee to serve an answer to the writ. Here, CMS Nomeco served a complete answer but omitted the verification. The clear import of *Cooper's* is that the only remedy that the Court may award against CMS Nomeco arising from the omission of the verification is to require CMS Nomeco to add a verification, something that it is trying to do, but which Af-Cap is resisting in a misguided effort to obtain a judgment on a technicality. Af-Cap is simply wrong when it contends, without explanation, that the *Cooper's* ruling is "irrelevant" (Ans. Br. at 5). *Cooper's* controls the current dispute.

       3.    *Prejudice* – "Rule 15(a) evidences a bias in favor of granting a motion for leave to amend," and "absent a substantial reason such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial" of a motion for leave to amend. *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004); *see also Agere Systems Guardian Corp. v. Proxim, Inc.*, 190 F.Supp.2d 726, 736 (D. Del. 2002) (holding that circumstances warranting denial of leave to amend are undue delay, dilatory motive, undue prejudice and futility of amendment). Absent prejudice to the other party, leave should be freely granted. *See Lone Star Ladies Invest. Club v. Schlotzsky's Inc.* 238 F.3d 363, 368 (5th Cir. 2001) ("prejudice is the 'touchstone of the inquiry under rule 15(a)'").

       In opposing the motion on the ground that it would cause prejudice (Ans. Br. at 5-6), Af-Cap betrays an odd understanding of the concept of prejudice. Af-Cap appears to be saying that an order granting the motion would be prejudicial to Af-Cap because it would deprive Af-Cap of the opportunity to win the case without having to prove the legal merits of its claim. That concept of "prejudice" is completely inconsistent with the policy of Rule 15: As held in *Mayeaux*, 376 F.3d at 427, pleading amendments should be permitted when they "advance Rule 15(a)'s policy of promoting litigation on the merits rather than on procedural technicalities." To suggest, as Af-Cap does, that this Court should deny a pleading amendment on "prejudice" grounds because the amendment would prevent Af-Cap from prevailing on a technicality turns the policy of Rule 15 on its head. Rather, Rule 15 prejudice has to do with witnesses losing their memory of events, evidence being lost, and similar circumstances that hinder the presentation of a party's case *on the merits*. *See, e.g., Amqiup Corp. v. Admiral Ins. Co.*, 231 F.R.D. 197, 199 (E.D. Pa. 2005) (*citing Cureton v. National Collegiate Athletic Ass'n.*,

252 F.3d 267, 273 (3d Cir. 2001)) (holding "[u]ndue prejudice to the party opposing the amendment justifies denying leave to amend. A party is unduly prejudiced if amendment would cause surprise, result in additional discovery, or add cost in the preparation to defend against new facts or theories"); *Ross v. Jolly*, 151 F.R.D. 562, 565 (E.D. Pa. 1993) (amendment is considered prejudicial where it "substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation"); *see also In re Fleming Companies, Inc.*, 319 B.R. 359 (Bankr. D. Del. 2005) (undue prejudice to party opposing motion for leave to amend is more than mere inconvenience; it exists only where the party must overhaul its litigation strategy).

        4.    *Timeliness of Answer to Writ of Garnishment* – One of the more astounding aspects of Af-Cap's opposition to the Motion is its insistence that CMS Nomeco's November 2, 2005 answer to the writ of garnishment was one day late (Ans. Br. at 3, 6). Leaving aside the question whether the Court would grant relief to Af-Cap even if the answer had been served a day late, Af-Cap could not be more wrong about the timeliness of the answer. The parties agree that the writ of garnishment was served on CMS Nomeco's registered agent on October 12, 2005; that CMS Nomeco removed the state court action to this Court 20 days later, on November 1, 2005; and that CMS Nomeco answered the writ the next day, November 2, 2005. Af-Cap's gripe is apparently that CMS Nomeco served its answer 21 days (rather than in 20 days) after the writ was served. Yet Af-Cap has completely ignored Rule 81(c) of the Federal Rules of Civil Procedure, which provides (emphasis added):

> In a removed action in which the defendant has not answered, the defendant shall answer or present the other defenses or objections available under these rules within 20 days after the receipt through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based, or within 20 days after the service or summons upon such initial

> pleading, then filed, *or within 5 days after the filing of the petition for removal, whichever period is longest.*

By answering the writ of garnishment one day after removing the case to federal court, CMS Nomeco plainly answered well within the time permitted by Rule 81(c), and Af-Cap's position to the contrary is frivolous.[3]

     5.    *The Alleged Concession in the Answer* – In another argument that is difficult to grasp, Af-Cap posits that "the verification only reinforces the grounds upon which Af-Cap seeks summary judgment against CMS. . . . Specifically, CMS' proposed amendment merely verifies that it owes Congo the oil royalties, and CMS is barred from asserting that Af-Cap is not entitled to garnish that obligation" (Ans. Br. at 6). We are baffled by that argument. As a threshold matter, Af-Cap's characterization of the Answer is wrong: the Answer specifically alleges that the Congo took a lifting of royalty oil in September 2005 and was not entitled to take another lifting of royalty oil as of the service of or answer date for the writ. Specifically, the Answer states:

> In September 2005, SNPC took a lifting of oil for the Congo and SNPC. Subsequent to the September 2005, lifting of oil, SNPC was in an over-delivered position, and neither the Congo nor SNPC were entitled to take delivery of any oil.
>
> CMS Nomeco's registered agent in Delaware was served with the writ of attachment issued by the Superior Court on October 12, 2005. As of the service date of the writ of attachment and as of the answer date for the writ, SNPC and the Congo were not entitled to take a lifting of oil and

---

[3] Af-Cap first raised the timeliness issue in its Exceptions to CMS Nomeco's answer to the writ of garnishment (D.I. 4), which it filed on November 17, 2005. In response, CMS Nomeco informed Af-Cap that under Rule 81(c), the answer to the writ of garnishment was timely filed. *See* CMS Nomeco's Answering Brief in Opposition to Af-Cap's Motion to Remand Action (D.I. 5), at 10 n.2. That brief was filed on November 23, 2005. Fifteen days later, on December 8, 2005, Af-Cap filed its Answering Brief relative to the verification issue, in which it once again asserted that the answer to the writ had been filed too late. Even if Af-Cap simply overlooked Rule 81(c) in its November 17 Exceptions, the fact that CMS Nomeco alerted Af-Cap to the consequences of Rule 81(c) on November 23 makes it difficult to discern a good faith basis for Af-Cap's decision to argue once again, on December 8, that the answer to the writ was not filed on time.

> CMS Nomeco was not indebted to the Congo, except with regard to tax obligations that have already been determined to be immune from garnishment under the FSIA.

CMS Nomeco's Answer at 20. As these allegations of the Answer demonstrate, Af-Cap's contention that the proposed verification of the Answer "verifies that [CMS Nomeco] owes Congo the oil royalties" is simply wrong. In any event, Af-Cap fails to explain why its characterization of the Answer (even if it was accurate) should cause the Court to prevent the attachment of the verification to the Answer.

Af-Cap's vigorous opposition to a technical pleading amendment, combined with its request for summary judgment based on alleged procedural flaws, represent nothing more than a desperate attempt by Af-Cap to avoid a decision on the merits in this case. CMS Nomeco should be permitted to add its verification.

WHEREFORE, CMS Nomeco Congo Inc. (now named CMS Nomeco Congo LLC) requests that the Court grant its Motion to Amend Answer to Writ of Garnishment by Adding Verification and permit CMS Nomeco to file the verification that was attached to its Motion, in order to verify its Answer to Writ of Garnishment.

| | |
|---|---|
| OF COUNSEL: | /s/ M. Duncan Grant |
| | M. Duncan Grant (Del. Bar No. 2994) |
| Guy S. Lipe | James C. Carignan (Del. Bar No. 4230) |
| Jason M. Powers | PEPPER HAMILTON LLP |
| VINSON & ELKINS L.L.P. | Hercules Plaza, Suite 5100 |
| First City Tower | 1313 N. Market Street |
| 1001 Fannin Street, Suite 2300 | P.O. Box 1709 |
| Houston, TX  77002-6760 | Wilmington, DE 19899-1709 |
| (713) 758-2222 | (302) 777-6500 |
| | |
| Dated:  December 15, 2005 | Attorneys for Garnishee CMS Nomeco Inc. |

1833842

-10-

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 15, 2005, the foregoing Reply in Support of Motion to Amend Answer to Writ of Garnishment by Adding Verification was electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to counsel as set forth below:

>Paul D. Brown, Esq.
>Greenberg Traurig, LLP
>The Nemours Building
>1007 North Orange Street, Suite 1200
>Wilmington, DE 19801

>/s/ M. Duncan Grant
>M. Duncan Grant (Del. Bar No. 2994)
>PEPPER HAMILTON LLP
>Hercules Plaza, Suite 5100
>1313 North Market Street
>P.O. Box 1709
>Wilmington, DE 19899-1709
>(302) 777-6500