# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CONNECTICUT BANK OF COMMERCE | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 05-762 (SLR) |
| THE REPUBLIC OF CONGO | ) ) ) | |
| Defendant. | ) ) | |

### AF-CAP'S CITATION OF ADDITIONAL AUTHORITY IN SUPPORT OF ITS MOTION TO REMAND AND IN RESPONSE TO CMS' REFERENCE TO ADDITIONAL AUTHORITY

Pursuant to Local Rule 7.1.2(c), Af-Cap, Inc. ("Af-Cap"), successor to plaintiff, Connecticut Bank of Commerce and to the United States, Federal Deposit Insurance Corporation, submits this citation of additional authority in further support of its Motion to Remand and to respond to CMS Nomeco Congo, Inc.'s (n/k/a CMS Nomeco Congo LLC) ("CMS") similar submission filed on December 12, 2005. (D.I. 12).

In its Motion to Remand Action Pursuant to 28 U.S.C. § 1447 ("Motion to Remand"), Af-Cap sought attorneys fees under 28 U.S.C. § 1447(c). (D.I. 3). In addition to CMS' Answering Brief in Opposition to Af-Cap's Motion to Remand Action ("CMS' Opposition") (D.I. 5), CMS has filed a pleading in which it asserts that the recent Supreme Court case of *Martin et. ux. v. Franklin Capital Corp.*[1] undermines Af-Cap's request for attorneys fees set out in Af-Cap's Motion to Remand. (D.I. 12). CMS' submission seems to constitute a tacit admission of the apparent impropriety of its

---

[1] A copy of *Martin et. ux. v. Franklin Capital Corp* is attached as Exhibit A to Garnishee CMS Nomeco's Reference to Additional Authority in Opposition to Af-Cap's Motion to Remand Action. (D.I. 12).

removal petition and an attempt to avoid imposition of fees. *Martin*, like CMS'
Opposition, does not weaken Af-Cap's request for attorneys fees. The crux of the *Martin*
Court's holding is that **defendants** who rely upon "an objectively reasonable basis" in
seeking removal, but who are denied removal, will not be held liable for the plaintiff's
attorneys fees. *See* slip. op. at 3, 5, 8. As CMS is not a defendant and lacks any
objectively reasonable basis for removal, this Court may award attorneys' fees at its
discretion.

CMS cannot claim an "objectively reasonable basis" to seek removal for multiple
reasons. First, CMS has no standing to seek removal or raise any defenses because it is
not even a defendant in the current litigation, but rather a stakeholder. Second, if it were
a party as it claims, CMS missed the statutory deadline for removal by more than thirty
days. Third, the most cursory review of Foreign Sovereign Immunities Act ("FSIA")
case law shows that CMS' alleged basis for federal jurisdiction, 28 U.S.C. § 1331, is
inapplicable because the only proper jurisdictional basis under the FSIA is 28 U.S.C. §
1330. *See Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 443
(1989) (stating that § 1604 denies jurisdiction generally for reason of sovereign
immunity, while § 1330(b) grants limited, exclusive exception). Similarly, only the
**defendant-foreign sovereign** has the statutory authority to seek removal, and then under
28 U.S.C. § 1441(d) (not 1441(a) as CMS asserts), and the foreign sovereign defendant
here, the Republic of Congo, has contractually waived its right to remove as it is
permitted to do. CMS cannot claim an "objectively reasonably basis" for removal that
ignores the weight of well-settled FSIA precedent and explicit references to foreign
sovereigns in §§ 1330 and 1441. CMS' unfounded litigation positions has wasted this

Court's time and required Af-Cap to incur unnecessary legal expenses; thus, fee shifting is appropriate.

So, as the *Martin* court recognized, it is appropriate in this case to award Af-Cap its attorneys fees on the grounds that Congress thought fee shifting appropriate when the removing party does not meet the statutory criteria for removal. *See* slip op. at 8. Such is the case here, and for that additional reason the Court should not only remand the case forthwith, but also award Af-Cap its fees resulting from the unnecessary imposition of costs associated with CMS' unfounded removal.

**GREENBERG TRAURIG LLP**
Sanford M. Saunders, Jr.
Kenneth P. Kaplan
800 Connecticut Avenue, N.W.
Suite 500
Washington, DC 20006
(202) 331-3100

*Attorneys for Af-Cap, Inc.*

Dated: December 19, 2005

**GREENBERG TRAURIG LLP**

Paul D. Brown (No. 3903)
Joseph B. Cicero (No. 4388)
The Nemours Building
1007 North Orange Street
Suite 1200
Wilmington, DE 19801
(302) 661-7000

*Attorneys for Af-Cap, Inc.*