IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CONNECTICUT BANK OF )
COMMERCE, )
 )
            Plaintiff, )
 )
    v. ) Civil Action No. 05-762 SLR
 )
THE REPUBLIC OF CONGO, )
 )
            Defendant; )
 )
CMS NOMECO CONGO INC., )
 )
            Garnishee. )

**GARNISHEE CMS NOMECO'S REPLY IN SUPPORT OF ITS
MOTION FOR LEAVE TO FILE SURREPLY BRIEF IN
OPPOSITION TO AF-CAP'S MOTION TO REMAND ACTION**

Garnishee CMS Nomeco Congo Inc. (now named CMS Nomeco Congo LLC)

("CMS Nomeco") submits this Reply in support of its Motion for Leave to File Surreply Brief in

Opposition to Af-Cap's Motion to Remand Action.

Af-Cap opposes CMS Nomeco's request for leave to file a surreply brief on the

remand issues, arguing that Af-Cap "is entitled to the last word" on the remand issues and

accusing CMS Nomeco of attempting to "sandbag" Af-Cap. Af-Cap Opposition ¶3. A review of

the facts demonstrates that Af-Cap is attempting to have *the only word* on the remand arguments

that it raised for the first time in its Reply, and it is Af-Cap that is doing the sandbagging. The

reason for Af-Cap's unreasonable refusal to agree to the filing of the surreply is its desire to

prevent the Court's consideration of full briefing on its new remand arguments, as part of its

effort to avoid a decision by this Court on the merits of its baseless garnishment action.

1.      Af-Cap's Motion to Remand Action was based on three arguments: (1) Af-Cap's argument that CMS Nomeco is not a party to this garnishment action and is without standing to remove; (2) Af-Cap's argument that the notice of removal allegedly was not timely; and (3) Af-Cap's argument that the Congo's consent was necessary for removal. The Motion to Remand Action did not challenge the bases for subject-matter jurisdiction set out in the Notice of Removal, and the only mention of the Foreign Sovereign Immunities Act in the Motion to Remand Action was in footnote 1, in which Af-Cap stated that 28 U.S.C. §1441(d) provides no basis for removal of this action because CMS Nomeco is not a foreign sovereign. That footnote reference is and was irrelevant because CMS Nomeco did not rely, and does not rely, on 28 U.S.C. §1441(d) as a basis for removal.

2.      In its Opposition, CMS Nomeco demonstrated that all of the arguments presented in the Motion to Remand Action are meritless. In its Reply, Af-Cap attempted to raise, for the first time, arguments relating to subject matter jurisdiction and FSIA-related arguments that were not raised in the Motion to Remand Action. Specifically, Af-Cap argued in its Reply that (1) "CMS wrongfully asserts federal jurisdiction under 28 U.S.C. §1331 when the Foreign Sovereign Immunities Act ('FSIA') and Supreme Court precedent limits jurisdiction to 28 U.S.C. §1330"[1]; (2) 28 U.S.C. §1441(d) "is the sole statutory basis for standing to remove an action under the FSIA"[2]; and (3) CMS Nomeco "may not bootstrap itself into federal court by asserting a defense that raises a federal question."[3]

3.      The proposed surreply brief demonstrates that all of these new arguments are also baseless. Af-Cap's opposition to the motion for leave to file the surreply brief exposes its effort to have the Court consider the new remand issues on a one-sided record, having only

---

[1] Af-Cap Reply at 1.
[2] Af-Cap Reply at 2.
[3] Af-Cap Reply at 3.

--                                                                                                      2

Af-Cap's perspective on the subject-matter jurisdiction and FSIA-related arguments raised for the first time in the Reply.

4.      Af-Cap attempts to justify its failure to raise the new arguments in its original motion by contending that it was merely responding to cases cited in CMS Nomeco's Opposition. But those same cases were cited in the Notice of Removal, and Af-Cap chose to address only one of those cases in its Motion to Remand Action. When CMS Nomeco pointed out in its Opposition that Af-Cap's motion failed to address the other cases cited in the Notice of Removal, Af-Cap shifted gears and for the first time raised in its Reply the subject-matter jurisdiction and other FSIA-based challenges to removal.

5.      This is not a situation in which Af-Cap could not anticipate the arguments raised in the Opposition, as they are the same arguments presented in the Notice of Removal. By raising subject matter jurisdiction and other FSIA-based arguments for the first time in its Reply and then opposing CMS Nomeco's motion for leave to file a surreply brief to address those new arguments, Af-Cap is attempting to prevent the Court from hearing CMS Nomeco's side of the subject-matter jurisdiction and FSIA-related issues and to force a decision on those issues based on a one-sided presentation of the arguments.

6.      Once again, Af-Cap has wasted the Court's time and forced expenditure of additional attorney's fees by CMS Nomeco in connection with a matter that should have been resolved by agreement. Af-Cap's effort to obtain a remand based on a one-sided presentation of issues raised for the first time in a reply is just its latest attempt to avoid a decision by this Court

on the merits of its baseless garnishment action.  The motion for leave to file the surreply brief

should be granted.

                                                         Respectfully submitted,


OF COUNSEL:                                              /s/ M. Duncan Grant
                                                         _____
                                                         M. Duncan Grant (Del. Bar No. 2994)
Guy S. Lipe                                              James C. Carignan (Del. Bar No. 4230)
Jason M. Powers                                          PEPPER HAMILTON LLP
VINSON & ELKINS L.L.P.                                   Hercules Plaza, Suite 5100
First City Tower                                         1313 N. Market Street
1001 Fannin Street, Suite 2300                           P.O. Box 1709
Houston, TX  77002-6760                                  Wilmington, DE  19899-1709
(713) 758-2222                                           (302) 777-6500


Dated:  December 29, 2005                                Attorneys for Garnishee CMS Nomeco Congo
                                                         Inc.
1839990