## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONNECTICUT BANK OF COMMERCE, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 05-762 SLR ) |
| THE REPUBLIC OF CONGO, | ) ) |
| Defendant; | ) ) |
| CMS NOMECO CONGO INC., | ) ) |
| Garnishee. | ) |

### JOINT SCHEDULING ORDER

At Wilmington this $\underline{30\text{+}}$ day of August, 2006, the parties having satisfied their

obligations under Fed. R. Civ. P. 26(f); the Court having conducted a pretrial scheduling

conference pursuant to Fed. R. Civ. P. 16 and D. Del. L.R. 16.2(a) and (b); and the parties having

further conferred following the pretrial scheduling conference,

IT IS ORDERED that:

1.    **Pre-Discovery Disclosures.** The parties exchanged their Initial

Disclosures on August 10, 2006. Af-Cap provided CMS Nomeco with all documents that are not

subject to a confidentiality order in other litigation at that time. CMS Nomeco produced a disk

containing its document production at that time. The parties shall produce any remaining

documents on or before September 1, 2006.

2.    **Discovery.** The Court will hold a discovery conference on December 4,

2006 at 4:30 p.m. in Courtroom 6B, Federal Building, 844 King Street, Wilmington, Delaware.

No less than 24 hours in advance of the conference, the parties shall submit a joint report on the

status of discovery and any existing areas of dispute. If the parties believe that additional discovery conferences are required, they shall advise the Court as promptly as possible.

   a. Plaintiff's assignee Af-Cap believes that discovery will be needed on the following subjects:

   (1) The payment, transfer or other use of oil royalties to Af-Cap's Judgment Debtor, the Republic of Congo ("Congo"), by CMS Nomeco under an Oil Convention between Congo and CMS Nomeco.

   (2) CMS Nomeco's payment of a portion of the same oil royalties to another of Congo's judgment creditors, National Union Fire Insurance Company of Pittsburgh, PA ("NUFI") between 1991 and August 2002 under a Turnover Order issued by the United States District Court for the Northern District of Illinois, or any other use of such royalties.

   (3) CMS Nomeco's incorporation and current corporate structure in the State of Delaware and compliance with reporting and filing obligations as a Delaware Corporation.

   (4) CMS Nomeco's activities in the United States.

   (5) CMS Nomeco's sale to and relationship with its ultimate parent, the French Company, Perenco S.A.

   (6) Any defenses to be raised by CMS Nomeco.

   b. Garnishee CMS Nomeco believes that discovery will be needed on the following subjects:

   (1) The factual bases for allegations and claims made by Af-Cap and related information and documents;

-2-

(2)     The bases of Af-Cap's designated experts' opinions;

(3)     The nature and origin of Af-Cap's ownership of the debt at

issue;

(4)     Af-Cap's efforts and opportunities to enforce the Judgment

at issue or collect on the debt at issue.

3.      **Completion of Discovery.**  All discovery shall be commenced in time to be completed by January 26, 2007.

4.      **Interrogatories.**  A maximum of 25 interrogatories may be served by each party to any other party.

5.      **Requests for Admissions.**  There are no limits imposed upon the number of requests for admissions.

6.      **Depositions.**  Unless the parties agree or the Court orders otherwise, the parties shall be entitled to 5 depositions each and each deposition shall be limited to a maximum of 7 hours each, unless translations are needed for the testimony of particular witnesses, in which case the parties shall agree upon the amount of time that is needed in excess of 7 hours for such a deposition.  The parties agree to work together in good faith if a party believes that more than 7 hours is necessary to complete a deposition or deposition(s).

7.      **Experts.**  Reports from retained experts under Rule 26(a)(2) on issues for which any party has the burden of proof shall be served by December 12, 2006 and that rebuttal expert reports shall be served by January 15, 2007.

8.      **Joinder of Other Parties and Amendment of Pleadings.**  All motions to join other parties and amend the pleadings shall be filed on or before January 5, 2007.

9.      **Summary Judgment Motions.** Summary judgment motions shall be served and filed with an opening brief on or before February 19, 2007. No summary judgment motion may be filed more than 10 days from the above date without leave of the Court. Responsive briefs shall be due March 5, 2007, and reply briefs shall be due March 12, 2007. Oral argument shall be heard on summary judgment motions on March 28, 2007 at 3:00 p.m. in Courtroom 6B, Federal Building, 844 King Street, Wilmington, Delaware.

10.     **Applications by Motion.** Any application to the Court shall be by written motion filed with the clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to chambers. **Any non-dispositive motion shall contain the statement required by D. Del. L.R. 7.1.1.**

11.     **Motions *in Limine.*** Motions *in limine* and motions challenging the admissibility of proposed expert witness testimony shall be filed on or before June 11, 2007, and that all responses shall be filed on or before June 18, 2007.

12.     **Pretrial Conference.** A pretrial conference will be held on June 25, 2007 at 4:30 p.m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. L.R. 16.4 shall govern the pretrial conference. During the pretrial conference, the parties will argue motions *in limine* and motions concerning the admissibility of proposed expert testimony.

13.     **Trial.** This matter will be scheduled for trial commencing on July 23,

2007 in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware.

For purposes of completing pretrial preparations, the parties will outline the total number of

hours in which they will present their respective cases at the Pretrial Conference. If by the time

of the discovery conference, the parties have not agreed on whether the case should be tried to a

jury or the Court, the Court will set a briefing schedule to address the issue.

Sue L. Robinson, C.J.