**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CONNECTICUT BANK OF COMMERCE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 05-762 SLR |
| THE REPUBLIC OF CONGO, | ) ) ) | |
| Defendant; | ) ) | |
| CMS NOMECO CONGO INC., | ) ) | |
| Garnishee. | ) | |

**AF-CAP'S REPLY TO CMS NOMECO'S OPPOSITION TO ITS
MOTION TO SUBSTITUTE PARTIES**

Pursuant to Rule 7.1.2(a)(3), Af-Cap, Inc. ("Af-Cap") submits this reply to CMS Nomeco's opposition to its motion to substitute parties. CMS opposes a simple housekeeping motion in which Af-Cap, the real party in interest, seeks to amend the caption to reflect that it, not a defunct bank, is attempting to collect a long-overdue money judgment. Af-Cap's motion should be granted on the grounds that (a) CMS offers no basis to deny it or defer ruling on it; and (b) CMS already consented to a similar motion to substitute filed in the United States District Court for the Western District of Texas.

Initially, in its Opposition, CMS asks the Court to defer ruling on Af-Cap's motion. *See* CMS Opp. at 2-3. CMS cites no legal basis, and there is none, to either deny, or defer ruling on Af-Cap's request. The Third Circuit has observed that Rule 25(c) is "merely a procedural device designed to facilitate the conduct of a case" and decisions under the Rule are generally committed to the court's discretion. *Luxliner P.L.*

*Export v. RDI/Luxliner*, 13 F.3d 69, 72 (3d Cir. 1993) (citing *Fontana v. United Bonding Ins., Co.*, 468 F.2d 168, 169 (3d. Cir. 1972)). Despite the ministerial nature of Af-Cap's request, CMS has attempted to turn it into an unnecessary exercise in motions practice.

Alternatively, CMS objects to Af-Cap's request on three grounds. First, CMS states that Af-Cap argued to the Fifth Circuit "that the fact Af-Cap purportedly acquired its interest in the debt from the United States government had legal significance to its claims against CMS Nomeco." CMS Opp. at 1. Of course, Af-Cap's acquisition of the debt from the FDIC has legal significance to its claims; however, it does not have the negative connotation that CMS would like to ascribe to it. Rather, without the assignment, Af-Cap would not be able to pursue this case. Second, CMS alleges that Af-Cap may have had an interest "in the debt prior to the alleged Assignment Agreement with the FDIC." *Id.* at 2. CMS has been litigating with Af-Cap for more than 5 years and has never alleged Af-Cap was not the proper judgment creditor. And, even if true, which it is not, a prior interest would not affect Af-Cap's right to pursue relief here. CMS's unfounded speculation is insufficient to deny Af-Cap's request.[1] Third, CMS complains, albeit accurately, that the Assignment Agreement was not attached to the Motion. But, CMS neglects to mention that Af-Cap provided CMS a copy of the Assignment Agreement when it sought to obtain CMS's consent to the Motion prior to filing (*see* E.mail to CMS dated October, 27 2006 attached as Exh. A) and when CMS previously consented to Af-Cap's Motion to Substitute before the United States District Court for the Western District of Texas. Thus, the omission caused no prejudice.

---

[1] CMS avers that it needs discovery on this point. If and when CMS seeks such discovery Af-Cap will address it, but it is not a grounds to deny, or defer ruling on, Af-Cap's Motion.

Furthermore, the arguments CMS raises here were equally available (and equally unpersuasive) when Af-Cap filed the same motion in the Western District of Texas action. *See* Af-Cap's Motion to Substitute in the Western District of Texas attached to Exh. A. As noted, CMS did not object to that prior motion. Principles of judicial estoppel preclude CMS from advancing any objection before this Court. The Third Circuit case law holds that three requirements must be met before a court applies this doctrine. *Montrose Medical Group v. Bulgar*, 243 F.3d 773, 789 (3d Cir. 2001).

First, the two positions must be "irreconcilably inconsistent." *Id.* There is no question that CMS's inconsistent positions in this litigation and the Western District of Texas litigation satisfy this requirement. *See id.* (citing *Ryan Operations G.P. v. Santiam-Midwest Lumber, Co.*, 81 F.3d 355, 361 (3d Cir. 1996)). Second, CMS must have changed its position "'in bad faith -- i.e. with intent to play fast and loose with the court'." *Id.* (citing *Ryan Operations G.P.*, 81 F.3d at 361). CMS conduct satisfies this requirement too. In particular, CMS has provided no legal basis for its opposition and none exists. Nor has CMS provided any justification for its departure from its prior position when the same request was made to the district court in Texas. Third, a court may not employ judicial estoppel unless it is "'tailored to address the harm identified'." *Id.* (quoting *Klein v. Stahl GMBH & Co. Maschinefabrik*, 185 F.3d 98, 108 (3d Cir. 1999)). Af-Cap's requested relief -- to grant the motion -- is an adequate remedy for the damage done by CMS's misconduct.[2] *Id.* Thus, the circumstances presented here satisfy each of those requirements.

CMS's pleading has needlessly imposed on the Court's resources, raised the costs of this litigation, and highlights the tactics it has taken to assist its dead-beat business

---

[2] Notwithstanding CMS' improper conduct, Af-Cap seeks no further relief at this time.

partner, Congo, in avoiding payment of its lawful debts.  Af-Cap's motion is a simple and straightforward request to substitute a party based upon the assignment of a judgment. The absence of any legal authority in CMS' Opposition shows that there is no basis for the Court to either deny, or defer ruling on, Af-Cap's Motion.  Accordingly, Af-Cap respectfully requests that the Court grant its motion to substitute.

Dated: November _, 2006                      Respectfully submitted,

                                              GREENBERG TRAURIG, LLP


                                              _____
                                              Dennis A. Meloro (No. 4435)
                                              The Nemours Building
                                              1007 North Orange Street
                                              Suite 1200
                                              Wilmington, DE 19801
                                              (302) 661-7000

                                              and

                                              GREENBERG TRAURIG LLP
                                              Sanford M. Saunders, Jr.
                                              Kenneth Kaplan
                                              800 Connecticut Ave., N.W.
                                              Suite 500
                                              Washington, DC 20006
                                              (202) 331-3100

                                              *Attorneys for Plaintiff*