IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONNECTICUT BANK OF COMMERCE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE REPUBLIC OF CONGO, ) <br> ) <br> Defendant; ) <br> ) <br> CMS NOMECO CONGO INC., ) <br> ) <br> Garnishee. ) | Civil Action No. 05-762-SLR |

**UNOPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENT
TO ANSWER TO WRIT OF GARNISHMENT**

Garnishee CMS Nomeco Congo Inc. ("CMS Nomeco") files this Unopposed Motion for Leave to File a Supplement to its Answer to Writ of Garnishment, and in support of the Motion submits the following:

1. CMS Nomeco filed its answer to the writ of garnishment in this case in November 2005. Since the filing of the answer, the United States Court of Appeals for the Fifth Circuit has decided two important cases addressing efforts of judgment creditors to execute on the Congo's in-kind royalty that is the subject of this case. This motion for leave to file a supplement to CMS Nomeco's answer to the writ of garnishment seeks permission of the Court to raise legal arguments directly raised by those intervening decisions.

2. On July 10, 2006, the Fifth Circuit Court of Appeals decided the case of *FG Hemisphere Associates LLC v. Republic of Congo*, 455 F.3d 575 (5th Cir. 2006). In that decision, the Fifth Circuit reversed the order of the United States District Court for the Southern District of Texas that had authorized writs of garnishment directed to the Congo's in-kind royalty

that is at issue in this case. The Fifth Circuit found that the writs violated the Foreign Sovereign Immunities Act ("FSIA"), holding that a district court must determine the "in the United States" and "commercial activity" requirements for application of any exception to sovereign immunity from execution under the FSIA at the time each garnishment writ is authorized. The Fifth Circuit also held that a district court must make supporting fact findings on those FSIA issues in its authorizing court order, based on the circumstances existing at the time the writ is authorized, as well as findings concerning the amenability to garnishment of the property in question under state law. The Fifth Circuit held that in the absence of such findings, an order authorizing a garnishment writ directed to the property of a foreign state is improper and void *ab initio*, requiring that the writ be dissolved. In August 2006, the Fifth Circuit denied FG's petitions for panel rehearing and rehearing en banc, and the mandate thereafter issued. The deadline for filing a petition for certiorari with the United States Supreme Court expired on November 13, 2006, and no such petition was filed. Thus, the decision of the Fifth Circuit in the *FG* case is now final.

3.  The fatal defect in the writs of garnishment issued by the Southern District of Texas that were the subject of the *FG* decision of the Fifth Circuit applies equally to the writ of garnishment that is the subject of this proceeding. The Superior Court order authorizing issuance of the writ makes no findings concerning the "in the United States" or "commercial activity" requirements of the FSIA, nor does it make any findings concerning the amenability to garnishment of the Congo's property under state law. Under the rationale of the decision in *FG*, the authorizing order for the writ that is the subject of this case is void *ab initio* and invalid, and the writ issued pursuant thereto must be dissolved.

4. On August 23, 2006, the Fifth Circuit Court of Appeals issued its decision in *Af-Cap, Inc. v. Republic of Congo*, 462 F.3d 417 (5th Cir. 2006). In that decision, the Fifth Circuit affirmed the Western District of Texas' order dismissing Af-Cap's Texas garnishment litigation and dissolving the writs of garnishment that had been issued in that litigation, holding that the Congo's right to take oil is not subject to garnishment as a matter of state law. The rationale of that decision applies equally to the Delaware garnishment statute and rules.

5. In its August 23, 2006 decision, the Fifth Circuit also vacated the Af-Cap turnover order on which Af-Cap relies in part in this case. Specifically, the Fifth Circuit held that the Western District of Texas lacked jurisdiction to issue a turnover order against the Congo with regard to its royalty rights, and it vacated the Af-Cap turnover order. Because the Af-Cap turnover order has been vacated, Af-Cap can claim no rights against CMS Nomeco under that turnover order.

6. Rule 15 provides that a party may seek leave to supplement its answer to address events occurring since the date of the answer sought to be supplemented. The decisions of the Fifth Circuit referenced above post-date the filing of CMS Nomeco's answer in this case. No prejudice will result from the granting of leave to supplement the answer to raise issues arising out of those decisions.

7. Pursuant to Local Rule 7.1.1, CMS Nomeco certifies that Af-Cap's counsel has informed CMS Nomeco that although Af-Cap opposes CMS Nomeco's merits position concerning the defensive issues raised in the supplement to the answer, Af-Cap does not oppose the granting of leave to file the supplement to CMS Nomeco's answer.

WHEREFORE, CMS Nomeco respectfully requests that its Unopposed Motion for Leave to File Supplement to Answer to Writ of Garnishment be granted, and that the Court

grant leave to CMS Nomeco to file the Supplement to its Answer, a copy of which is attached as Exhibit A.

| | |
|---|---|
| OF COUNSEL: | /s/ M. Duncan Grant |
| | M. Duncan Grant (Del. Bar No. 2994) |
| Guy S. Lipe | James C. Carignan (Del. Bar No. 4230) |
| Jason M. Powers | PEPPER HAMILTON LLP |
| VINSON & ELKINS L.L.P. | Hercules Plaza, Suite 5100 |
| First City Tower | 1313 N. Market Street |
| 1001 Fannin Street, Suite 2300 | P.O. Box 1709 |
| Houston, TX 77002-6760 | Wilmington, DE 19899-1709 |
| (713) 758-2222 | (302) 777-6500 |
| | |
| Dated: December 18, 2006 | Attorneys for Garnishee CMS Nomeco Congo Inc. |