## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONNECTICUT BANK OF<br>COMMERCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-762-SLR |
| | ) |
| THE REPUBLIC OF CONGO, | ) |
| | ) |
| Defendant; | ) |
| | ) |
| CMS NOMECO CONGO INC., | ) |
| | ) |
| Garnishee. | ) |

## SUPPLEMENT TO ANSWER TO WRIT OF GARNISHMENT

CMS Nomeco Congo Inc. ("CMS Nomeco") files this Supplement to its Answer to the Writ of Garnishment that was served on its registered agent in Delaware on October 12, 2005, raising issues based on developments that have occurred subsequent to the filing of CMS Nomeco's Answer.

1.      On July 10, 2006, the Fifth Circuit Court of Appeals decided the case of *FG Hemisphere Associates LLC v. Republic of Congo*, 455 F.3d 575 (5th Cir. 2006). In that decision, the Fifth Circuit reversed the order of the United States District Court for the Southern District of Texas that had authorized writs of garnishment directed to the Congo's in-kind royalty that is at issue in this case. The Fifth Circuit found that the writs violated the Foreign Sovereign Immunities Act ("FSIA"), holding that a district court must determine the "in the United States" and "commercial activity" requirements for application of any exception to sovereign immunity from execution under the FSIA at the time each garnishment writ is authorized. The Fifth Circuit also held that a district court must make supporting fact findings on those FSIA issues in

its authorizing court order, based on the circumstances existing at the time the writ is authorized, as well as findings concerning the amenability to garnishment of the property in question under state law. The Fifth Circuit held that in the absence of such findings, an order authorizing a garnishment writ directed to the property of a foreign state is improper and void *ab initio*, requiring that the writ be dissolved. In August 2006, the Fifth Circuit denied FG's petitions for panel rehearing and rehearing en banc, and the mandate thereafter issued. The deadline for filing a petition for certiorari with the United States Supreme Court expired on November 13, 2006, and no such petition was filed. Thus, the decision of the Fifth Circuit in the *FG* case is now final.

2.      The fatal defect in the writs of garnishment issued by the Southern District of Texas that were the subject of the *FG* decision of the Fifth Circuit applies equally to the writ of garnishment that is the subject of this proceeding. The Superior Court order authorizing issuance of the writ makes no findings concerning the "in the United States" or "commercial activity" requirements of the FSIA, nor does it make any findings concerning the amenability to garnishment of the Congo's property under state law. Under the rationale of the decision in *FG*, the authorizing order for the writ that is the subject of this case is void *ab initio* and invalid, and the writ issued pursuant thereto must be dissolved.

3.      On August 23, 2006, the Fifth Circuit Court of Appeals issued its decision in *Af-Cap, Inc. v. Republic of Congo*, 462 F.3d 417 (5th Cir. 2006). In that decision, the Fifth Circuit affirmed the Western District of Texas' order dismissing Af-Cap's Texas garnishment litigation and dissolving the writs of garnishment that had been issued in that litigation, holding that the Congo's right to take oil is not subject to garnishment as a matter of state law. The rationale of that decision applies equally to the Delaware garnishment statute and rules.

4.    In its August 23, 2006 decision, the Fifth Circuit also vacated the Af-Cap

turnover order on which Af-Cap relies in part in this case. Specifically, the Fifth Circuit held

that that the Western District lacked jurisdiction to issue a turnover order against the Congo with

regard to its royalty rights, and it vacated the Af-Cap turnover order. Because the Af-Cap

turnover order has been vacated, Af-Cap can claim no rights against CMS Nomeco under that

turnover order.

WHEREFORE, for the reasons set forth in its Answer and in this Supplemental

Answer, CMS Nomeco requests that the garnishment action arising out of the writ of

garnishment issued by the Superior Court and served on October 12, 2005 be dismissed and that

the writ be dissolved, and that CMS Nomeco be discharged on the basis of its answer, as

supplemented, and recover its reasonable attorneys' fees incurred in this proceeding and any

appeal, together with all costs. CMS Nomeco also requests such other and further relief to which

it is justly entitled.

OF COUNSEL:

Guy S. Lipe
Jason M. Powers
VINSON & ELKINS L.L.P.
First City Tower
1001 Fannin Street, Suite 2300
Houston, TX 77002-6760
(713) 758-2222

Dated: December __, 2006

/s/ M. Duncan Grant

M. Duncan Grant (Del. Bar No. 2994)
James C. Carignan (Del. Bar No. 4230)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
(302) 777-6500

Attorneys for Garnishee CMS Nomeco Congo Inc.