<u>**Exhibit A**</u>

**DEFINITIONS**

1. The terms "**you**" and/or "**your**" refer to Af-Cap, Inc.

2. "**The Republic of Congo**" and/or "**the Congo**" refer to the République du Congo, a sovereign country named as Defendant in this lawsuit.

3. "**Af-Cap, Inc.**" refers to Af-Cap, Inc., the corporation that asserts that it is the successor to Connecticut Bank of Commerce in this lawsuit.

4. "**Garnishee**" refers to CMS Nomeco Congo Inc., the garnishee in this action.

5. "**CBOC**" refers to Connecticut Bank of Commerce.

6. The "**Convention**" means that certain agreement dated on or about May 25, 1979, among the Congo, the Congolese Superior Oil Company, Cities Service Congo Petroleum Corporation, Canadian Superior Oil Ltd. and Societe Nationale de Recherches et d'Exploration Petrolieres, as amended.

7. The "**Judgment**" refers to the Judgment that Af-Cap **alleges that it holds against the Congo and that is the subject of this proceeding.**

8. **This "Proceeding" means Civil Action No. 05-726** SLR in the United States District Court for the District of Delaware.

9. "**Royalty Oil**" refers to the oil that the Republic of Congo is periodically entitled to take under the Convention and related agreements.

## TOPICS ON WHICH TESTIMONY IS SOUGHT

CMS Nomeco requests that Af-Cap, Inc. designate, in the manner described above, persons to testify on its behalf on the following subject matters:

1) The existence and location of documents responsive to CMS Nomeco's requests for production in this matter.
2) The efforts made to locate or collect the documents responsive to CMS Nomeco's requests for production in this matter and the efforts to collect information responsive to discovery in this matter.
3) Af-Cap, Inc.'s investment in the debt that is the subject of this Proceeding or the Judgment that is the subject of this Proceeding, including the dates of each investment by Af-Cap in the debt that is the subject of this Proceeding or the Judgment that is the subject of this Proceeding, the nature of the investment, and the consideration paid.
4) Af-Cap, Inc.'s acquisition of any interest in the debt that is the subject of this Proceeding or the Judgment that is the subject of this Proceeding or of any right to receive any portion of the proceeds of or payments on such debt or Judgment, including the dates of each such acquisition, the interests acquired, the manner in which the interests were acquired, and the consideration paid.
5) Actions taken by CBOC or Af-Cap, Inc. to collect the Judgment that is the subject of this Proceeding, including the pursuit of legal proceedings, other than the actions taken in this litigation and in Case Nos. A-01-CA-100-SS and A-01-CA-321-SS in the United States District Court for the Western District of Texas and in Case No. H-02-4261 in the United States District Court for the Southern District of Texas, and the results of those efforts.
6) The value of the Judgment that is the subject of this Proceeding, and all analyses, evaluations, or estimates of such value.
7) Assets of the Congo that you have identified as assets that should be available to you to collect the Judgment that is the subject of this Proceeding, and the actions taken to pursue those assets, other than actions taken in this litigation and litigation in Case Nos. A-01-CA-100-SS and A-01-CA-321-SS in the United States District Court for the Western District of Texas and Case No. H-02-4261 in the United States District Court for the Southern District of Texas.
8) The actions, if any, that CMS Nomeco could have taken to prevent the Congo from taking the Royalty Oil that SNPC took in December 2004, September 2005, and April 2006.
9) The Congo's right to take the Royalty Oil that was taken by SNPC in December 2004, September 2005, and April 2006, and the facts relating thereto.
10) The Congo's right to take Royalty Oil, if any, during the period October 12, 2005 through November 2, 2005, and the facts relating thereto.
11) The under-lifted/over-lifted position of the Congo and SNPC during the period October 12, 2005 through November 2, 2005.
12) The elections of the Congo with regard to royalty under the Convention as of the period October 12, 2005 through November 2, 2005.

5

13) The amount of Royalty Oil the Congo was entitled to take, if any, during the period October 12, 2005 through November 2, 2005.
14) The amount of cash royalty the Congo was entitled to receive from CMS Nomeco, if any, during the period October 12, 2005 through November 2, 2005.
15) Royalty on oil liftings that were taken between September 2005 and March 2006, and the manner in which that royalty was satisfied.
16) Acts of collusion with the Congo, if any, by CMS Nomeco in connection with the Congo court orders issued in December 2004, July 2005, and March 2006.
17) Acts of collusion with the Congo, if any, by CMS Nomeco other than that which is the subject of category 16, which you contend is relevant to the issues in this case.
18) Assets of the Congo that you contend were captured by the garnishment writ served on October 12, 2005, and the value thereof, and the facts concerning the possession of those assets during the period October 12, 2005 through November 2, 2005.
19) Assets of Af-Cap, Inc. that are available to satisfy any judgment for attorney's fees and costs that may be rendered in favor of CMS Nomeco in this case.
20) Any intention or plans by Af-Cap, Inc. to refuse to pay any judgment for attorney's fees, costs, or other damages that may be rendered in favor of CMS Nomeco in this case and any intention or plans by Af-Cap, Inc. to move or transfer assets to avoid the payment of a judgment for attorney's fees, costs, or other damages that may be rendered in this case.
21) Your answers to CMS Nomeco's First Set of Interrogatories.
22) Your responses to CMS Nomeco's First Set of Requests for Admissions.
23) Af-Cap's allegations in Plaintiff's Emergency Motion for an Order to Show Cause for an Order of Contempt, Order of Sequestration and Preliminary Injunction filed on January 10, 2007.