UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CONNECTICUT BANK OF COMMERCE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 05-762 SLR |
| THE REPUBLIC OF CONGO, | ) ) ) | |
| Defendant; | ) ) | |
| CMS NOMECO CONGO INC., | ) ) | |
| Garnishee. | ) | |

## AF-CAP'S DISCOVERY STATUS REPORT

Pursuant to this Court's August 30, 2006 Joint Scheduling Order, Plaintiff, Af-Cap, Inc. assignee of Connecticut Bank of Commerce ("Af-Cap") submits this Discovery Status Report ("Report"). Af-Cap and CMS have conferred on the matters in this Report, but are submitting separate reports because Garnishee's draft contained substantive argument on the merits of Af-Cap's claim, which Af-Cap opposes and disagrees with and, thus, could not join.

**I.    Background**

The instant case is a garnishment action in which Af-Cap, the Plaintiff/Judgment Creditor, seeks to garnish an oil royalty obligation that CMS admits paying to Congo, Af-Cap's Judgment Debtor, over time. Defendant/Judgment Debtor Congo has defaulted in this case for non-appearance. Af-Cap and Garnishee have each filed Motions for Summary Judgment, which were denied. Af-Cap also filed a Motion to Substitute, which was denied without prejudice pending discovery on Af-Cap's title to the judgment at

issue in the case. The parties are taking discovery, which closes on January 26, 2007. The dispositive motions are set for hearing in March 2007, and trial, if necessary, is set for July 2007.

As a general matter, Af-Cap has objected to Garnishee's discovery on the grounds that exceeds the scope of discovery to which a Garnishee is entitled. In particular, Af-Cap contends that Garnishee's requests that go beyond what is necessary to establish that Af-Cap is a Garnishor under Delaware are overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Af-Cap maintains that discovery on matters outside the scope of its title to the judgment at issue and facts known to Af-Cap concerning Garnishee's affirmative defenses are improper discovery requests propounded by a Garnishee in an action where the judgment debtor is in default for non-appearance. Af-Cap understands that by these overbroad discovery requests, CMS is doing nothing more than acting as Congo's proxy improperly to ascertain information about Af-Cap's efforts to collect its judgment against Congo.

**II.     Status of Discovery**

A. <u>Written Discovery</u>

Af-Cap served its First Request for Production of Documents, First Set of Interrogatories and First Request for Admissions on the Garnishee. Garnishee served its Responses has subsequently supplemented its document production. In their Responses, Garnishee refused to answer certain interrogatories or to produce requested documents based multiple objections. Some of these objections, detailed below, are now the subject of a dispute. Af-Cap also has served its Second Request for Production of Documents,

Second Set of Interrogatories and Second Request for Admissions. Garnishees Responses are due on January 26, 2007.

Garnishee served its First Request for Production of Documents, First Set of Interrogatories and First Request for Admissions. Af-Cap has served its Responses and has subsequently supplemented its interrogatories responses and document disclosures. Af-Cap lodged a general objection to CMS's discovery on the grounds that the discovery was overbroad and not reasonably calculated to lead to the discovery of admissible evidence in this garnishment action. Af-Cap objected on the grounds that Garnishee's requests went far beyond information needed to confirm that Af-Cap was a proper Garnishor under Delaware law. *See* 10 Del. C. § 5031. Notwithstanding Af-Cap's objection, it provided responses to all but one of Garnishee's Interrogatories, all but six of Garnishee's document requests, and all of Garnishee's Requests for Admission.

B. Depositions

On October 13, 2006, Af-Cap served its Deposition Notice of Garnishee's Corporate Designee, setting the deposition for November 28, 2006 in Wilmington, Delaware. On November 13, 2006, Garnishee served Plaintiff with objections to the Deposition Notice concerning the scope of the issues to be covered, the documents requested and the location and time of the deposition. Garnishee did not seek a protective order. As an accommodation to CMS and in an effort to avoid a dispute, Af-Cap agreed to take the deposition on November 30, 2006 in London, England. Mr. Fox stated he was not prepared to provide testimony on a number of the subjects noticed by Af-Cap and objected to by Garnishee based either on a lack of preparation required under Rule 30(b)(6), Fed. R.Civ. P., or upon CMS's view that the date range in Af-Cap's notice was

overbroad. It is now a subject of dispute as to whether a supplemental 30(b)(6) deposition is necessary. In particular, Af-Cap believes that the deposition was inadequate because CMS objected to the temporal scope of the deposition and its designee failed to prepare on topics duly noticed. Finally, on January 9, 2007, Af-Cap notified CMS that it wanted to take the depositions of Plaintiff noticed Maryse Bernard, CMS's President and Jean-Michel Runacher, a director of Perenco who has communicated with Congolese officials on CMS's behalf concerning creditor actions. After Af-Cap was unable to secure CMS's cooperation in setting the depositions, Af-Cap, as an accommodation to CMS, noticed the deposition for January 26, 2007 in London, England.

On December 11, 2006, Garnishee served its Deposition Notice of Plaintiff's Corporate Designee. On January 12, 2007, Plaintiff also noticed for individual deposition one of Plaintiff's attorneys of record in this case (pro hac vice motion pending), James Perkins, Esq., and Af-Cap's directors, Michael Sheehan and Daniel Zavala. Plaintiff objects to the scope of the 30(b)(6) deposition notice and to the depositions of each of the individual witnesses. The parties resolved certain of Af-Cap's objections to the deposition notice, but were unable to resolve disputes concerning the individual witnesses. Accordingly, Af-Cap will seek Protective Orders for the individual depositions of Messrs. Perkins, Zavala, and Sheehan.

### III. Discovery Disputes

A. <u>Temporal Limitations on Discovery</u>

CMS objects to all of Af-Cap's discovery requests on the basis that they are unlimited as to time. CMS limited their responses to interrogatories, requests for admissions, production of documents, and preparation of its 30(b)(6) witness to the time

period beginning September 17, 2004, (the date of the United States Court of Appeals for the Fifth Circuit's decision in <u>Af-Cap, Inc. v. Republic of Congo</u>, 383 F.3d 361 (5th Cir. 2004), which held that CMS' royalty obligation to Congo was subject to execution wherever CMS is found), until the time of the responses and deposition.  Af-Cap disagreed with both Garnishee's characterization of the temporal scope of Af-Cap's request and also with the narrow temporal scope suggested by Garnishee.  Af-Cap suggests that the time period should begin on November 15, 1996, which is the date that Plaintiff's predecessor in interest received a judgment on the debt at issue in this case, and the first instance that the Defendant Congo had notice of Af-Cap's claim.  In the alternative, Af-Cap proposes that discovery begin on January 1, 1999, the year in which Congo allegedly entered into an Amended Lifting Agreement with CMS.  Af-Cap believes it has a right to discover documents and communications related to the negotiation of that agreement, particularly concerning the mechanics and the parties' understanding of its terms.

   B.  <u>Documents in the Possession, Custody or Control of Perenco</u>

CMS objects to all of Af-Cap's documents requests to the extent that they seek documents that are in the possession, custody or control of Perenco, S.A., CMS's ultimate parent.  Af-Cap believes that responsive documents held in the possession, custody or control of Perenco are also within the control of CMS and must be produced  The fact that the documents are held by a third party, even a third party that is not subject to the court's personal jurisdiction, is not dispositive to a Rule 34(a) analysis.  <u>Afros S.P.A. v. Krauss-Maffei Corp.</u>, 113 F.R.D. 127, 129 (D. Del. 1986) (holding that a subsidiary had control of documents in the possession of its German parent company,

which was previously dismissed for lack of personal jurisdiction, and compelling their disclosure); Compagnie Francaise D'Assurance v. Phillips Petroleum, 105 F.R.D. 16, 33 (S.D.N.Y. 1984) (holding that a French company was in possession of documents held by the French government).

### C. Mr. Roland Fox's Deposition as Garnishee's 30(b)(6) Witness

Af-Cap served Af-Cap's Deposition Notice of Garnishee's Corporate Designee on October 13, 2006. Prior to the deposition, Garnishee served a number of objections to the scope of the deposition. For example, Garnishee objected to: "paragraph (i) of the deposition notice on the grounds that [CMS's] decision to change from a Delaware corporation to a Delaware LLC is not relevant to the claim or defense of any party"; "paragraph (k) to the extent that it seeks information concerning the 'relationship' between CMS Nomeco and Perenco S.A. on the grounds that it seeks information that is not relevant to the claims and defenses of the parties[]"; and to the entirety of the deposition to the extent it was not limited as to a period beginning "no earlier than September 17, 2004" because the notice thereby required "a representative of CMS Nomeco to learn facts concerning matters that no current officer, director, or employee of CMS Nomeco was involved in." See CMS's Obj. to Notice at 2:1, 3:6 and 3:8.

The parties were unable to resolve this dispute on scope. During the deposition, the witness indicated that he was unable to testify on the noticed topics because he did not undertake any independent review or otherwise prepare for those subjects objected to. See Depo. at 24:15 - 27:14. Af-Cap contends that CMS should have designated a witness that was prepared on the topics noticed in its Rule 30(b)(6) Deposition Notice or filed a Motion for a Protective Order. CMS believes that the Court ordered that no discovery

motions, including motions for protective order, should be filed in this case. Af-Cap disagrees with Garnishee's view that it could not have filed a Motion for a Protective prior to Mr. Fox's deposition. Serving such a Motion is consistent with the Federal Rules, the Delaware Local Rules and is the most meaningful way to provide notice of and resolve certain differences prior to the deposition, thus minimizing delay during the deposition while preserving the issues for the discovery conference.

D. <u>Electronic Discovery</u>

Plaintiff requested that CMS produce emails and other electronically transmitted messages responsive to its requests. CMS produced some responsive emails, but otherwise objected to the request based on the burden and cost that would be incurred in order to review the entirety of the potential information responsive to the requests. In recognition of this burden, Plaintiff and CMS agreed that CMS could restrict its search for responsive emails by identifying certain document custodians with relevant job responsibilities and applying agreed upon search terms. Notwithstanding this agreement, Af-Cap and CMS cannot agree upon whether certain individuals affiliated with CMS should be included in the search parameters. Specifically, Af-Cap has requested that Garnishee add Messrs. Ozturgut, Scrimgeour, and Bledsoe, each of whom were employed by CMS at the time it was acquired by Perenco and who had primary responsibility for interacting with Congolese officials concerning the Amended Lifting Agreement and creditor actions. Af-Cap has also requested that CMS add Messrs. Marshall, Eager, Tehdran, and Dagenhart and Ms. Rogers to the search parameters, each of whom was either an officer or director of Garnishee and have been identified as having

knowledge of the facts underlying CMS's defenses in this action. These individuals are likely to be copied or referred to in electronic mails responsive to Af-Cap's requests.

E.  Excluding Internal CMS Communications and Communications with Third Parties Other than SNPC or Congo

Af-Cap's Request for Production included requests for production of responsive communications that occurred internally within CMS and communications between CMS other third parties. CMS responded to these inquiries – specifically Requests Nos. 1-2, 5-10, 13-14 and 18 – by producing only communications between CMS and Congo and SNPC. Requests Nos. 1 and 2 seek documents that reflect, refer, or relate to communications between CMS and Congo, Perenco and Congo, or CMS and Perenco, concerning attempts by Plaintiff and other creditors of Congo to garnish or otherwise capture Congo's assets. CMS did not produce documents between Perenco and Congo or CMS and Perenco in response. Rather, it narrowed the request to communications between CMS and Congo and SNPC. Af-Cap believes that it has the right to discover non-privileged communications between CMS and third parties and internal communications from Garnishee concerning the asset that is the subject of this proceeding and also the response to creditor actions against Congo.

F.  Af-Cap's Request for Production No 4.

**REQUEST NO. 4**

All documents that reflect, refer or relate to communications about the imposition of taxes upon CMS's vessels by Congo, and CMS' opposition thereto, under a maritime tax not in force at the time the Convention was executed.

**RESPONSE:**

>   CMS Nomeco objects to this request on the grounds that is not relevant to the claim or defense of any party to this litigation and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The garnishment writ that is the subject of this action was served in October 2005, and these proceedings relate to the Plaintiff's alleged claim that it is entitled to garnish the Congo's right to take Yombo Field oil in the Congo as of the service date and answer date of the October 2005 Delaware writ. Plaintiff's broad requests, unlimited as to time with regard to the dealings between CMS Nomeco and the Congo, improperly seek discovery on facts that have no bearing on the limited issues raised by the garnishment action. Information about maritime taxes will not have any tendency to make the existence of any fact that is of consequence to the determination of this action more or less probable than it would be without such information.

In sum, Af-Cap's Request for Production No. 4 seeks information about a maritime tax not in force at the time the Convention was executed, [but was imposed later in time]. CMS formally protested the tax under the Oil Convention with Congo and CMS was able to recoup it by way of an offset reflected on the over/under statement used to calculate Congo's share of the royalty oil. CMS objects to the document request on the ground that documents were not calculated to lead to the discovery of admissible evidence and the request was unlimited as to time. Af-Cap maintains that these documents are relevant to the defenses that CMS has asserted and show Congo's relationship with the Congo includes resolving disputes through formal channels when its own financial interests are at stake.

G. Depositions of Jean Michael Runacher and Maryse Bernard

Af-Cap has noticed the deposition of Maryse Bernard, CMS Nomeco's President, who has filed declarations in this and other matters concerning, among other things, CMS's defenses concerning Congo's reaction to United States court orders and Congo's alleged mistreatment of her and other CMS officials. Ms. Bernard was identified as having particular knowledge of events by CMS's corporate designee. Af-Cap seeks this

deposition to inquire into Ms. Bernard's knowledge concerning facts she has already placed in the court record. Af-Cap seeks to take the deposition of Mr. Runacher, a Perenco director in charge of CMS, based upon testimony given by CMS's corporate designee concerning Mr. Runacher's particular knowledge as a Perenco board member regarding CMS's operations in the Congo as well as his interactions with Congolese authorities concerning CMS's defense of Congo in litigation, the "double liability" defense CMS has asserted and Perenco's involvement in CMS's affairs. CMS objects to these depositions.

H.  Garnishee's Noticed Depositions

   1. *Af-Cap's Corporate Designee*

CMS has served a 30(b)(6) Deposition Notice on Af-Cap. Af-Cap lodged general and specific objections to the Notice on the grounds that several topics exceed the scope of discovery and are not reasonably calculated to lead to the discovery of admissible evidence. Af-Cap avers that the scope of discovery afforded to a Garnishee is limited to information necessary to establish the lawful ownership of the judgment debt at issue, information establishing that the Garnishee holds property belonging to its judgment debtor, and facts concerning Af-Cap's responses to Garnishee's affirmative defenses. In Af-Cap's view, CMS seeks to take broader discovery. For example, topic number five of the Notice requests preparation of a witness on the following subject:

> 5) Actions taken by CBOC or Af-Cap, Inc. to collect the Judgment that is the subject of this Proceeding, including the pursuit of legal proceedings, other than the actions taken in this litigation and in Case Nos. A-01-CA-100-SS and A-01-CA-321-SS in the United States District Court for the Western District of Texas and and in Case No. H.-02-4261 in the United States District Court for the Southern District of Texas, and the results of those efforts.

This subject has no bearing on whether Af-Cap is the lawful owner of the judgment debt at issue or if CMS is the holder of Congo's property, nor does it relate to any of Garnishee's affirmative defense. Inquiry into this subject is intended to harass Af-Cap and could assist Congo in its attempts to evade Af-Cap's collection efforts.

    2. *James Perkins, Esq., Michael Sheehan, and Daniel Zavala*

On January 12, 2007, Plaintiff noticed for individual deposition one of Plaintiff's attorneys, James Perkins, Esq., and Af-Cap's directors, Michael Sheehan and Daniel Zavala. Plaintiff objects to the proposed deposition of these witnesses. Af-Cap believes that it does not have to produce its counsel in the above-styled action to be deposed as a fact witness because (a) the basis for the request are "attorney's affidavits" that Mr. Perkins submitted in support of the pending motion for contempt/sequestration/preliminary injunction, which merely recounts the procedural history of litigation, describes CMS's efforts to leave the United States and CMS' recent royalty payments to Congo (based on CMS's own admissions and records), and attaches documents that are either of public record or produced by CMS in this matter; (b) any discoverable, non-privileged, information sought from counsel is available from Af-Cap's corporate designee, Mr. Sheehan. Af-Cap has told CMS that any relevant non-privileged information concerning the issues in this case can be obtained from the corporate designee. Af-Cap has offered to produce Mr. Sheehan to answer questions concerning the facts summarized and documents referenced in Mr. Perkins' affidavit, but Garnishee has rejected this offer. Since CMS has noticed Mr. Perkins' deposition for January 19, 2007, Af-Cap will be filing a motion for protective order.

Further, Af-Cap believes that the depositions of Michael Sheehan and Daniel Zavala in their individual capacities should be prohibited because their production is cumulative and, therefore, unduly burdensome. Any discoverable information that can be properly sought from Messrs. Sheehan and Zavala individually can also be ascertained from Af-Cap's corporate designee. In short, neither Mr. Sheehan nor Mr. Zavala have information that is likely to lead to the discovery of admissible evidence beyond that which they have acquired through their positions as Directors in Af-Cap, Inc. CMS contends it is entitled to discovery from both Messrs. Zavala and Messrs. Sheehan because Af-Cap identified these individuals in their Rule 26 disclosures.

Af-Cap appreciates the Court's attention to these matters and will be prepared to answer any questions that the Court may have at Thursday's conference.

Dated this 17th day of January 2007.    Respectfully submitted,

GREENBERG TRAURIG, LLP

/s/ Donald J. Detweiler
Donald J. Detweiler (No. 3087)
Dennis A. Meloro (No. 4435)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
(302) 661-7000

and

**GREENBERG TRAURIG LLP**
Sanford M. Saunders, Jr.
Kenneth Kaplan
800 Connecticut Ave., N.W., Suite 500
Washington, DC 20006
(202) 331-3100

*Attorneys for Af-Cap, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CONNECTICUT BANK OF COMMERCE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 05-762 SLR |
| THE REPUBLIC OF CONGO, | ) ) ) | |
| Defendant; | ) ) | |
| CMS NOMECO CONGO INC., | ) ) ) | |
| Garnishee. | ) | |

**CERTIFICATE OF SERVICE**

    I, Donald J. Detweiler, hereby certify that I am an attorney at Greenberg Traurig, LLP, counsel for the Plaintiff, and that on January 17, 2007, copies of the *Af-Cap's Discovery Status Report* were served upon the following in the manner indicated.

VIA HAND DELIVERY
M. Duncan Grant, Esquire
James C. Carignan, Esquire
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, DE 19801

VIA FEDERAL EXPRESS
Guy Lipe, Esquire
Jason Powers, Esquire
Vinson & Elkins LLP
First City Tower
1001 Fannin Street, Suite 2300
Houston, TX 77002

Dated: January 17, 2007

/s/ Donald J. Detweiler
Donald J. Detweiler (No. 3087)
Greenberg Traurig, LLP
1007 North Orange Street, Suite 1200
The Nemours Building
Wilmington, DE 19801
(302) 661-7000

Attorneys for the Plaintiff