**EXHIBIT "F"**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CONNECTICUT BANK OF COMMERCE | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 05-762 SLR |
| THE REPUBLIC OF CONGO | ) ) ) | |
| Defendant, | ) ) | |
| CMS NOMECO CONGO, INC., | ) ) ) | |
| Garnishee. | ) | |

**PLAINTIFF'S RESPONSES TO GARNISHEE'S FIRST REQUEST FOR ADMISSIONS**

Plaintiff, Af-Cap, Inc., (successor in interest to Connecticut Bank of Commerce) pursuant to Rule 36 of the Federal Rules of Civil Procedure, (as this Court applies the Delaware rules of procedure for the enforcement of judgments) Rule 26.1 of the Local Rules of the United States District Court for the District of Delaware, and the Court's August 23, 2006 Joint Scheduling Order, by and through their undersigned attorneys, serves its Responses To Garnishee's First Request For Admissions.

Notwithstanding the matter being a garnishment action, Garnishee CMS Nomeco Congo, Inc. has served Plaintiff Af-Cap with far ranging Requests for Admission. As is explained in its specific responses to the requests, Af-Cap objects on the grounds that several of the requests are, in whole or in part, overbroad and not reasonably calculated to lead to the discovery of admissible evidence because they seek admissions that are not relevant to the claims or defenses of any party or are outside the scope of discovery set forth in the Court's Rule 26 Scheduling Order. In particular, CMS seeks admissions on several topics that go beyond Af-

Cap's lawful ownership of the judgment debt at issue in this case and appear solely designed to embarrass and harass Af-Cap. Under Delaware law, a plaintiff with a judgment in any court of record may seek to attach property of a judgment debtor held by a garnishee. *See* 10 Del. C. § 5031. Such a plaintiff's only burden is to establish the validity and the amount of the judgment it seeks to enforce, *i.e.*, that it qualifies as a garnishor under 10 Del. C. § 5031. To the extent CMS seeks admissions concerning issues beyond that point or one of the issues identified in the Court's Scheduling Order, its request constitute an improper use of discovery.

## **GENERAL OBJECTIONS**

1. Af-Cap objects to the Requests for Admissions to the extent that the Instructions and Definitions set forth therein seek to impose requirements beyond those contained in the Federal Rules of Civil Procedure, Local Rules of Civil Procedure, the Court's Joint Scheduling Order or the applicable Delaware Rules of Civil Procedure as incorporated in this proceeding by FRCP Rule 69.

2. In providing these responses, Af-Cap does not in any waive, but rather intends to preserve:

   a. All objections to vagueness and ambiguity;

   b. All rights to object on any grounds to the use of any of the Answers herein in any subsequent proceedings, including the trial of this or any other action;

   c. All rights to object to any further Requests for Admission or other discovery requests involving or related to any of these Requests.

3. Af-Cap objects to each Request for Admission to the extent that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence because it seeks information that is not relevant to the claims or defenses of any party or are outside the scope of

discovery set forth in the Court's Rule 26 Scheduling Order. In particular, CMS's requests for information that go beyond Af-Cap's lawful ownership of the judgment debt at issue in this case have no bearing on the matter. Such topics are designed to embarrass and harass Af-Cap, which constitutes an improper use of discovery. Furthermore, under Delaware law, a plaintiff who has a judgment in any court of record may seek to attach property of the judgment debtor held by the garnishee. 10 Del. C. § 5031. Nevertheless, subject to and without waiving this objection, Af-Cap will provide information that sustains its burden to demonstrate that it qualifies as a garnishor under 10 Del. C. § 5031.

4. Af-Cap specifically objects to Definition 2 to the extent that it implies that Congo can claim sovereign immunity as a defense to Af-Cap garnishing the oil royalty debt at issue in this case. Congo is estopped from raising sovereign immunity as is CMS, who purports to stand in Congo's shoes, pursuant to *Af-Cap, Inc. v. Republic of Congo*, 383 F.3d 361, *amended on reh'g.*, 389 F.3d 503 (5th Cir. 2004) ("Af-Cap II"), *cert. denied*, 125 S.Ct. 1735 (2005).

5. Af-Cap specifically objects to Definition 3 to the extent that it questions Af-Cap's position as the real party in interest in this matter.

6. Af-Cap specifically object to Definition 6 to the extent that it implies CMS is not a party to the Convention.

7. Af-Cap specifically objects to Definition 7 to the extent it suggests that Af-Cap does not hold the judgment which it is pursuing in this case.

8. Af-Cap specifically objects to Definition 9 because it misstates the basic concept of what constitutes "Royalty Oil" under the Oil Convention and Joint Operating Agreement at issue in this case as well as the widely accepted and commonly applied customs, traditions, and practice in International Petroleum Agreements.

9. The answers are based upon information known to Af-Cap as of this date. Af-Cap reserves it right to amend its responses.

10. Af-Cap objects on the grounds that Congo has waived its defenses to attachment and execution and, therefore, the requests are irrelevant.

11. Af-Cap objects on the ground that CMS lacks standing to object to attachment of Congo's assets, therefore, the requests are irrelevant.

12. Af-Cap objects to the extent that request seek the divulgence of attorney client communications and/or attorney work product.

## RESPONSES TO REQUESTS FOR ADMISSIONS

Subject to the foregoing general objections, Plaintff responds to each of the individual request for admissions as follows:

### REQUEST NO. 1:

The writ of garnishment served on CMS Nomeco on October 12, 2005 was issued pursuant to an authorizing court order that made none of the findings that the Fifth Circuit held to be required by the Foreign Sovereign Immunities Act in *FG Hemisphere Associates LLC v. Republique du Congo*, 455 F.3d 575 (5th Cir. 2006).

### RESPONSE:

Af-Cap objects because the Request calls for a legal conclusion, *i.e.*, that *FG Hemisphere Associates, LLC v. Republique du Congo*, 455 F.3d 575 (5th Cir. 2006) is controlling in this matter. That is a Fifth Circuit decision; this Court is in the Third Circuit. Moreover, the *FGH* decision has been criticized by other Courts as having been incorrectly decided. Af-Cap also objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to its general or specific objections, Af-Cap denies the request.

**REQUEST NO. 2:**

If *FG Hemisphere Associates LLC v. Republique du Congo*, 455 F.3d 575 (5th Cir. 2006), was correctly decided, the order that authorized the writ of garnishment served on CMS Nomeco on October 12, 2005 was void *ab initio* due to lack of required findings.

**RESPONSE:**

Af-Cap objects on the ground that the Request calls for a legal conclusion and not a factual admission. Af-Cap further objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence, and that the Request is based on the false premise that *FG Hemisphere Associates LLC v. Republique du* Congo, 455 F.3d 575 (5th Cir. 2006) has any bearing on this matter.

Subject to its general or specific objections, Af-Cap denies the request.

**REQUEST NO. 3:**

The Congo had the right to take the Royalty Oil that was taken by SNPC in December 2004, September 2005, and April 2006.

**RESPONSE:**

Af-Cap objects to this request on the grounds that it calls for a legal conclusion.

Subject to its general or specific objections, Af-Cap denies the request.

**REQUEST NO. 4:**

CMS Nomeco had no ability to stop SNPC from taking the Congo's Royalty Oil in December 2004.

**RESPONSE:**

Af-Cap objects to this request on the ground that it seeks an admission of facts that are within the possession of CMS, SNPC and Congo, and that the request is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to its general and specific objections, Af-Cap denies the request.

**REQUEST NO. 5:**

CMS Nomeco had no ability to stop SNPC from taking the Congo's Royalty Oil in September 2005.

**RESPONSE:**

Af-Cap objects to this request on the ground that it seeks admission of facts that are within the possession of CMS, SNPC and Congo.

Subject to its general and specific objections, Af-Cap denies the request.

**REQUEST NO. 6:**

CMS Nomeco had no ability to stop SNPC from taking the Congo's Royalty Oil in April 2006.

**RESPONSE:**

Af-Cap objects to this request on the grounds that it seeks an admission of facts that are within the possession of CMS, SNPC and Congo.

Subject to its general and specific objections, Af-Cap denies the request.

**REQUEST NO. 7:**

Af-Cap, Inc. took no actions to seek recognition or enforcement in a Congolese court of any orders or writs of garnishment issued by the United States District Court for the Western District of Texas in connection with Case Nos. A-01-CA-100-SS or A-01-CA-321-SS.

**RESPONSE:**

Af-Cap objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence, and calls for information that is protected by the attorney-client privilege or attorney work product doctrine. Af-Cap also objects because the request is based on the false assumption that Af-Cap is obligated to seek recognition or enforcement in a Congolese Court of any orders or writs or writs of garnishment. Af-Cap further objects on the ground that the request calls for information that is exempt from disclosure under the attorney-client privilege or attorney work product doctrine.

Subject to its general or specific objections, Af-Cap admits that it never sought recognition or enforcement of its judgment in a Congolese Court. Af-Cap denies that it has any obligation to seek recognition or enforcement of any orders or writs of garnishment in a Congolese Court based upon the Loan Agreement between Congo and Af-Cap's predecessor-in-interest.

**REQUEST NO. 8:**

Af-Cap, Inc. took no actions to seek recognition or enforcement in a Congolese court of the writ of garnishment issued in this case.

**RESPONSE:**

Af-Cap objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Af-Cap objects to the request on the ground that it is based on the faulty premise that Af-Cap is obligated to seek recognition or enforcement of its writ in a Congolese Court when it is not required to do so. Af-Cap further objects on the grounds that the request calls for information that is exempt from disclosure under the attorney-client privilege or attorney work product doctrine.

Subject to its general or specific objections, Af-Cap admits that it did not seek recognition or enforcement of its writ in a Congolese court. Af-Cap denies that it has any obligation to seek recognition or enforcement of its writ in a Congolese Court based upon the Loan Agreement between Congo and Af-Cap's predecessor-in-interest.

**REQUEST NO. 9:**

At no time during the period October 12, 2005 through November 2, 2005, did the Congo have the right to take Royalty Oil.

**RESPONSE:**

Af-Cap objects to the request on the ground that it is based on the false premise that

Congo having a right to take Royalty Oil has any bearing on whether the oil royalty obligation CMS admits it held during this time period is subject to garnishment. Furthermore, Af-Cap objects because whether Congo had a right to take royalty oil is not relevant to whether CMS held property on behalf of Congo subject to garnishment during this time period and, accordingly, this request is not reasonably calculated to lead to the discovery of admissible evidence and also calls for a legal conclusion.

Subject to its general or specific objections, Af-Cap denies this request.

**REQUEST NO. 10:**

At no time during the period October 12, 2005 through November 2, 2005, were the Congo and SNPC in a combined under-lifted position of more than 275,000 barrels for purposes of determining SNPC's right to take a lifting of working interest oil and Royalty Oil under the Amendment to Lifting Agreement.

**RESPONSE:**

Af-Cap objects to the request on the grounds that it is based on two false premises. First, that Congo having a right to take Royalty Oil has any bearing on whether or not the oil royalty obligation CMS admits it held during this time period is subject to garnishment. Second, that whether Congo or SNPC were in a combined under lifted position has a bearing on whether the oil royalty obligation CMS admits holding during this time period is subject to garnishment. Af-Cap further objects to this request on the ground that it seeks an admission of fact that is in the possession and control of CMS and Congo and that the request is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to its general or specific objections, Af-Cap admits that based upon information produced by CMS in discovery Congo and SNPC were not in a combined under lift position of 275,000 barrels, but denies that Congo and SNPC not being in such an under lift position has any bearing on the fact that CMS admits holding the royalty obligation due to Congo during this time

period.

**REQUEST NO. 11:**

At no time during the period October 12, 2005 through November 2, 2005, did the Congo have the right to receive cash royalty from CMS Nomeco.

**RESPONSE:**

Af-Cap objects on the grounds that the request is based on the false premise that Congo having a right to receive a cash royalty from CMS has a bearing on whether or not the oil royalty obligation CMS admits it held during this time period is subject to garnishment. Af-Cap further objects on the grounds that the request seeks a legal conclusion and not an admission or fact. Af-Cap also objects because the request is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to its general and foregoing objections, Af-Cap denies this request.

**REQUEST NO. 12:**

The April 2006 SNPC oil lifting satisfied the Congo's right to royalty on oil liftings that occurred during the period September 2005 through March 2006.

**RESPONSE:**

Af-Cap objects this request on the ground that it is based on the false premise that CMS's royalty obligation is not amenable to garnishment unless sufficient oil has been accumulated in an offshore storage vessel such that Congo takes a lifting. Af-Cap further objects to this request on the ground that it calls for a legal conclusion and not an admission of fact and also seeks an admission of fact that is within the possession and custody of CMS, Congo and SNPC. Finally, Af-Cap objects to the request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to its objections, Af-Cap denies this request.

**REQUEST NO. 13:**

CMS Nomeco cannot be protected from double liability if Af-Cap, Inc. recovers a garnishment judgment against CMS Nomeco in this case.

**RESPONSE:**

Af-Cap objects to this request on the ground that it seeks a legal conclusion and not an admission of fact. Af-Cap further objects to this request on the ground that it contains the false assumption that CMS will be subject to "double liability."

Subject to its general and specific objections, Af-Cap denies the request.

**REQUEST NO. 14:**

Tax payments owed by CMS Nomeco to the Congo during the period October 12, 2005 through November 2, 2005 are immune from garnishment under the Foreign Sovereign Immunities Act.

**RESPONSE:**

Af-Cap objects to this request on the ground that it calls for a legal conclusion and not an admission of fact. Af-Cap objects to this request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence because Af-Cap does not seek to garnish tax payments that were not used by Congo and CMS to satisfy another of Congo's creditors. Af-Cap further objects to this request on the grounds that it calls for a legal conclusion

Subject to its general and specific objections, Af-Cap denies the request.

Dated: January 10, 2007

Respectfully submitted,

GREENBERG TRAURIG, LLP

*[signature]*

Donald J. Detweiler (No. 3087)
Dennis A. Meloro (No. 4435)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
(302) 661-7000

and

GREENBERG TRAURIG, LLP
Ronald W. Kleinman
Sanford M. Saunders, Jr.
Kenneth P. Kaplan
800 Connecticut Ave., N.W., Suite 500
Washington, DC 20006
(202) 331-3100

Attorneys for Plaintiff