IN THE UNITED STATES DISTRICT CURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONNECTICUT BANK OF COMMERCE, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 05-726 SLR |
| THE REPUBLIC OF CONGO, | ) ) ) |
| Defendant, | ) ) |
| CMS NOMECO CONGO, INC., | ) ) ) |
| Garnishee. | ) |

## GARNISHEE'S FIRST INTERROGATORIES TO PLAINTIFF

Pursuant to Federal Rule of Civil Procedure 33, Garnishee CMS Nomeco Congo Inc. ("CMS Nomeco") propounds the following interrogatories upon Af-Cap, Inc. These interrogatories are subject to the following instructions and definitions, and answers to these interrogatories must conform to the requirements of all applicable Federal Rules of Civil Procedure.

### INSTRUCTIONS

1.   Pursuant to Rule 33(b), you must provide verified answers to the attached interrogatories, unless it is objected to, separately and fully in writing within thirty (30) days from the date of service hereof. Your answers to the interrogatories may be offered in evidence at trial, and are to include information within your knowledge, or reasonably available to you, or within the knowledge of your attorneys.

2.   Pursuant to Rule 26(e), you must supplement your answers to the attached interrogatories if you or your attorneys know that an answer was incorrect or incomplete when

made, or, although complete and correct when made, you or your attorney know that an answer is no longer correct and complete.

3. Pursuant to Rule 33(b)(4), all grounds for an objection to an interrogatory shall be stated with specificity, and any ground not stated in a timely objection is waived unless good cause is shown.

4. The singular shall include the plural, and the plural the singular, whenever the effect of doing so is to increase the information responsive to these document requests.

5. The conjunctive shall include the disjunctive, and the disjunctive the conjunctive, whenever the effect of doing so is to increase the amount of information responsive to these document requests.

6. Some of the attached interrogatories require you to state the identity and location (name, address, telephone number) of certain persons. If you do not know the full name and address and telephone number of a person, then state the information that you do possess and information by which the identity and location of the person can be obtained.

7. Pursuant to Rule 26(b)(5), if you withhold material or information pursuant to a claim of privilege, please describe the material of information withheld with sufficient particularity to enable Garnishees to evaluate the claim of privilege, including, with regard to communications, the date of the communications, all authors and recipients, including copy recipients, the subject matter of the communication, and the privilege or privileges asserted.

## DEFINITIONS

1. The terms "**you**" and/or "**your**" refer to Af-Cap, Inc.

2. "**The Republic of Congo**" and/or "**the Congo**" refer to the République du Congo, a sovereign country named as Defendant in this lawsuit.

2

3. **"Af-Cap, Inc."** refers to Af-Cap, Inc., the corporation that asserts that it is the successor to Connecticut Bank of Commerce in this lawsuit.

4. **"Garnishee"** refers to CMS Nomeco Congo Inc., the garnishee in this action. 5.

5. **"CBOC"** refers to Connecticut Bank of Commerce.

6. The **"Convention"** means that certain agreement dated on or about May 25, 1979, among the Congo, the Congolese Superior Oil Company, Cities Service Congo Petroleum Corporation, Canadian Superior Oil Ltd. and Societe Nationale de Recherches et d'Exploration Petrolieres, as amended.

7. The **"Judgment"** refers to the Judgment that Af-Cap alleges that it holds against the Congo and that is the subject of this proceeding.

8. **"Relating to"** means concerning, referring to, reflecting, constituting, containing, or describing the matter discussed. The term includes, but is not limited to, information and documents underlying, supporting, or necessary for the understanding of any matter.

9. **"Document"** has the meaning ascribed to it by Federal Rule of Civil Procedure 34(a) and includes, without limitation, any written, recorded, transcribed, punched, taped, filmed, photographed, or graphic matter or data of any kind or description, however produced, reproduced, or maintained, including, without limitations, correspondence, memoranda, agreements, releases, telegrams, stenographic or handwritten notes, work papers, diaries, calendars, journals, datebooks, studies, publications, financial statements, receipts of sale, purchase or shipment invoices, photographs, telephone records, diagrams, computer printouts, magnetic or optical computer media including emails and electronic documents, video tapes, film, microfilm and compilations of every kind or character, whether original or a copy, and including any attachments and/or appendices thereto.

10. This **"Proceeding"** means Civil Action No. 05-726 SLR in the United States District Court for the District of Delaware.

11. **"Royalty Oil"** refers to the oil that the Republic of Congo is periodically entitled to take under the Convention and related agreements.

12. **"Identify"** when referring:

   a. To a person, shall mean to state his or her full name, title and business affiliation or employer, present and last known business and residential addresses, and telephone number.

   b. To a public or private corporation, partnership, association or any other organization or entity, or to a governmental agency, shall mean to state its full name and present or last known business address and telephone number.

   c. To a document, shall mean to give a reasonably detailed description, including, if applicable, when, where, and how the document was made; to identify who made it; to identify all persons to whom the document was addressed and/or distributed; to describe its general subject matter; and to identify who has present or last known possession, custody or control of it.

   d. To any other tangible thing, shall mean to give a reasonably detailed description, including, if applicable, when, where, and how it was made; to identify who made it; and to identify who has present or last known possession, custody or control of it.

   e. To a communication, shall mean to give a reasonably detailed description, including, if applicable, when, where, by what means, and between or among whom the communication occurred; to describe its general contents; to identify any documents in which the communication is embodied; and to identify any other tangible thing constituting or embodying a partial or entire recording of the communication.

   f. To any other event or occurrence, shall mean to give a reasonably detailed description, including, if applicable, the substance, date, duration, and location of such event or occurrence; to identify each person attending, witnessing, or participating in such event or occurrence; and to identify documents that relate or refer to such event or occurrence.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Describe Af-Cap, Inc.'s investment in the debt that is the subject of this Proceeding or the Judgment that is the subject of this Proceeding, including the dates of each investment by Af-Cap in the debt that is the subject of this Proceeding or the Judgment that is the subject of this Proceeding, the nature of the investment, and the consideration paid, and identify the documents evidencing the investment and the consideration paid.

**INTERROGATORY NO. 2:**

Describe Af-Cap, Inc.'s acquisition of any interest in the debt that is the subject of this Proceeding or the Judgment that is the subject of this Proceeding or of any right to receive any portion of the proceeds of or payments on such debt or Judgment, including the dates of each such acquisition, the interests acquired, the manner in which the interests were acquired, and the consideration paid, and identify the documents evidencing the acquisitions and the consideration paid.

**INTERROGATORY NO. 3:**

What is the current value of the Judgment that is the subject of this Proceeding?

**INTERROGATORY NO. 4:**

Describe all steps taken by CBOC or Af-Cap, Inc. to collect the Judgment that is the subject of this Proceeding, other than the steps taken in this litigation and in Case Nos. A-01-CA-100-SS and A-01-CA-321-SS in the United States District Court for the Western District of Texas and in Case No. H-02-4261 in the United States District Court for the Southern District of Texas, and describe the results of those efforts.

**INTERROGATORY NO. 5:**

Identify each and every legal proceeding in which CBOC or Af-Cap has attempted to collect the Judgment that is the subject of this Proceeding by stating the parties to the proceeding, the nature of the proceeding, the current status of the proceeding, and the results of the proceeding.

**INTERROGATORY NO. 6:**

Describe the assets of the Congo that you have identified as assets that should be available to you to collect the Judgment that is the subject of this Proceeding, and describe the steps that you have taken or intend to take with regard to such assets.

**INTERROGATORY NO. 7:**

Describe the actions, if any, that CMS Nomeco could have taken to prevent the Congo from taking the Royalty Oil that SNPC took in December 2004, September 2005, and April 2006, and explain why you believe that such actions, if any, would have been effective to prevent the Congo from taking its Royalty Oil, and identify the persons with knowledge of those facts.

**INTERROGATORY NO. 8:**

Did the Congo have the right to take the Royalty Oil that SNPC took in December 2004, September 2005, and April 2006? If not, why not?

**INTERROGATORY NO. 9:**

Did Af-Cap, Inc. take any actions to seek recognition or enforcement in a Congolese court of orders or writs of garnishment issued by the United States District Court for the Western District of Texas in connection with Case Nos. A-01-CA-100-SS or A-01-CA-321-SS or the garnishment writ that is the subject of this case? If not, why not?

**INTERROGATORY NO. 10:**

At any time during the period October 12, 2005 through November 2, 2005, did the Congo have the right to take Royalty Oil? If so, state the volume of Royalty Oil that the Congo had the right to take during that time period, describe the facts giving rise to the Congo's right to take those volumes of Royalty Oil during that time period, and explain why the Amendment to Lifting Agreement did not preclude the Congo from taking Royalty Oil during that period.

**INTERROGATORY NO. 11:**

At any time during the period October 12, 2005 through November 2, 2005, were the Congo and SNPC in a combined under-lifted position of greater than 275,000 barrels for purposes of determining SNPC's right to take a lifting of working interest oil and Royalty Oil under the Amendment to Lifting Agreement?

**INTERROGATORY NO. 12:**

At any time during the period October 12, 2005 through November 2, 2005, did the Congo have the right to receive cash royalty from CMS Nomeco? If so, state the factual basis for your contention that the Congo had elected to take cash royalty under the Convention as of the period October 12, 2005 through November 2, 2005, state the amount of the cash royalty that you contend that the Congo was entitled to receive from CMS Nomeco during that time period and the factual basis for that contention, and explain why the Amendment to Lifting Agreement did not preclude the Congo from receiving cash royalty during that period.

**INTERROGATORY NO. 13:**

Did the April 2006 SNPC oil lifting satisfy the Congo's right to royalty on oil liftings that occurred during the period September 2005 through March 2006? If not, why not?

**INTERROGATORY NO. 14:**

Describe how CMS Nomeco will have protection from double liability if Af-Cap, Inc. recovers a garnishment judgment against CMS Nomeco in this case.

**INTERROGATORY NO. 15:**

Describe each act or omission of CMS Nomeco that you contend constitutes an act of collusion with the Congo in connection with the Congolese court proceedings in which SNPC and the Congo obtained Congolese court orders issued against CMS Nomeco in December 2004, July 2005, and April 2006, and explain the factual basis for your contention that such act or omission was an act of "collusion" with the Congo, and identify the persons with knowledge of those facts.

**INTERROGATORY NO. 16:**

If you contend that CMS Nomeco was in collusion or colluded with, or is in collusion or is colluding with, the Congo, in any respect relevant to this lawsuit other than what you identified in your answer to Interrogatory No. 15, identify each act or omission of CMS Nomeco that you contend constitutes collusion with the Congo and explain the factual basis for your contention that such act or omission was an act of "collusion" with the Congo, and identify the persons with knowledge of those facts.

7

**INTERROGATORY NO. 17:**

If you contend that CMS Nomeco encouraged the Congo to take or to threaten to take action against CMS Nomeco in connection with writs of garnishment directed to the Congo's royalty under the Convention, describe the facts that support that contention and identify the persons with knowledge of those facts.

**INTERROGATORY NO. 18:**

For each asset of the Congo that you contend was captured or covered by the garnishment writ issued in this Proceeding, identify each such asset, state the amount or value thereof, and describe the facts, if any, that you rely on in contending that such asset of the Congo was in the possession of CMS Nomeco during the period October 12, 2005 through November 2, 2005.

**INTERROGATORY NO. 19:**

Identify all officers and directors of Af-Cap, Inc. for the period October 2005 to present, and state where their offices are located at which they conduct business of Af-Cap, Inc.

**INTERROGATORY NO. 20:**

Where is Af-Cap, Inc.'s principal place of business? Describe the activities that occur there that support your position that Af-Cap, Inc.'s principal place of business is located there.

**INTERROGATORY NO. 21:**

Does Af-Cap, Inc. have assets that will be available to satisfy a judgment for attorney's fees or other damages that may be rendered in favor of CMS Nomeco in this case? If so, identify those assets and describe any plan or intent that you may have to move or transfer any of those assets in any manner that would render them unavailable to satisfy a judgment for attorney's fees, costs, or other damages that may be rendered in favor of CMS Nomeco in this case.

**INTERROGATORY NO. 22:**

State whether you are willing to voluntarily put up security for the payment of any judgment for attorney's fees, costs, or other damages that may be rendered against you in this action.

| | |
|---|---|
| OF COUNSEL: | /s/ M. Duncan Grant |
| | M. Duncan Grant (Del. Bar No. 2994) |
| Guy S. Lipe | James C. Carignan (Del. Bar No. 4230) |
| Jason M. Powers | PEPPER HAMILTON LLP |
| VINSON & ELKINS L.L.P. | Hercules Plaza, Suite 5100 |
| First City Tower | 1313 North Market Street |
| 1001 Fannin Street, Suite 2300 | P.O. Box 1709 |
| Houston, TX 77002-6760 | Wilmington, DE 19899-1709 |
| (713) 758-2222 | (302) 777-6500 |
| | |
| Dated: December 11, 2006 | Attorneys for Garnishee CMS Nomeco Congo Inc. |