IN THE UNITED STATES DISTRICT CURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CONNECTICUT BANK OF COMMERCE, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 05-726 SLR |
| THE REPUBLIC OF CONGO, | ) ) ) | |
| Defendant, | ) ) ) | |
| CMS NOMECO CONGO, INC., | ) ) ) | |
| Garnishee. | ) | |

### GARNISHEE'S FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF

Pursuant to Federal Rule of Civil Procedure 36, Garnishee CMS Nomeco Congo Inc. ("CMS Nomeco") propounds the following requests for admissions upon Af-Cap, Inc. These requests for admissions are subject to the following instructions and definitions, and responses to these requests for admissions must conform to the requirements of all applicable Federal Rules of Civil Procedure.

### INSTRUCTIONS

1. Pursuant to Rule 36, you must provide responses to the attached requests for admissions, unless objected to, separately and fully in writing within thirty (30) days from the date of service hereof.

2. Pursuant to Rule 26(e), you must supplement your responses if you or your attorneys know that an answer was incorrect or incomplete when made, or, although complete and correct when made, you or your attorney know that an answer is no longer correct and complete.

3. The singular shall include the plural, and the plural the singular, whenever the effect of doing so is to increase the information responsive to these document requests.

4. The conjunctive shall include the disjunctive, and the disjunctive the conjunctive, whenever the effect of doing so is to increase the amount of information responsive to these document requests.

## DEFINITIONS

1. The terms "**you**" and/or "**your**" refer to Af-Cap, Inc.

2. "**The Republic of Congo**" and/or "**the Congo**" refer to the République du Congo, a sovereign country named as Defendant in this lawsuit.

3. "**Af-Cap, Inc.**" refers to Af-Cap, Inc., the corporation that asserts that it is the successor to Connecticut Bank of Commerce in this lawsuit.

4. "**Garnishee**" refers to CMS Nomeco Congo Inc., the garnishee in this action. 5.

5. "**CBOC**" refers to Connecticut Bank of Commerce.

6. The "**Convention**" means that certain agreement dated on or about May 25, 1979, among the Congo, the Congolese Superior Oil Company, Cities Service Congo Petroleum Corporation, Canadian Superior Oil Ltd. and Societe Nationale de Recherches et d'Exploration Petrolieres, as amended.

7. The "**Judgment**" refers to the Judgment that Af-Cap alleges that it holds against the Congo and that is the subject of this proceeding.

8. This "**Proceeding**" means Civil Action No. 05-726 SLR in the United States District Court for the District of Delaware.

9. "**Royalty Oil**" refers to the oil that the Republic of Congo is periodically entitled to take under the Convention and related agreements.

## REQUESTS FOR ADMISSIONS

**REQUEST NO. 1:**

The writ of garnishment served on CMS Nomeco on October 12, 2005 was issued pursuant to an authorizing court order that made none of the findings that the Fifth Circuit held to be required by the Foreign Sovereign Immunities Act in *FG Hemisphere Associates LLC v. Republique du Congo*, 455 F.3d 575 (5th Cir. 2006).

**REQUEST NO. 2:**

If *FG Hemisphere Associates LLC v. Republique du Congo*, 455 F.3d 575 (5th Cir. 2006), was correctly decided, the order that authorized the writ of garnishment served on CMS Nomeco on October 12, 2005 was void *ab initio* due to lack of required findings.

**REQUEST NO. 3:**

The Congo had the right to take the Royalty Oil that was taken by SNPC in December 2004, September 2005, and April 2006.

**REQUEST NO. 4:**

CMS Nomeco had no ability to stop SNPC from taking the Congo's Royalty Oil in December 2004.

**REQUEST NO. 5:**

CMS Nomeco had no ability to stop SNPC from taking the Congo's Royalty Oil in September 2005.

**REQUEST NO. 6:**

CMS Nomeco had no ability to stop SNPC from taking the Congo's Royalty Oil in April 2006.

**REQUEST NO. 7:**

Af-Cap, Inc. took no actions to seek recognition or enforcement in a Congolese court of any orders or writs of garnishment issued by the United States District Court for the Western District of Texas in connection with Case Nos. A-01-CA-100-SS or A-01-CA-321-SS.

**REQUEST NO. 8:**

Af-Cap, Inc. took no actions to seek recognition or enforcement in a Congolese court of the writ of garnishment issued in this case.

**REQUEST NO. 9:**

At no time during the period October 12, 2005 through November 2, 2005, did the Congo have the right to take Royalty Oil.

**REQUEST NO. 10:**

At no time during the period October 12, 2005 through November 2, 2005, were the Congo and SNPC in a combined under-lifted position of more than 275,000 barrels for purposes of determining SNPC's right to take a lifting of working interest oil and Royalty Oil under the Amendment to Lifting Agreement.

**REQUEST NO. 11:**

At no time during the period October 12, 2005 through November 2, 2005, did the Congo have the right to receive cash royalty from CMS Nomeco.

**REQUEST NO. 12:**

The April 2006 SNPC oil lifting satisfied the Congo's right to royalty on oil liftings that occurred during the period September 2005 through March 2006.

**REQUEST NO. 13:**

CMS Nomeco cannot be protected from double liability if Af-Cap, Inc. recovers a garnishment judgment against CMS Nomeco in this case.

**REQUEST NO. 14:**

Tax payments owed by CMS Nomeco to the Congo during the period October 12, 2005 through November 2, 2005 are immune from garnishment under the Foreign Sovereign Immunities Act.

| OF COUNSEL: | /s/ M. Duncan Grant |
|---|---|
| | M. Duncan Grant (Del. Bar No. 2994) |
| Guy S. Lipe | James C. Carignan (Del. Bar No. 4230) |
| Jason M. Powers | PEPPER HAMILTON LLP |
| VINSON & ELKINS L.L.P. | Hercules Plaza, Suite 5100 |
| First City Tower | 1313 North Market Street |
| 1001 Fannin Street, Suite 2300 | P.O. Box 1709 |
| Houston, TX  77002-6760 | Wilmington, DE 19899-1709 |
| (713) 758-2222 | (302) 777-6500 |
| | |
| Dated:  December 11, 2006 | Attorneys for Garnishee CMS Nomeco Congo Inc. |