IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CONNECTICUT BANK OF COMMERCE, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 05-726 SLR |
| THE REPUBLIC OF CONGO, | ) ) ) | |
| Defendant, | ) ) | |
| CMS NOMECO CONGO, INC., | ) ) ) | |
| Garnishee. | ) | |

## GARNISHEE'S FIRST REQUESTS FOR PRODUCTION TO PLAINTIFF

Garnishee CMS Nomeco Congo Inc. ("CMS Nomeco"), pursuant to Rule 34 of the Federal Rule of Civil Procedure, serves its First Requests for Production to Af-Cap, Inc. as alleged successor-in-interest to Connecticut Bank of Commerce, and requests that Af-Cap, Inc. produce the documents described in these requests to the offices of Pepper Hamilton LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, Wilmington, DE 19899-1709. These requests are subject to the following instructions and definitions.

## INSTRUCTIONS

1. Pursuant to Federal Rule of Civil Procedure 34(b), you must provide written responses to the attached requests for production separately and fully in writing within thirty (30) days from the date of service hereof.

2. This Requests for Production reaches all documents within your "possession, custody, or control" as defined by Rule 34(a) rather than documents within your immediate possession. The Request therefore reaches documents in the possession of agents, professionals,

advisers, consultants, and affiliated companies, to the extent those documents are within your possession, custody, or control under Rule 34(a) and applicable law.

3. If any document responsive to the requests set forth below exist in an electronic, magnetic, or computer data format, such documents are to be produced on 3.5" disks, CD-ROMs, or DVD-ROMs in their native format along with a description of the programs used to create the document and/or that can be used to view the data.

4. The singular shall include the plural, and the plural the singular, whenever the effect of doing so is to increase the information responsive to these document requests.

5. The conjunctive shall include the disjunctive, and the disjunctive the conjunctive, whenever the effect of doing so is to increase the amount of information responsive to these document requests.

6. Responsive documents shall be produced as they have been kept in the usual course of business or shall be organized and labeled to correspond with the categories in this request.

7. No document which has already been produced by the responding party need not be produced again by the same party; however, each copy of a document which differs in any way from the produced copy of a document (by marginalia, highlighting, completeness/incompleteness, inclusion/exclusion of attachments, or otherwise) should be considered a separate document and produced separately. With regard to responsive documents that have been produced by another party in this proceeding, the responding party may, in lieu of production of the responsive documents for inspection, identify the responsive documents by bates numbers. Any translation of a document is considered a separate document and should be deemed included in the requests.

8. Pursuant to Rule 26(b)(5), if you withhold material or information pursuant to a claim of privilege, please describe the material or information withheld with sufficient particularity to enable CMS Nomeco to evaluate the claim of privilege, including, with regard to communications, the date of the communications, all authors and recipients, including copy recipients, the subject matter of the communication, and the privilege or privileges asserted.

9. You are required to update and supplement your response as provided by the Federal Rules of Civil Procedure.

## DEFINITIONS

1. The terms "**you**" and/or "**your**" refer to Af-Cap, Inc.

2. "**The Republic of Congo**" and/or "**the Congo**" refer to the République du Congo, a sovereign country named as Defendant in this lawsuit.

3. "**Af-Cap, Inc.**" refers to Af-Cap, Inc., the corporation that asserts that it is the successor to Connecticut Bank of Commerce in this lawsuit.

4. "**Garnishee**" refers to CMS Nomeco Congo Inc., the garnishee in this action. 5.

5. "**CBOC**" refers to Connecticut Bank of Commerce.

6. The "**Convention**" means that certain agreement dated on or about May 25, 1979, among the Congo, the Congolese Superior Oil Company, Cities Service Congo Petroleum Corporation, Canadian Superior Oil Ltd. and Societe Nationale de Recherches et d'Exploration Petrolieres, as amended.

7. The "**Judgment**" refers to the Judgment that Af-Cap alleges that it holds against the Congo and that is the subject of this proceeding.

8. **"Relating to"** means concerning, referring to, reflecting, constituting, containing, or describing the matter discussed. The term includes, but is not limited to, information and documents underlying, supporting, or necessary for the understanding of any matter.

9. **"Document"** has the meaning ascribed to it by Federal Rule of Civil Procedure 34(a) and includes, without limitation, any written, recorded, transcribed, punched, taped, filmed, photographed, or graphic matter or data of any kind or description, however produced, reproduced, or maintained, including, without limitations, correspondence, memoranda, agreements, releases, telegrams, stenographic or handwritten notes, work papers, diaries, calendars, journals, datebooks, studies, publications, financial statements, receipts of sale, purchase or shipment invoices, photographs, telephone records, diagrams, computer printouts, magnetic or optical computer media including emails and electronic documents, video tapes, film, microfilm and compilations of every kind or character, whether original or a copy, and including any attachments and/or appendices thereto.

10. This **"Proceeding"** means Civil Action No. 05-726 SLR in the United States District Court for the District of Delaware.

11. **"Royalty Oil"** refers to the oil that the Republic of Congo is periodically entitled to take under the Convention and related agreements.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All documents reflecting, evidencing, or relating to Af-Cap's investment in or acquisition of any interest in any portion of the debt of the Congo that is the subject of this Proceeding or the Judgment that is the subject of this Proceeding or any investment in or acquisition of any right to receive any portion of payments on or proceeds of the debt of the Congo that is the subject of this Proceeding or the Judgment that is the subject of this Proceeding, including but not limited to documents reflecting, evidencing, or relating to acquisition agreements, assignment agreements, participation agreements, representation agreements, agency agreements, and any other agreements by which Af-Cap acquired any interest in or right to receive payments on or

4

proceeds of the debt of the Congo or Judgment that is the subject of this Proceeding, and all related negotiations, discussions, offers, compromises, and drafts.

**REQUEST FOR PRODUCTION NO. 2:**

All documents reflecting, evidencing, or related to any assignment(s) of interests in or the right to enforce or receive payments on proceeds of the debt of the Congo that is the subject of this Proceeding or the Judgment that is the subject of this Proceeding.

**REQUEST FOR PRODUCTION NO. 3:**

All documents evidencing, reflecting, or relating to your current or past position as an agent, principal, or nominee with regards to the enforcement of or collection of funds, proceeds, or payments related to the debt of the Congo that is the subject of this Proceeding or the Judgment that is the subject of this Proceeding.

**REQUEST FOR PRODUCTION NO. 4:**

All documents evidencing, reflecting, or relating to CBOC's current or past position as an agent, principal, or nominee with regards to the enforcement of or collection of funds, proceeds, or payments related to the debt of the Congo that is the subject of this Proceeding or the Judgment that is the subject of this Proceeding.

**REQUEST FOR PRODUCTION NO. 5:**

All documents reflecting, evidencing, or relating to your current or past ownership of or right to enforce or receive payment of all or any portion of the debt and Judgment that are the subject of this Proceeding or all or any portion of the proceeds thereof.

**REQUEST FOR PRODUCTION NO. 6:**

All documents that show the consideration paid by you to invest in, acquire any interest in, or acquire or obtain the right to receive any portion of the proceeds of or payments on the debt of the Congo that is the subject of this Proceeding or the Judgment that is the subject of this Proceeding.

**REQUEST FOR PRODUCTION NO. 7:**

All documents reflecting the amount paid by you, if any, for the assignment of the Judgment to you by the FDIC.

**REQUEST FOR PRODUCTION NO. 8:**

All documents reflecting, evidencing, referencing, or relating to the value or estimated value of the debt of the Congo that is the subject of this Proceeding or the Judgment that is the subject of this Proceeding.

**REQUEST FOR PRODUCTION NO. 9:**

All pleadings filed and orders issued in other cases or proceedings in which you or CBOC are seeking to collect or have sought to collect the debt of the Congo that is the subject of this Proceeding or the Judgment that is the subject of this Proceeding, except for the proceedings in Case Nos. A-01-CA-100-SS and A-01-CA-321-SS in the United States District Court for the Western District of Texas and in Case No. H-02-4261 in the United States District Court for the Southern District of Texas.

**REQUEST FOR PRODUCTION NO. 10:**

All documents reflecting, evidencing, or relating to, evidencing, or discussing the merit, success, lack of merit, lack of success, results, or likelihood of success or failure of any actual or anticipated efforts by you or CBOC to collect the debt of the Congo that is at issue in this Proceeding or the Judgment that is at issue in this Proceeding. This request does not seek documents that relate exclusively to the Western District of Texas or Southern District of Texas court proceedings referenced in Request for Production No. 10.

**REQUEST FOR PRODUCTION NO. 11:**

All documents reflecting, evidencing, or relating to efforts by you or CBOC to identify assets of the Congo that are subject to execution or otherwise available to satisfy the debt that is the subject of this Proceeding or the Judgment that is the subject of this Proceeding. This request does not seek documents that relate exclusively to the Western District of Texas or Southern District of Texas court proceedings referenced in Request for Production No. 10.

**REQUEST FOR PRODUCTION NO. 12:**

All documents reflecting, evidencing, referencing, or relating to any asset(s) potentially subject to execution, attachment, garnishment, sequester or other process to satisfy the Judgment at issue in this case, wherever located.

**REQUEST FOR PRODUCTION NO. 13:**

All documents reflecting, evidencing, or relating to actions that CMS Nomeco could have taken, if any, to prevent SNPC from taking the Congo's Royalty Oil that SNPC took in December 2004.

**REQUEST FOR PRODUCTION NO. 14:**

All documents reflecting, evidencing, or relating to actions that CMS Nomeco could have taken, if any, to prevent SNPC from taking the Congo's Royalty Oil that SNPC took in September 2005.

**REQUEST FOR PRODUCTION NO. 15:**

All documents reflecting, evidencing, or relating to actions that CMS Nomeco could have taken, if any, to prevent SNPC from taking the Congo's Royalty Oil that SNPC took in April 2006.

**REQUEST FOR PRODUCTION NO. 16:**

All documents that allegedly deprived the Congo of a legal right to take the Royalty Oil that was taken by SNPC in December 2004.

**REQUEST FOR PRODUCTION NO. 17:**

All documents that allegedly deprived the Congo of a legal right to take the Royalty Oil that was taken by SNPC in September 2005.

**REQUEST FOR PRODUCTION NO. 18:**

All documents that allegedly deprived the Congo of a legal right to take the Royalty Oil that was taken by SNPC in April 2006.

**REQUEST FOR PRODUCTION NO. 19:**

All documents reflecting, evidencing, or relating to any actions taken, or consideration of whether to take any actions, or the reasons for taking or not taking actions, to seek recognition or enforcement in a Congolese court of orders or writs of garnishment issued by the United States District Court for the Western District of Texas in connection with Case Nos. A-01-CA-100-SS or A-01-CA-321-SS or the garnishment writ that is the subject of this case.

**REQUEST FOR PRODUCTION NO. 20:**

All documents reflecting or evidencing any act of collusion, fraud, or negligence of CMS Nomeco in connection with the Congolese court orders issued in December 2004.

**REQUEST FOR PRODUCTION NO. 21:**

All documents reflecting or evidencing any act of collusion, fraud, or negligence of CMS Nomeco in connection with the Congolese court orders issued in July 2005.

**REQUEST FOR PRODUCTION NO. 22:**

All documents reflecting or evidencing any act of collusion, fraud, or negligence of CMS Nomeco in connection with the Congolese court order issued in March 2006.

**REQUEST FOR PRODUCTION NO. 23:**

All documents reflecting, evidencing, or relating to the Congo's right, if any, to take Royalty Oil at any time during the period October 12, 2005 through November 2, 2005.

**REQUEST FOR PRODUCTION NO. 24:**

All documents reflecting, evidencing, or relating to the right, if any, of the Congo to receive cash royalty from CMS Nomeco at any time during the period October 12, 2005 through November 2, 2005.

**REQUEST FOR PRODUCTION NO. 25:**

All documents reflecting or evidencing the amount of Royalty Oil, if any, that the Congo had the right to take at any time during the period October 12, 2005 through November 2, 2005.

**REQUEST FOR PRODUCTION NO. 26:**

All documents reflecting or evidencing the amount of cash royalty, if any, that the Congo had the right to receive from CMS Nomeco at any time during the period October 12, 2005 through November 2, 2005.

**REQUEST FOR PRODUCTION NO. 27:**

All documents reflecting, evidencing, or relating to alleged acts of collusion between CMS Nomeco and the Congo relating to the Congo's royalty under the Convention or the debt owed by the Congo that is the subject of this Proceeding.

**REQUEST FOR PRODUCTION NO. 28:**

All documents reflecting, evidencing, or relating to alleged fraud by CMS Nomeco related to the Congo's royalty under the Convention or the debt owed by the Congo that is the subject of this Proceeding.

**REQUEST FOR PRODUCTION NO. 29:**

All documents reflecting, evidencing, or relating to alleged negligence by CMS Nomeco related to the Congo's royalty under the Convention or the debt owed by the Congo that is the subject of this Proceeding.

**REQUEST FOR PRODUCTION NO. 30:**

All documents reflecting, evidencing, or relating to alleged concealment by CMS Nomeco related to the Congo's royalty under the Convention or the debt owed by the Congo that is the subject of this Proceeding.

**REQUEST FOR PRODUCTION NO. 31:**

All documents reflecting, evidencing, or relating to alleged actions by CMS Nomeco in assisting the Congo in avoiding its obligations under the debt and Judgment that are the subject of this Proceeding.

| OF COUNSEL: | /s/ M. Duncan Grant |
|---|---|
| | M. Duncan Grant (Del. Bar No. 2994) |
| | James C. Carignan (Del. Bar No. 4230) |
| Guy S. Lipe | PEPPER HAMILTON LLP |
| Jason M. Powers | Hercules Plaza, Suite 5100 |
| VINSON & ELKINS L.L.P. | 1313 North Market Street |
| First City Tower | P.O. Box 1709 |
| 1001 Fannin Street, Suite 2300 | Wilmington, DE 19899-1709 |
| Houston, TX 77002-6760 | (302) 777-6500 |
| (713) 758-2222 | |
| Dated: December 11, 2006 | Attorneys for Garnishee CMS Nomeco Congo Inc. |