IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CONNECTICUT BANK OF COMMERCE | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 05-762 SLR |
| THE REPUBLIC OF CONGO | ) ) | |
| Defendant, | ) ) | |
| CMS NOMECO CONGO, INC., | ) ) | |
| Garnishee. | ) | |

**PLAINTIFF'S RESPONSES TO**
**GARNISHEE'S FIRST REQUESTS FOR PRODUCTION TO PLAINTIFF**

Plaintiff, Af-Cap, Inc. (successor in interest to Connecticut Bank of Commerce) ("Af-Cap") pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (as this Court applies the Delaware rules of procedure for the enforcement of judgments), Rule 26.1 of the Local Rules of the United States District Court for the District of Delaware, and the Court's August 23, 2006 Joint Scheduling Order, by and through their undersigned attorneys, serves its Responses To Garnishee's First Request for Production of Documents.

Notwithstanding the matter being a garnishment action, Garnishee CMS Nomeco Congo, Inc. has served Plaintiff Af-Cap with far ranging requests for production. As is explained in its specific responses, Af-Cap objects to the requests for production on the grounds that several are, in whole or in part, overbroad and not reasonably calculated to lead to the discovery of admissible evidence because they seek information that is not relevant to the claims or defenses of any party or are outside the scope of discovery in this matter. In particular, CMS seeks

1

documents concerning subjects that go beyond Af-Cap's lawful ownership of the judgment debt

at issue in this case and appear solely designed to embarrass and harass Af-Cap.  Under

Delaware law, a plaintiff with a judgment in any court of record may seek to attach property of a

judgment debtor held by a garnishee.  *See* 10 Del. C. § 5031.  Such a plaintiff's only burden is to

establish the validity and the amount of the judgment it seeks to enforce, *i.e.*, that it qualifies as a

garnishor under 10 Del. C. § 5031.  To the extent CMS seeks discovery beyond that point or one

of the issues identified in the Court's Scheduling Order, the local rules or the Federal Rules

of Civil, its request constitute an improper use of discovery.

## **GENERAL OBJECTIONS**

1.      Af-Cap objects to the Requests for Production to the extent that the Instructions

and Definitions set forth therein seek to impose requirements beyond those contained in the

Federal Rules of Civil Procedure, Local Rules of Civil Procedure, the Court's Joint Scheduling

Order or the applicable Delaware Rules of Civil Procedure as incorporated in this proceeding by

FRCP Rule 69.

2.      In providing these responses, Af-Cap does not in any waive, but rather intends to

preserve:

    a.      All objections to vagueness and ambiguity;

    b.      All rights to object on any grounds to the use of any of the Answers herein

in any subsequent proceedings, including the trial of this or any other action;

    c.      All rights to object to any further Requests for Admission or other

discovery requests involving or related to any of these Requests.

3.      Af-Cap objects to each Request for Production to the extent that it is overbroad

and not reasonably calculated to lead to the discovery of admissible evidence because it seeks

information that is not relevant to the claims or defenses of any party or are outside the scope of discovery set forth in the Court's Rule 26 Scheduling Order.

4.    Af-Cap objects to each document request to the extent that it would require Af-Cap to divulge information protected by the work product doctrine, the attorney-client privilege and/or any other applicable privilege or protection.  To the extent that Af-Cap objects to any document request on the basis of privilege, Af-Cap will produce a privilege log no later than February 15, 2007, and objects on burdensomeness grounds to any purported requirement that it produce such log sooner.

5.    Af-Cap further objects to each document request to the extent that it seeks information that is peculiarly within the knowledge of Garnishee as opposed to Af-Cap.

6.    Af-Cap objects to requests that seek documents from Connecticut Bank of Commerce on the grounds that those documents are not in Af-Cap's possession, custody and control.

7.    Af-Cap objects to Definition 2 to the extent that it implies that Congo can claim sovereign immunity as a defense to Af-Cap garnishing the oil royalty debt at issue in this case. Congo is estopped from raising sovereign immunity as is CMS, who purports to stand in Congo's shoes, pursuant to *Af-Cap, Inc. v. Republic of Congo*, 383 F.3d 361, *amended on reh'g.,* 389 F.3d 503 (5th Cir. 2004) ("Af-Cap II"), *cert. denied* 125 S.Ct. 1735 (2005).

8.    Af-Cap specifically objects to Definition 3 to the extent that it questions Af-Cap's position as the real party in interest in this matter.

9.    Af-Cap object to Definition 6 to the extent it implies CMS is not a party to the Convention.

10.    Af-Cap specifically objects to Definition 7 to the extent it suggests that Af-Cap

3

does not hold the judgment which it is enforcing in this case.

11.    Af-Cap specifically objects to Definition 9 on the grounds it misstates the basic concept of what constitutes "Royalty Oil" under the Oil Convention and Joint Operating Agreement at issue in this case as well as the widely accepted and commonly applied customs, traditions and practices in International Petroleum Agreements.

12.    Af-Cap objects on the grounds that Congo has waived its defenses to attachment and execution and, therefore, the requests are irrelevant.

13.    Af-Cap objects on the ground that CMS, as garnishee, lacks standing to object to attachment of Congo's assets, therefore, the requests are irrelevant.

## RESPONSE TO REQUESTS FOR PRODUCTION

Subject to the foregoing general objections, Plaintff responds to each of the individual requests as follows:

## REQUEST FOR PRODUCTION NO. 1:

All documents reflecting, evidencing, or relating to Af-Cap's investment in or acquisition of any interest in any portion of the debt of the Congo that is the subject of this Proceeding or the Judgment that is the subject of this Proceeding or any investment in or acquisition of any right to receive any portion of payments on or proceeds of the debt of the Congo that is the subject of this Proceeding or the Judgment that is the subject of this Proceeding, including but not limited to documents reflecting, evidencing, or relating to acquisition agreements, assignment agreements, participation agreements, representation agreements, agency agreements, and any other agreements by which Af-Cap acquired any interest in or right to receive payments on or proceeds of the debt of the Congo or Judgment that is the subject of this Proceeding, and all related negotiations, discussions, offers, compromises, and drafts.

**RESPONSE:**

Af-Cap objects to this request on the grounds that it is overbroad, unduly burdensome and harassing. Documents reflecting "negotiations, discussion[s], offers, compromises and drafts" in relation to Af-Cap's acquisitions of the debt of the Congo that is the subject of the Proceeding and the Judgment that is the subject of this Proceeding are not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, Af-Cap objects on the grounds that the information sought is proprietary and contains commercially sensitive information, which Af-Cap will produce only after entry of a Confidentiality Agreement. Af-Cap also objects to the extent that the request seeks documents exempt from disclosure under the attorney client privilege or attorney work product doctrine. Under 10 Del. C. § 5031, Af-Cap has to demonstrate that it has a judgment in any court of record. Any information sought beyond that defined scope exceeds the proper boundaries of discovery.

Subject to and without waiver of the foregoing general and specific objections, Af-Cap has produced or will produce responsive, non-privileged documents that show beyond dispute that Af-Cap holds the Judgment.

**REQUEST FOR PRODUCTION NO. 2:**

All documents reflecting, evidencing, or related to any assignment(s) of interests in or the right to enforce or receive payments on proceeds of the debt of the Congo that is the subject of this Proceeding or the Judgment that is the subject of this Proceeding.

**RESPONSE:**

Af-Cap objects to this request on the grounds that it is overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and seeks documents exempt from disclosure under the attorney client privilege or attorney work product doctrine. Furthermore, Af-Cap objects on the grounds that the information sought is proprietary and contain

commercially sensitive information, which Af-Cap will produce only after entering into a Confidentiality Agreement with CMS. Under 10 Del. C. § 5031, Af-Cap has to demonstrate that it has a judgment in any court of record to qualify as a garnishor. Any information sought beyond that defined scope exceeds the proper boundaries of discovery.

Subject to and without waiver of the foregoing general and specific objections, Af-Cap has produced or will produce responsive, non-privileged documents that show beyond dispute that Af-Cap holds the Judgment. *See also* response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 3:**

All documents evidencing, reflecting, or relating to your current or past position as an agent, principal, or nominee with regards to the enforcement of or collection of funds, proceeds, or payments related to the debt of the Congo that is the subject of this Proceeding or the Judgment that is the subject of this Proceeding.

**RESPONSE:**

Af-Cap objects to this request on the grounds that it is overbroad, seeks documents that are not in Af-Cap's possession, custody or control, are protected by the attorney-client privilege or attorney work product doctrine, and it is not reasonably calculated to lead to the discovery or admissible evidence. Furthermore, Af-Cap objects on the grounds that the information sought is proprietary and contains commercially sensitive information, which Af-Cap will produce only after entry of a Confidentiality Agreement. Under 10 Del. C. § 5031, Af-Cap has to demonstrate that it has a judgment in any court of record. Any information sought beyond that defined scope exceeds the proper boundaries of discovery.

Subject to and without waiver of the foregoing general and specific objections, Af-Cap has produced or will produce responsive, non-privileged documents that show beyond dispute that Af-Cap holds the Judgment.

**REQUEST FOR PRODUCTION NO. 4:**

All documents evidencing, reflecting, or relating to CBOC's current or past position as an agent, principal, or nominee with regards to the enforcement of or collection of funds, proceeds, or payments related to the debt of the Congo that is the subject of this Proceeding or the Judgment that is the subject of this Proceeding.

**RESPONSE:**

Af-Cap objects to this request to the extent that it seeks information held by CBC because those documents are not in Af-Cap's possession, custody or control, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing general and specific objections, Af-Cap states that it has no documents in its possession, custody or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 5:**

All documents reflecting, evidencing, or relating to your current or past ownership of or right to enforce or receive payment of all or any portion of the debt and Judgment that are the subject of this Proceeding or all or any portion of the proceeds thereof.

**RESPONSE:**

Af-Cap objects to this request on the grounds that it is cumulative and, therefore, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks documents exempt from disclosure under the attorney-client privilege or attorney work product doctrine. Furthermore, Af-Cap objects on the grounds that the information sought is proprietary and contains commercially sensitive information, which Af-Cap will produce only after entry of a Confidentiality Agreement. Under 10 Del. C. § 5031, Af-Cap has to demonstrate that it has a judgment in any court of record. Any information sought beyond that defined scope exceeds the proper boundaries of discovery.

Subject to and without waiver of the foregoing general and specific objections, Af-Cap refers Garnishee to Af-Cap's responses to Document Requests Nos. 1-3.

**REQUEST FOR PRODUCTION NO. 6:**

All documents that show the consideration paid by you to invest in, acquire any interest in, or acquire or obtain the right to receive any portion of the proceeds of or payments on the debt of the Congo that is the subject of this Proceeding or the Judgment that is the subject of this Proceeding.

**RESPONSE:**

Af-Cap objects to this request on the grounds that it is cumulative, unduly burdensome, seeks documents protected by the attorney-client privilege or attorney work product doctrine, and is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, Af-Cap objects on the grounds that the information sought is proprietary and contains commercially sensitive information, which Af-Cap will produce only after entry of a Confidentiality Agreement. Under 10 Del. C. § 5031, Af-Cap has to demonstrate that it has a judgment in any court of record. Any information sought beyond that defined scope exceeds the proper boundaries of discovery.

Subject to and without waiver of the foregoing general and specific objections, Af-Cap refers Garnishee to Af-Cap's responses to Document Requests Nos. 1-3 and 5.

**REQUEST FOR PRODUCTION NO. 7:**

All documents reflecting the amount paid by you, if any, for the assignment of the Judgment to you by the FDIC.

**RESPONSE:**

Af-Cap objects to this request on the grounds to the extent it seeks documents that are not in Af-Cap's possession, custody or control, documents protected by the attorney-client privilege or attorney work product doctrine, and that it is cumulative, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, Af-Cap objects on the grounds that the information sought is proprietary and contains commercially

sensitive information, which Af-Cap will produce only after entry of a Confidentiality Agreement. Under 10 Del. C. § 5031, Af-Cap has to demonstrate that it has a judgment in any court of record. Any information sought beyond that defined scope exceeds the proper boundaries of discovery.

Subject to and without waiver of the foregoing general and specific objections, Af-Cap refers Garnishee to Af-Cap's responses to Document Requests Nos. 1-3 and 5-6.

**REQUEST FOR PRODUCTION NO. 8:**

All documents reflecting, evidencing, referencing, or relating to the value or estimated value of the debt of the Congo that is the subject of this Proceeding or the Judgment that is the subject of this Proceeding.

**RESPONSE:**

Af-Cap objects to this request on the grounds that it seeks documents protected by the attorney-client privilege or attorney work product doctrine, is overbroad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, Af-Cap objects on the grounds that the information sought is proprietary and contains commercially sensitive information, which Af-Cap will produce only after entry of a Confidentiality Agreement. Under 10 Del. C. § 5031, Af-Cap has to demonstrate that it has a judgment in any court of record. Any information sought beyond that defined scope exceeds the proper boundaries of discovery.

Subject to and without waiver of Af-Cap's general objections, Af-Cap states that it has produced or will produce responsive non-privileged documents that show beyond dispute that Af-Cap holds the Judgment. *See also* responses to Document Requests Nos. 1, 5-6.

**REQUEST FOR PRODUCTION NO. 9:**

All pleadings filed and orders issued in other cases or proceedings in which you or CBOC are seeking to collect or have sought to collect the debt of the Congo that is the subject of this Proceeding or the Judgment that is the subject of this Proceeding, except for the proceedings in

Case Nos. A-01-CA-100-SS and A-01-CA-321-SS in the United States District Court for the Western District of Texas and in Case No. H-02-4261 in the United States District Court for the Southern District of Texas.

**RESPONSE:**

Af-Cap objects to this request on the grounds that it seeks documents that are not in Af-Cap's possession, custody or control, are protected by the attorney-client privilege or attorney work product doctrine, is overbroad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Under 10 Del. C. § 5031, Af-Cap has to demonstrate that it has a judgment in any court of record. Any information sought beyond that defined scope exceeds the proper boundaries of discovery.

**REQUEST FOR PRODUCTION NO. 10:**

All documents reflecting, evidencing, or relating to, evidencing, or discussing the merit, success, lack of merit, lack of success, results, or likelihood of success or failure of any actual or anticipated efforts by you or CBOC to collect the debt of the Congo that is at issue in this Proceeding or the Judgment that is at issue in this Proceeding. This request does not seek documents that relate exclusively to the Western District of Texas or Southern District of Texas court proceedings referenced in Request for Production No. 10 [sic].

**RESPONSE:**

Af-Cap objects to this request on the grounds that it seeks documents that are not in Af-Cap's possession, custody or control, and are protected by the attorney-client privilege or attorney work product doctrine, is overbroad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Under 10 Del. C. § 5031, Af-Cap has to demonstrate that it has a judgment in any court of record. Any information sought beyond that defined scope exceeds the proper boundaries of discovery.

**REQUEST FOR PRODUCTION NO. 11:**

All documents reflecting, evidencing, or relating to efforts by you or CBOC to identify assets of the Congo that are subject to execution or otherwise available to satisfy the debt that is the subject of this Proceeding or the Judgment that is the subject of this Proceeding. This request does not seek documents that relate exclusively to the Western District of Texas or Southern

District of Texas court proceedings referenced in Request for Production No. 10 [sic].

**RESPONSE:**

Af-Cap objects to this request on the grounds that it seeks documents that are not in Af-Cap's possession, custody or control, are protected by the attorney-client privilege or attorney work product doctrine, and is not reasonably calculated to lead to the discovery of admissible evidence. Under 10 Del. C. § 5031, Af-Cap has to demonstrate that it has a judgment in any court of record. Any information sought beyond that defined scope exceeds the proper boundaries of discovery.

**REQUEST FOR PRODUCTION NO. 12:**

All documents reflecting, evidencing, referencing, or relating to any asset(s) potentially subject to execution, attachment, garnishment, sequester or other process to satisfy the Judgment at issue in this case, wherever located.

**RESPONSE:**

Af-Cap objects to this request because it seeks documents protected by the attorney-client privilege or attorney work product doctrine, it is ambiguous and overbroad, and is not reasonably calculated to lead to the discovery of admissible evidence. Under 10 Del. C. § 5031, Af-Cap has to demonstrate that it has a judgment in any court of record. Any information sought beyond that defined scope exceeds the proper boundaries of discovery.

**REQUEST FOR PRODUCTION NO. 13:**

All documents reflecting, evidencing, or relating to actions that CMS Nomeco could have taken, if any, to prevent SNPC from taking the Congo's Royalty Oil that SNPC took in December 2004.

**RESPONSE:**

Af-Cap objects to this request because it is overbroad, seeks documents not in Af-Cap's possession, custody or control, that are protected by the attorney-client privilege or attorney work product doctrine, and is not reasonably calculated to lead to the discovery of admissible

evidence. Under 10 Del. C. § 5031, Af-Cap has to demonstrate that it has a judgment in any court of record. Any information sought beyond that defined scope exceeds the proper boundaries of discovery.

Subject to and without waiver of Af-Cap's general objections, Af-Cap has produced or will produce responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 14:**

All documents reflecting, evidencing, or relating to actions that CMS Nomeco could have taken, if any, to prevent SNPC from taking the Congo's Royalty Oil that SNPC took in September 2005.

**RESPONSE:**

Af-Cap objects to this request because it is overbroad, seeks documents not in its possession, custody or control, that are protected by the attorney-client privilege or attorney work product doctrine, and is not reasonably calculated to lead to the discovery of admissible evidence. Under 10 Del. C. § 5031, Af-Cap has to demonstrate that it has a judgment in any court of record. Any information sought beyond that defined scope exceeds the proper boundaries of discovery.

Subject to and without waiver of Af-Cap's general objections, Af-Cap has produced or will produce responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 15:**

All documents reflecting, evidencing, or relating to actions that CMS Nomeco could have taken, if any, to prevent SNPC from taking the Congo's Royalty Oil that SNPC took in April 2006.

**RESPONSE:**

Af-Cap objects to this request because it is overbroad, seeks documents not in its possession, custody or control, that are protected by the attorney-client privilege or attorney work product doctrine, and is not reasonably calculated to lead to the discovery of admissible

evidence. Under 10 Del. C. § 5031, Af-Cap has to demonstrate that it has a judgment in any court of record. Any information sought beyond that defined scope exceeds the proper boundaries of discovery.

Subject to and without waiver of Af-Cap's general objections, Af-Cap has produced or will produce responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 16:**

All documents that allegedly deprived the Congo of a legal right to take the Royalty Oil that was taken by SNPC in December 2004.

**RESPONSE:**

Af-Cap objects to this request because it is overbroad, requires Af-Cap to make legal conclusions, seeks documents that are protected by the attorney-client privilege or attorney work product doctrine, and is not reasonably calculated to lead to the discovery of admissible evidence. Under 10 Del. C. § 5031, Af-Cap has to demonstrate that it has a judgment in any court of record. Any information sought beyond that defined scope exceeds the proper boundaries of discovery.

Subject to and without waiver of Af-Cap's general and specific objections, Af-Cap has produced or will produce responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 17:**

All documents that allegedly deprived the Congo of a legal right to take the Royalty Oil that was taken by SNPC in September 2005.

**RESPONSE:**

Af-Cap objects to this request because it is cumulative, overbroad and unduly burdensome, requires Af-Cap to make legal conclusions, seeks documents that are protected by the attorney-client privilege or attorney work product doctrine, and is not reasonably calculated to lead to the discovery of admissible evidence. Under 10 Del. C. § 5031, Af-Cap has to

demonstrate that it has a judgment in any court of record. Any information sought beyond that defined scope exceeds the proper boundaries of discovery.

Subject to and without waiver of Af-Cap's general objections, Af-Cap has produced or will produce responsive, non-privileged documents. *See also* response to Request No. 16.

**REQUEST FOR PRODUCTION NO. 18:**

All documents that allegedly deprived the Congo of a legal right to take the Royalty Oil that was taken by SNPC in April 2006.

**RESPONSE:**

Af-Cap objects to this request because it is cumulative, overbroad and unduly burdensome, requires Af-Cap to make legal conclusions, seeks documents that are protected by the attorney-client privilege or attorney work product doctrine, and is not reasonably calculated to lead to the discovery of admissible evidence. Under 10 Del. C. § 5031, Af-Cap has to demonstrate that it has a judgment in any court of record. Any information sought beyond that defined scope exceeds the proper boundaries of discovery.

Subject to and without waiver of Af-Cap's general objections, Af-Cap has produced or will produce responsive, non-privileged documents. *See also* responses to Request Nos. 16 and 17.

**REQUEST FOR PRODUCTION NO. 19:**

All documents reflecting, evidencing, or relating to any actions taken, or consideration of whether to take any actions, or the reasons for taking or not taking actions, to seek recognition or enforcement in a Congolese court of orders or writs of garnishment issued by the United States District Court for the Western District of Texas in connection with Case Nos. A-01-CA-100-SS or A-01-CA-321-SS or the garnishment writ that is the subject of this case.

**RESPONSE:**

Af-Cap objects to this request because it seeks documents protected by the attorney-client privilege or attorney work product doctrine, is overbroad and unduly burdensome and based on a

false premise that the Congolese Courts have jurisdiction over this matter when Congo has

consented to jurisdiction and enforcement in the United States. Af-Cap also objects because the

request is not reasonably calculated to lead to the discovery of admissible evidence. Under 10

Del. C. § 5031, Af-Cap has to demonstrate that it has a judgment in any court of record. Any

information sought beyond that defined scope exceeds the proper boundaries of discovery.

**REQUEST FOR PRODUCTION NO. 20:**

All documents reflecting or evidencing any act of collusion, fraud, or negligence of CMS
Nomeco in connection with the Congolese court orders issued in December 2004.

**RESPONSE:**

Af-Cap objects to this request on the grounds that the request is overbroad, seeks

documents that are not in the possession, control or custody of Af-Cap and documents that are

protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiver of Af-Cap's general objections, Af-Cap states that

documents previously produced by CMS evidence acts of collusion, fraud or negligence of CMS

Nomeco in connection with the Congolese court orders issued in December 2005, including, but

not limited to the November 25, 2002 letter of Jean-Michel Runacher, Congolese court orders

purporting to order CMS to deliver liftings to SNPC and Congo, related pleadings and appellate

orders and correspondence between CMS and Congo concerning writs of garnishments and

turnover orders issued by United States courts against Congo's royalty oil.

**REQUEST FOR PRODUCTION NO. 21:**

All documents reflecting or evidencing any act of collusion, fraud, or negligence of CMS
Nomeco in connection with the Congolese court orders issued in July 2005.

**RESPONSE:**

Af-Cap objects to this request on the grounds that the request is overbroad, seeks

information not in the possession, control or custody of Af-Cap, and documents that are

protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiver of Af-Cap's general objections, Af-Cap states that documents previously produced by CMS evidence acts of collusion, fraud or negligence of CMS Nomeco in connection with the Congolese court orders issued in July 2005, including, but not limited to the November 25, 2002 letter of Jean-Michel Runacher, the Congolese court orders purporting to order CMS to deliver liftings to SNPC and Congo, related pleadings and appellate orders and correspondence between CMS and Congo concerning writs of garnishments and turnover orders issued by United States courts against Congo's royalty oil.

**REQUEST FOR PRODUCTION NO. 22:**

All documents reflecting or evidencing any act of collusion, fraud, or negligence of CMS Nomeco in connection with the Congolese court order issued in March 2006.

**RESPONSE:**

Af-Cap objects to this request on the grounds that it is overbroad, seeks information not in the possession, control or custody of Af-Cap and documents that are protected by the attorney-client privilege or attorney work product doctrine. Af-Cap also objects on the grounds that the request is based on the faulty premise that Af-Cap has alleged CMS was negligent.

Subject to and without waiver of Af-Cap's general objections, Af-Cap states that documents previously produced by CMS evidence acts of collusion, fraud or negligence of CMS Nomeco in connection with the Congolese court orders issued in July 2005, including, but not limited to the November 25, 2002 letter of Jean-Michel Runacher, the Congolese court orders purporting to order CMS to deliver liftings to SNPC and Congo, related pleadings and appellate orders and correspondence between CMS and Congo concerning writs of garnishments and turnover orders issued by United States courts against Congo's royalty oil.

**REQUEST FOR PRODUCTION NO. 23:**

All documents reflecting, evidencing, or relating to the Congo's right, if any, to take Royalty Oil at any time during the period October 12, 2005 through November 2, 2005.

**RESPONSE:**

Af-Cap objects to the request on the grounds that it is overbroad, seeks documents that are not in the possession, control or custody of Af-Cap, are protected by the attorney client privilege or attorney work product doctrine, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of Af-Cap's general and specific objections, Af-Cap states that documents previously produced by CMS establish CMS's right to take royalty oil, including, but not limited to, the Convention, Joint Operating Agreement, Amended Lifting Agreement, documents reflecting Yombo Field liftings, and the Joint Interest Billing Statements.

**REQUEST FOR PRODUCTION NO. 24:**

All documents reflecting, evidencing, or relating to the right, if any, of the Congo to receive cash royalty from CMS Nomeco at any time during the period October 12, 2005 through November 2, 2005.

**RESPONSE:**

Af-Cap objects to the request on the grounds that it seeks documents that are not in the possession, control or custody of Af-Cap, are protected by the attorney client privilege or attorney work product doctrine, and are not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of Af-Cap's general and specific objections, Af-Cap states that documents previously produced by CMS establish CMS's right to take royalty oil, including, but not limited to, the Covention, Joint Operating Agreement, Amended Lifting Agreement,

documents reflecting Yombo Field liftings, and the Joint Interest Billing Statements.

**REQUEST FOR PRODUCTION NO. 25:**

All documents reflecting or evidencing the amount of Royalty Oil, if any, that the Congo had the right to take at any time during the period October 12, 2005 through November 2, 2005.

**RESPONSE:**

Af-Cap objects to the request on the grounds that the request is overbroad, seeks documents that, are not in the possession, control or custody of Af-Cap, that are protected by the attorney client privilege or attorney work product doctrine, and that are not likely to lead to the discovery of admissible evidence.

Subject to and without waiver of Af-Cap's general and specific objections, Af-Cap states that documents previously produced by CMS establish CMS's right to take royalty oil, including, but not limited to, the Covention, Joint Operating Agreement, Amended Lifting Agreement and the documents reflecting Yombo Field liftings Nos. 131 and 135.

**REQUEST FOR PRODUCTION NO. 26:**

All documents reflecting or evidencing the amount of cash royalty, if any, that the Congo had the right to receive from CMS Nomeco at any time during the period October 12, 2005 through November 2, 2005.

**RESPONSE:**

Af-Cap objects to the request on the grounds that it seeks documents that are not in the possession, control or custody of Af-Cap, are protected by the attorney client privilege or attorney work product doctrine, and are not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of Af-Cap's general and specific objections, Af-Cap states that documents previously produced by CMS establish CMS's right to take royalty oil, including, but not limited to, the Covention, Joint Operating Agreement, the Amended Lifting Agreement

and the documents reflecting Yombo Field liftings, and the Joint Interest Billing Statements .

**REQUEST FOR PRODUCTION NO. 27:**

All documents reflecting, evidencing, or relating to alleged acts of collusion between CMS Nomeco and the Congo relating to the Congo's royalty under the Convention or the debt owed by the Congo that is the subject of this Proceeding.

**RESPONSE:**

Af-Cap objects to this request on the grounds that it is overbroad and unduly burdensome, seeks documents not in the possession, control or custody of Af-Cap, are protected by the attorney-client privilege or attorney work product doctrine, and is not reasonably calculated to lead to the discovery of admissible evidence. Under 10 Del. C. § 5031, Af-Cap has to demonstrate that it has a judgment in any court of record. Any information sought beyond that defined scope exceeds the proper boundaries of discovery.

Subject to and without waiver of Af-Cap's general and specific objections, Af-Cap has produced or will produce responsive, non-privileged documents. *See also* responses to Request Nos. 20-22, 26.

**REQUEST FOR PRODUCTION NO. 28:**

All documents reflecting, evidencing, or relating to alleged fraud by CMS Nomeco related to the Congo's royalty under the Convention or the debt owed by the Congo that is the subject of this Proceeding.

**RESPONSE:**

Af-Cap objects to this request on the grounds that it is overbroad and unduly burdensome, seeks documents not in the possession, control or custody of Af-Cap, are protected by the attorney-client privilege or attorney work product doctrine, and is not reasonably calculated to lead to the discovery of admissible evidence. Under 10 Del. C. § 5031, Af-Cap has to demonstrate that it has a judgment in any court of record. Any information sought beyond that

defined scope exceeds the proper boundaries of discovery.

Subject to and without waiver of Af-Cap's general objections, Af-Cap has produced or will produce responsive, non-privileged documents. *See also* responses to Request Nos. 20-22, 26-27.

**REQUEST FOR PRODUCTION NO. 29:**

All documents reflecting, evidencing, or relating to alleged negligence by CMS Nomeco related to the Congo's royalty under the Convention or the debt owed by the Congo that is the subject of this Proceeding.

**RESPONSE:**

Af-Cap objects to this request on the grounds that it is overbroad and seeks documents not in the possession, control or custody of Af-Cap and that are protected by the attorney-client privilege or attorney work product doctrine. Af-Cap also objects on the grounds that the request is based on the faulty premise that Af-Cap has alleged CMS was negligent.

**REQUEST FOR PRODUCTION NO. 30:**

All documents reflecting, evidencing, or relating to alleged concealment by CMS Nomeco related to the Congo's royalty under the Convention or the debt owed by the Congo that is the subject of this Proceeding.

**RESPONSE:**

Af-Cap objects to this request on the grounds that it is overbroad and seeks documents not in the possession, control or custody of Af-Cap and documents that are protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiver of Af-Cap's general objections, Af-Cap states that documents previously produced by CMS evidence of concealment, including, but not limited to the November 25, 2002 letter of Jean-Michel Runacher, the corporate withdrawal papers filed in the State of Texas, the corporate withdrawal papers filed in the State of Delaware and the

incorporation papers filed in the Bahamas.

**REQUEST FOR PRODUCTION NO. 31:**

All documents reflecting, evidencing, or relating to alleged actions by CMS Nomeco in assisting the Congo in avoiding its obligations under the debt and Judgment that are subject of this Proceeding.

**RESPONSE:**

Af-Cap objects to this request on the grounds that is overbroad and seeks information not in the possession, control or custody of Af-Cap and documents that are protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiver of Af-Cap's general objections, Af-Cap states that documents previously produced by CMS evidence acts of collusion, fraud or negligence of CMS Nomeco in connection with the Congolese court orders issued in July 2005, including, but not limited to the November 25, 2002 letter of Jean-Michel Runacher, the Congolese court orders purporting to order CMS to deliver liftings to SNPC and Congo, related pleadings and appellate orders, correspondence between CMS and Congo concerning writs of garnishments and turnover orders issued by United States courts against Congo's royalty oil, the corporate withdrawal papers filed in the State of Texas and the State of Delaware, the incorporation papers filed in the Bahamas, the over-under schedules, and Joint Interest Billing Statement.

       Respectfully submitted,

       GREENBERG TRAURIG, LLP

       Donald J. Detweiler (No. 3087)
       Dennis A. Meloro (No. 4435)
       The Nemours Building
       1007 North Orange Street, Suite 1200
       Wilmington, DE 19801
       (302) 661-7000

and

GREENBERG TRAURIG, LLP
Ronald W. Kleinman
Sanford M. Saunders, Jr.
Kenneth P. Kaplan
800 Connecticut Ave., N.W., Suite 500
Washington, DC 20006
(202) 331-3100

Attorneys for Plaintiff