IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONNECTICUT BANK OF COMMERCE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-726 SLR |
| ) | |
| THE REPUBLIC OF CONGO ) | |
| ) | |
| Defendant, ) | |
| ) | |
| CMS NOMECO CONGO, INC., ) | |
| ) | |
| Garnishee. ) | |

### ORDER

At Wilmington this ____ day of January, 2007, IT IS HEREBY ORDERED as follows:

At the discovery conference conducted by the Court on January 18, 2007, and as confirmed by Order of the Court entered on January 19, 2007, the Court has determined that discovery should be stayed to allow the parties to brief various threshold legal issues as identified in open court at the January 18, 2007 discovery conference. The parties shall brief those threshold legal issues, which are set out below, in accordance with the procedures and schedule set out herein.

It is ORDERED that the parties shall brief the following threshold legal issues that will raised by way of a Motion for Judgment on the Pleadings to be filed by Garnishee CMS Nomeco Congo Inc. ("CMS Nomeco") and a Cross-Motion for Partial Judgment on the Pleadings to be filed by Af-Cap, Inc. ("Af-Cap"):

Issue 1:   Whether the writ of garnishment is valid under the FSIA.

Sub-issues under Issue 1:

    a.    Does CMS Nomeco have standing to raise the FSIA?

    b.    Was the Superior Court required to make fact findings in support of its authorizing Court order as described in the Fifth Circuit's decision in *FG Hemisphere Associates LLC v. Republic of Congo*, 455 F.3d 575 (5th Cir. 2006)?

    c.    Whether mere incorporation in Delaware is enough to put the Congo's royalty in the United States for purposes of the FSIA.

    d.    Whether either party is barred by *res judicata* or *collateral estoppel* by the Fifth Circuit decisions.

Issue 2: Whether non-monetary obligations are garnishable under Delaware law.

CMS Nomeco's Cross Motion for Judgment on the Pleadings, Af-Cap's Cross-Motions for Partial Judgment on the Pleadings, and the supporting briefing, shall not address any issues other than those identified above, and in particular, shall not address defenses based on the Congo court orders, including the defenses of double liability, foreign state compulsion, and act of state. To the extent resolution of those defenses and any other issues raised in the case remains necessary after the Court's resolution of the threshold legal issues described above, the Court will consider those defenses and other issues raised in this case, and the proper scope of any discovery

relating thereto, only after the Court has ruled on the threshold legal issues described above.

The parties shall make their filings in accordance with the following schedule:

1. On or before Friday, January 26, 2007, CMS Nomeco shall file its Motion for Judgment on the Pleadings and its Opening Brief in support thereof.

2. On or before Friday, February 9, 2007, Af-Cap shall file its Cross-Motion for Partial Judgment on the Pleadings, its Answering Brief in opposition to CMS Nomeco's Opening Brief, and its Opening Brief in support of its Cross-Motion for Partial Judgment on the Pleadings.

3. On or before Wednesday, February 21, 2007, CMS Nomeco shall file its Reply Brief in support of its Motion for Judgment on the Pleadings and its Answering Brief in opposition to Af-Cap's Cross-Motion for Partial Judgment on the Pleadings.

4. On or before Monday, March 5, 2007, Af-Cap shall file its Reply Brief in support of its Cross-Motion for Partial Judgment on the Pleadings.

The Court will hold oral argument on CMS Nomeco Congo Inc.'s Motion for Judgment on the Pleadings and Af-Cap's Cross-Motion for Partial Summary Judgment on the Pleadings in Courtroom 6-B on _____, 2007, at _____ a.m. / p.m.

_____
Sue L. Robinson, C.J.

3