# EXHIBIT A

# IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| CONNECTICUT BANK OF COMMERCE, | ) Delaware Judgment No. _____ <br> ) <br> ) Index No. 26671/99 <br> ) <br> ) SUPREME COURT OF THE STATE <br> ) OF NEW YORK <br> ) COUNTY OF KINGS <br> ) |
| Plaintiff, | ) <br> ) |
| vs. | ) <br> ) |
| THE REPUBLIC OF CONGO, | ) <br> ) |
| Defendants. | ) <br> ) |

## ASSIGNEE AF-CAP'S PRAECIPE/MOTION FOR WRIT OF GARNISHMENT

Pursuant to Superior Court Civil Rule 4 and Chapter 49 of Title 10 of the Delaware Code Annotated, Af-Cap, Inc. ("Af-Cap"), as assignee of plaintiff/judgment creditor Connecticut Bank of Commerce, by and through its undersigned counsel, hereby moves for an order directing the Prothonotary to issue a writ of attachment *fieri facias* against garnishee-Delaware-corporation CMS Nomeco Congo, Inc. ("CMS" or "Garnishee"), in accordance with the Foreign Sovereign Immunities Act ("FSIA"). The FSIA requires that this Court order the issuance of the requested writ of garnishment, as opposed to the Prothonotary issuing it without Court oversight.

## INTRODUCTION

1.   This is a proceeding in aid of execution on a default judgment in the amount of $13,628,340.11, plus interest and costs, entered in favor of Af-Cap against the Republic of Congo ("Congo") and Caisee Congolaise D'Amortissement ("CCA") (collectively, "Defendants").

2. On March 10, 2000, the Supreme Court of the State of New York, County of Kings, in Index No. 26671/99, entered an order signed on February 1, 2000 granting Plaintiff Connecticut Bank of Commerce, whose assignee is Af-Cap, a money judgment against Defendant The Republic of Congo for $13,628,340.11, plus interest and costs. Concurrently herewith, Af-Cap has filed an affidavit for conversion of the New York judgment to a Delaware judgment.

3. CMS is proper garnishee. First, it is a Delaware corporation. Second, under an agreement between Congo and CMS, as assignee dated May 25, 1979, CMS is authorized to exploit oil reserves in Congo in exchange for CMS's obligation to make royalty and other payments to Congo and its affiliates (the "Convention"). As per the Convention and CMS' exploitation of oil reserves thereunder, CMS has become indebted to Congo. CMS's obligation to Congo is subject to garnishment in the United States where the debt is located. *See Af-Cap, Inc. v. Republic of Congo et al.*, 383 F.3d 361, *modified* 389 F.3d 503, *cert. denied* 389 F.3d 503 (2004), *cert. denied* 125 S.Ct. 1735 (2005).

## ARGUMENT

### I.    The Applicable Legal Standards

4. A plaintiff who has a judgment in any court of record may seek to attach property of the judgment debtor that is held by a garnishee located in Delaware, including debts owed the judgment debtor by the garnishee. 10 *Del. C.* § 5031; *LNC Invest. Inc. v. Democratic Rep. of Congo*, 69 F. Supp.2d 607, 611 (D. Del. 1999); *Wilmington Trust Company v. Barron*, 470 A.2d 257, 262-63 (Del. 1983); *McNeilly v. Furman*, 95 A.2d

Case 1:05-cv-00762-SLR    Document 91-2    Filed 01/26/2007    Page 4 of 5
Received 11/(   )05 03:16PM in 13:02 on line [10] for GL06(    Pg 30/36
09/11/2005  22:18    0                                                                    PAGE  30

267, 270-71 (Del. 1953) The appropriate form for attachment of a debtor's property in the hands of a third party is a writ of garnishment. *LNC.*, 69 F. Supp. 2d at 611

## II.  Issuance Of A Writ Of Garnishment Is Permissible Under The FSIA

5. The FSIA provides that a court must oversee the issuance of writs in aid of execution against a foreign sovereign. Before attempting to serve an attachment in aid of execution on a judgment against a foreign state, a judgment creditor must first seek a determination from a court "that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter." 28 U.S.C. § 1610(c). Section 1608(c) provides that when a court enters a default judgment against a foreign state, the judgment creditor must serve a copy of the default judgment on the foreign state in the manner prescribed by § 1608. Thus, Af-Cap is entitled to the issuance of a garnishment writ if (i) it has served notice of the default judgment in the manner prescribed by Section 1608; and (ii) a reasonable period of time has elapsed since serving notice of the default judgment. Both requirements are satisfied here.

6. First, Af-Cap served the default judgment on Congo in the manner prescribed by Section 1608. *See* Exhs. A-B hereto

7. Second, there is no question that a reasonable period of time has elapsed since Af-Cap served notice of the default judgment upon Congo more than four years ago, and, accordingly, Af-Cap satisfies FSIA Section 1610(c).

8. The Prothonotary of the Superior Court may issue a writ of garnishment *See* Superior Court Civil Rule 4(a). As required by the FSIA, Af-Cap provided notice of the default judgment to Congo. The Act does not require that Af-Cap provide notice to

Congo that is seeking attachment in aid of execution. 28 U.S.C. § 1610(c); *see also Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 313 F.3d 70, 77-78 (2d Cir. 2002), *cert. denied* 539 U.S. 904 (2003). Nevertheless, Af-Cap will provide such notice in both English and French contemporaneous with this filing. Accordingly, this Court should that Af-Cap's request satisfies the FSIA requirements and order the Prothonotary to issue a writ of attachment *fieri facias* (garnishment) directed to CMS.

| **GREENBERG TRAURIG LLP** | **GREENBERG TRAURIG LLP** |
|---|---|
| Sanford M. Saunders, Jr. | |
| Kenneth P. Kaplan | Paul D. Brown (No. 3903) |
| 800 Connecticut Avenue, N.W. | Joseph B. Cicero (No. 4388) |
| Suite 500 | The Brandywine Building |
| Washington, DC 200006 | 1000 West Street, Suite 1540 |
| (202) 331-3100 | Wilmington, DE 19801 |
| | (302) 661-7000 |
| *Attorneys for Af-Cap, Inc.* | |
| | *Attorneys for Af-Cap, Inc.* |
| Dated: August 30, 2005 | |

DEL-FS1\147919v03