# Pepper Hamilton LLP
### Attorneys at Law

Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
302.777.6500
Fax 302.421.8390

James C. Carignan
direct dial: 302-777-6530
carignaj@pepperlaw.com

March 12, 2007

**VIA CM/ECF AND HAND DELIVERY**

The Honorable Sue L. Robinson
United States District Court for the District of
Delaware
J. Caleb Boggs Federal Building
Chambers of the Honorable Sue L. Robinson
844 King Street
Wilmington, DE  19801

    Re: **Connecticut Bank of Commerce v. Republic of Congo, Defendant, CMS Nomeco Congo, Inc., Garnishee (Civ. Act. No. 05-762 SLR)**

Dear Chief Judge Robinson:

  We write to respond to the letter from Mr. Detweiler, dated March 9, 2007, regarding Plaintiff's request that the above-referenced action be dismissed pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure.  As Your Honor knows, CMS Nomeco objects to dismissal pursuant to Federal Rule 41(a)(1), because: (i) CMS Nomeco has submitted an answer in this action, making it an 'adverse party' within the meaning of Federal Rule 41(a)(1); and (ii) CMS Nomeco intends to pursue recovery of substantial attorney's fees and costs incurred in this proceeding.

  In Mr. Detweiler's letter, Af-Cap asserts that it is entitled, unilaterally, to dismiss this proceeding based on a ruling in an unreported decision in another district court, <u>Fantasy Shipping Pool, Ltd. v. Simatech Marine S.A.</u>, No. 01 CIV 107251CSH, 2002 WL 1733662 (S.D.N.Y. July 25, 2002).  The <u>Fantasy Shipping</u> opinion is inapposite to the instant case, however, for several reasons.  First, the <u>Fantasy Shipping</u> court <u>held that the garnishees in that case were not "adverse" to the plaintiffs based on the specific facts of that case</u>.  As the court put it, the garnishees and plaintiff at issue were not 'adverse parties' because "garnishees were entirely indifferent to the underlying issues between Fantasy and defendant . . . The resolution of those issues, by litigation or settlement, would have no impact upon the property or any other interest of the garnishees." <u>Fantasy Shipping</u>, Mem. Op. at * 2.  That was not the case here,

Philadelphia Boston Washington, D.C. Detroit New York Pittsburgh

Berwyn Harrisburg Orange County Princeton Wilmington

www.pepperlaw.com

Pepper Hamilton LLP
Attorneys at Law

The Honorable Sue L. Robinson
Page 2
March 12, 2007

where Af-Cap sought to impose significant and independent liability upon CMS Nomeco. As stated in CMS Nomeco's Answer To Writ of Garnishment (D.I. 2) (the "Answer"), Af-Cap sought to impose liability on CMS Nomeco despite the orders of Congolese courts directing CMS Nomeco to deliver the oil that Af-Cap sought to garnish, and despite the fact that the Congo had threatened to terminate CMS Nomeco's concession to produce oil in the region. Because CMS Nomeco's own interests, separate and independent of the Congo's, were at risk, CMS Nomeco is an "adverse party" for purposes of Federal Rule 41(a)(1), both by a common-sense reading of the rule and under the analysis employed in Fantasy Shipping.

Second, conspicuously absent from Af-Cap's discussion of Fantasy Shipping is the court's ruling in that case that dismissal of that action did not divest the court of jurisdiction to consider the garnishees' claim to recover fees and expenses. Fantasy Shipping, Mem. Op. at * 3 (citing Cooter & Gell v. Hartmax Corp., 496 U.S. 384 (1990) (holding that voluntary dismissal of complaint did not divest court of jurisdiction to decide Rule 11 motion)). Rather, the court stated that it retained jurisdiction to consider a fee application (in that case, as to a limited discovery point) and gave the garnishees a period of time to file motion papers supporting such an application. Af-Cap's suggestion that dismissal of the underlying action would prevent CMS Nomeco from recovering its attorney's fees in this matter is directly contrary to the holding of Fantasy Shipping.

CMS Nomeco respectfully submits that, particularly given the absence of controlling case law on this issue, the most logical course of action is for the Court to hold the dismissal notice in abeyance and to hear any argument concerning the effectiveness or ineffectiveness of Af-Cap's dismissal notice along with CMS Nomeco's planned motion for fees, costs and expenses. As such, CMS Nomeco respectfully requests that this action remain open pending the Court's determination of CMS Nomeco's claim. CMS Nomeco is pleased to answer any questions the Court may have and thanks the Court for its attention.

Respectfully yours,

*/s/ J. Carignan*

James C. Carignan (Del. Bar No. 4230)

cc: Donald J. Detweiler, Esq.

#8394200 v2