IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------ x
: 
CONNECTICUT BANK OF COMMERCE,   :   Civil Action No. 05-762 SLR
: 
        Plaintiff,   :   **DECLARATION OF PATRICK H.**
        - against -   :   **MITCHELL IN OPPOSITION TO**
           :   **CMS NOMECO CONGO INC.'S**
THE REPUBLIC OF CONGO,   :   **MOTION FOR ATTORNEYS' FEES**
:
        Defendant,   :
:
CMS NOMECO CONGO INC.,   :
:
        Garnishee.   :
------------------------------------------------------------------ x

      PATRICK H. MITCHELL, declares pursuant to 28 U.S.C. § 1746, under penalty of perjury as follows:

      1.    I am Counsel to Af-Cap, Inc. ("Af-Cap"), the plaintiff in the above-captioned action. I am a licensed attorney, admitted to practice in the District of Columbia and the State of California. I make this declaration in opposition to the garnishee CMS Nomeco Congo, Inc.'s ("CMS") request for fees herein. It is based upon first hand knowledge I obtained in my position as Counsel.

      2.    I advised Af-Cap in its efforts to enforce its judgment obtained against the Republic of Congo ("Congo"). Those efforts included commencing enforcement proceedings where Congo's assets are located, including in the State of Delaware. During the course of these proceedings, in February of 2007, I and other representatives of Af-Cap engaged in settlement discussions with representatives of the Congo, in order to settle Af-Cap's and Walker Holdings International Ltd.'s ("Walker") judgments against Congo.

NY 238371135v1

3. These discussions culminated in a settlement agreement dated February 12, 2007 (the "Settlement Agreement"), among Af-Cap, Walker and Congo. A true and correct copy of the Settlement Agreement will be submitted to the Court for an in camera review, provided Af-Cap is permitted to do so. The parties agreed to keep this document confidential; however, CMS's baseless effort to collect fees in this matter has forced Af-Cap to defend itself by informing the Court of the fact that Af-Cap received a favorable result from Congo and, therefore, determined to resolve all collection efforts in exchange. In order to preserve further the confidentiality, the amounts paid will be redacted from the copy submitted, although I can represent to the Court that they were significant. Under the Settlement Agreement, Congo agreed pay Af-Cap and Walker on their judgments in exchange for Af-Cap and Walker withdrawing all of the legal proceedings currently pending between them and Congo, including this proceeding. In particular, the Settlement Agreement with Congo expressly recognizes plaintiffs' "numerous efforts worldwide to enforce the Af-Cap Judgment and the Walker Judgment" and provides that upon payment under the Settlement Agreement, "the creditors shall immediately take all necessary steps to terminate all ongoing judicial action for the enforcement of the Judgments."

4. Based on the statements made to us by the Congolese representatives during the settlement discussions, and my experience in enforcement proceedings, the pending litigation against Congo, including this proceeding, was a principal reason why Congo determined to finally resolve its disputes with Af-Cap and Walker by paying on the judgments against it.

5. I declare under penalty of perjury that the foregoing is true and correct.

Dated: Pensacola, Florida
April 12, 2007

_____
Patrick H. Mitchell